ADAM S. PARIS (SBN 190693)
parisa@sullcrom.com
RORY P. CULVER (SBN 271868)
culverr@sullcrom.com
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Tel.:        (310) 712-6600
Fax:        (310) 712-8800

DEBORAH GOLDEN (*pro hac vice* application forthcoming)
Deborah_Golden@washlaw.org
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, DC  20036
Tel.:        (202) 319-1000
Fax:        (202) 319-1010

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff David Bryant*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID BRYANT,

               Plaintiff,

      v.

UNITED STATES BUREAU
OF PRISONS,

HARLEY G. LAPPIN, in his
official capacity as Director of
the United States Bureau of
Prisons,

ROBERT E. MCFADDEN, in
his official capacity as Regional
Director of the United States
Bureau of Prisons Western
Region,

and

FRANCISCO J. QUINTANA, in
his official capacity as Warden of
USP Victorville,

               Defendants.

Case No.

CV11  0254  MRP  (DTBx)

**COMPLAINT FOR VIOLATIONS
OF THE REHABILITATION ACT
AND VIOLATIONS OF THE
FIRST, FIFTH, AND EIGHTH
AMENDMENTS**

FILED
CLERK, U.S. DISTRICT COURT
JAN - 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1   David Bryant ("Bryant"), by his undersigned counsel, for his complaint
2   against defendants the United States Bureau of Prisons (the "BOP"), Harley G.
3   Lappin, Robert E. McFadden and Francisco J. Quintana (collectively
4   "Defendants"), alleges as follows:

5                      **NATURE OF THE ACTION**

6          1.     This lawsuit arises from Defendants' failure to provide auxiliary aids
7   to allow effective communication, as required by federal law and the United States
8   Constitution, to Bryant, a deaf man in Defendants' custody at United States
9   Penitentiary ("USP") Victorville.

10         2.     Bryant has severe to profound sensorineural hearing loss in his left ear
11  and profound sensorineural hearing loss in his right ear. In his right ear, Bryant
12  cannot hear any sound. In his left ear, Bryant can hear some very loud noises.
13  With the use of hearing aids, which Bryant needs to wear daily, Bryant can hear
14  very little noise in his right ear and some noise in his left ear. If there is no
15  background noise and no interference from his hearing aids, Bryant can
16  occasionally hear a word spoken loudly in his left ear. Generally, however, he is
17  unable to hear any spoken words even with the use of the hearing aids and, under
18  no circumstances, can he hear or understand spoken conversation. Instead, the
19  hearing aids enable Bryant to better sense his surroundings by hearing noise or
20  loud sounds. Furthermore, the hearing aids do not work properly unless Bryant
21  receives new hearing aid batteries when the old batteries weaken or die. Bryant
22  currently uses Phonak PowerMAXX 411 hearing aids. With this hearing aid
23  model, new batteries typically weaken or die within a few days to a few weeks and
24  must be replaced in order for the hearing aids to function.

25         3.     Bryant's primary and native language is American Sign Language
26  ("ASL"). ASL is a complex language that employs signs made with the hands,
27  facial expressions and body language. ASL is a language distinct and different

28

-1-

**COMPLAINT**

1  from English—it is not simply English in hand signals.  ASL has its own

2  vocabulary and its own rules for grammar and syntax.

3      4.    English is a second language for Bryant.  As a result, Bryant's English

4  reading and writing skill level is much lower than that of a hearing person of

5  similar education.  Bryant is functionally illiterate, and for this reason reading and

6  writing do not provide an effective method of communication for Bryant.

7      5.    Bryant's ability to lip-read is extremely limited and even less effective

8  than written communication.  In general, it is extremely difficult to lip-read

9  English because only a small fraction of the sounds used in speaking are clearly

10  visible on the mouth and many sounds appear identical on the lips.  In addition to

11  the difficulties in lip-reading, the ability to accurately lip-read is affected by the

12  speaker's facial bone structure, facial musculature, facial hair, lighting and other

13  external factors.  Moreover, even if Bryant were able to lip-read, he would not

14  necessarily understand the English language or the vocabulary the speaker was

15  using.

16      6.    For these reasons and others, Bryant does not understand or

17  communicate effectively in written or spoken English.  Instead, Bryant requires a

18  qualified ASL interpreter to communicate effectively with persons who do not

19  know and use ASL.

20      7.    Furthermore, Bryant cannot use the telephone in the same way as a

21  hearing person, and requires either a telecommunication device for the deaf

22  ("TDD" or "TTY") or a videophone.

23      8.    A TTY allows people to send written messages back and forth to each

24  other by telephone.  When both users have TTYs, they can communicate directly

25  over telephone lines. When one person does not have a TTY, a

26  Telecommunications Relay Service ("TRS") operator reads aloud the written

27  messages from the TTY user and transcribes the non-TTY user's verbal response.

28  Though a TTY is a helpful communication tool, it ultimately relies on the user's

1   ability to communicate in written English and, in all events, is a much more time-

2   intensive communication tool than the telephone.  The TTY is 60-year-old

3   technology, and has been for the most part supplanted by the videophone.  Most

4   deaf individuals no longer have TTYs, and communicate on telephone solely by

5   videophone.

6        9.     A videophone is a telephone with a camera and screen for visual, real-

7   time communication.  Thus, a videophone is a far more effective auxiliary aid for

8   deaf individuals like Bryant who use ASL as a primary means of communication,

9   both because it depends upon ASL skills instead of written skills for

10   communication, and because without a videophone there is no way to contact most

11   deaf individuals outside the prison system who no longer own TTYs.  Like the

12   TRS system, there is now a Video Relay Service ("VRS"), so that communication

13   can be accomplished by videophone between an ASL user and a hearing, non-ASL

14   user through a relay operator who is a qualified ASL interpreter.  However, under

15   the current system one cannot place a call from a TTY to a videophone through

16   any relay service.

17        10.    Defendants continually have failed to provide Bryant with a qualified

18   ASL interpreter and other reasonable auxiliary aids and services resulting in Bryant

19   being:

20
21           •    unable to communicate effectively with health care providers and mental health professionals, raise medical issues, discuss mental health concerns, or understand the treatments and medications they prescribe;
22

23           •    excluded from participating in the same educational, vocational and rehabilitation classes and work programs as hearing prisoners;
24

25           •    deprived of knowledge or understanding of prison-wide safety and/or emergency announcements;

26
27           •    deprived of knowledge or understanding of prison counts, meals and other important daily prison activities;

28           •    unable to communicate effectively with correctional officers ("COs") and other prison staff;

-3-

1        •    subject to disciplinary action stemming from Defendants'
        refusal to accommodate his deafness;

2        •    unable to communicate effectively during such disciplinary

3           action hearings;

4        •    attacked by other inmates for attempting to activate closed-
        captioning on the television in his unit; and

5        •    prevented from contacting family, friends and his attorneys.

6       11.    Bryant officially informed Defendants of their failure to provide

7   proper and effective communication and the resulting problems by using the

8   BOP's administrative remedy process and through letters from his counsel.  More

9   generally, Bryant's struggles as a deaf prisoner serve as daily requests for aid.

10   Defendants denied Bryant's administrative remedy requests and his near-daily

11   informal requests for auxiliary aids and services making this lawsuit necessary.

12   Additionally, Bryant has been transferred twice in retaliation for seeking the

13   needed auxiliary aids through the BOP's administrative remedy process, further

14   necessitating this lawsuit.

15       12.    Bryant now seeks from the Court the same auxiliary aids and

16   remedies that Defendants refuse to provide:

17        •    a qualified ASL interpreter to help him communicate
        effectively with prison staff, educational and vocational

18           instructors, work program managers and coordinators, medical
        staff, healthcare providers, mental health professionals and

19           pharmacists, and disciplinary officers;

20        •    non-aural, non-written notification of emergencies or other
        important events and announcements, e.g., a vibrating pager;

21        •    batteries for Bryant's hearing aids as needed;

22        •    access to telecommunication devices appropriate for the deaf,
        such as a videophone or TTY, equal to the telephone privileges

23           of hearing inmates; and

24        •    safe access to a television enabled with closed-captioning,
        commensurate with the television privileges afforded to other

25           inmates.

26   In the alternative to his receiving these requested auxiliary aids and services at

27   USP Victorville and any other BOP institution where Bryant may reside, Bryant

28

-4-

COMPLAINT

1  requests a transfer to another prison, state or federal, with deaf inmates and

2  programs for the deaf similar to those listed above.

3  ## JURISDICTION AND VENUE

4      13.    This Court has subject matter jurisdiction over this action pursuant to

5  28 U.S.C. § 1331 because this action arises under the Constitution and laws of the

6  United States.

7      14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §

8  1391(e) because Bryant and some or all of the Defendants reside in this district,

9  and a substantial part of the events and omissions giving rise to Bryant's claims

10  occurred in this district.

11  ## THE PARTIES

12  **A.    Plaintiff**

13      15.    Bryant is currently serving a life sentence at USP Victorville in

14  Adelanto, California.  He is 45 years of age.  Bryant has been at USP Victorville

15  since March 2010.  Previously, Bryant was incarcerated at USP Hazelton in

16  Bruceton Mills, West Virginia, from August 2005 to October 2009, and USP

17  Coleman I in Coleman, Florida, from November 2009 to March 2010.

18  **B.    Defendants**

19      16.    The BOP is the federal executive agency responsible for the

20  supervision and custody of over 200,000 inmates, including Bryant.  The BOP is

21  headquartered in Washington, D.C.

22      17.    Harley G. Lappin ("Director Lappin") is the Director of the BOP.  He

23  is responsible for the oversight and management of the BOP's 115 institutions and

24  for the safety and security of the more than 200,000 inmates under the agency's

25  jurisdiction, including the BOP's policies and practices regarding the treatment of

26  and services provided to disabled inmates.  He is aware of the BOP's and USP

27  Victorville's policies and practices regarding disabled individuals and, more

28  specifically, Defendants' failure to accommodate Bryant's deafness in USP

-5-

1    Victorville's programs and services, including the administrative remedy program.

2    He is sued in his official capacity.

3        18.    Robert E. McFadden ("Regional Director McFadden") is the Regional

4    Director of the BOP's Western Region.  He is responsible for the "development,

5    approval, implementation, monitoring and evaluation of policies, operations and

6    programs" for the 11 federal institutions and three complexes in the Western

7    Region, including USP Victorville.  He is aware of the BOP's and USP

8    Victorville's policies and practices regarding disabled individuals and, more

9    specifically, Defendants' failure to accommodate Bryant's deafness in USP

10   Victorville's programs and services, including the administrative remedy program.

11   He is sued in his official capacity.

12       19.    Francisco J. Quintana ("Warden Quintana") is the warden of USP

13   Victorville  and is responsible for the day-to-day operations of the prison.

14   Pursuant to the BOP's Program Statement ("PS") 1330.16, entitled the

15   "Administrative Remedy Program," Warden Quintana is also "responsible for the

16   implementation and operation of the Administrative Remedy Program at the . . .

17   institution[al] level[]," including "ensur[ing] that reasonable accommodation[s]"

18   are available "in order for an inmate with a disability to prepare and process" an

19   administrative remedy request or appeal.  (PS 1330.16 §§ 542.11(a), 542.16(b).)

20   He is aware of the BOP's and USP Victorville's policies and practices regarding

21   disabled individuals and, more specifically, Defendants' failure to accommodate

22   Bryant's deafness in USP Victorville's programs and services, including the

23   administrative remedy program.  He is sued in his official capacity.

24       20.    At all times relevant to this action, Director Lappin, Regional Director

25   McFadden and Warden Quintana were acting pursuant to their authority as an

26   official, agent, contractor or employee of the United States.

27

28

-6-

**COMPLAINT**

## STATEMENT OF FACTS

A.   **USP Hazelton (August 2005 – October 2009)**

    i.   **Lack of Effective Communication and Auxiliary Aids and Services**

21.   Bryant entered USP Hazelton in August 2005.  Within his first week at the prison, USP Hazelton staff recognized that without the aid of a qualified ASL interpreter and the other auxiliary aids that Bryant seeks, Bryant had problems communicating with staff and participating in the same activities and programs as hearing inmates.

22.   On or about August 5, 2005, Jennifer L. Tennant—an Assistant Clinical Scientist Officer associated with USP Hazelton—performed a psychological evaluation of Bryant, noting, among other things, that he is "deaf and mute."  No ASL interpreter was provided and Ms. Tennant had difficulty communicating with Bryant.  According to a psychological evaluation prepared by Ms. Tennant:

> [T]he interview was conducted via lip reading and writing.  Inmate Bryant indicated he could not read the PSIQ, so the questions were asked of him. Communication with Inmate Bryant was challenging since he indicated he could only read lips "a little bit" and reported difficulty reading the PSIQ.

23.   On or about October 18, 2005, Bryant was reevaluated by Ms. Tennant with the aid of an ASL interpreter.  At this session, Ms. Tennant was able to communicate with Bryant because the ASL interpreter was able to explain Ms. Tennant's questions and communicate Bryant's answers.  However, because of Bryant's prior visits with medical personnel without the aid of a qualified ASL interpreter, Bryant did not know his current medications or psychiatric history. Ms. Tennant noted in her evaluation of Bryant:

**COMPLAINT**

1
2
3
4
5

Bryant presented without acute distress and reported some negative somatic side effects from his current medication regimen of Haldol, Trazodone, Prolixin, Prozac and Cogentin. When questioned about his psychiatric history and the rationale for his being prescribed all of these medications he was largely unable to provide any useful information. This was likely a combination of unfamiliarity with his medications and communication difficulties.

6  After successfully communicating with Bryant through a qualified ASL interpreter,

7  Ms. Tennant decided to adjust Bryant's drug regimen, with the goal of weaning

8  him off the medications entirely.

9      24.    Also on October 18, 2005, Shannon R. Toothman, a Psychology

10  Technician associated with USP Hazelton, conducted a separate psychiatric

11  evaluation of Bryant without the aid of a qualified ASL interpreter. Ms. Toothman

12  noted in the psychiatric evaluation that Bryant "was unable to accurately discuss

13  his [medical] history." Ms. Toothman also noted that Bryant "may have been

14  given medication for what appeared to be agitation, likely related to difficulty

15  communicating."

16      25.    Upon information and belief, following Bryant's appointments on

17  October 18, 2005, USP Hazelton never again provided to Bryant the means to

18  communicate effectively with medical personnel or any other members of prison

19  staff or administration.

20      26.    On or about December 6, 2005, in a subsequent psychological

21  evaluation conducted without an ASL interpreter, Ms. Tennant noted that Bryant

22  "continues to miss callouts and has to be tracked down for appointments."

23      27.    On or about February 1, 2006, Ms. Tennant performed another

24  psychological evaluation of Bryant, again without an ASL interpreter. In that

25  evaluation, she noted that "[c]ommunication with Bryant remains a challenge as he

26  is quite difficult to understand verbally or via signing (this author does not know

27  ASL)." Nevertheless, Ms. Tennant noted that Bryant reported symptoms of

28  "increased sadness and frustration" and "increased difficulty sleeping."

COMPLAINT

28.   While incarcerated at USP Hazleton, Bryant was unable to participate in education programs.  For example, on or about November 2006, Bryant enrolled in USP Hazelton's "Drug Education Correction Course," but was unable to effectively participate in that program because of the lack of a qualified ASL interpreter.  An evaluation of his performance dated November 9, 2006 reveals that "[c]ommunication between [Bryant] and staff is conducted through written medium" and that Bryant "has difficulty understanding the concepts."  (Lachance Performance Evaluation, Nov. 9, 2006 (attached as Ex. 1).)  As Bryant does not communicate effectively in "written medium" and no qualified ASL interpreter was provided, he had difficulty understanding the concepts expressed in written and spoken English.

29.   Upon information and belief, the BOP had an "IP Video Network" since at least 2002 which is utilized for, among other things, "conducting daily conferences in telemedicine and telepsychiatry."  In combination with Video Remote Interpreting ("VRI") – video interpreting accomplished by use of video conference technology over high-speed internet lines – this network could easily have been used to allow Bryant to communicate with medical staff, healthcare providers, mental health professionals and pharmacists.

30.   Upon information and belief, at the time of Bryant's incarceration at USP Hazelton, USP Hazelton was in negotiation, if not already under contract, with West Virginia University ("WVU") to have WVU provide educational classes at USP Hazelton through an interactive video network.  Such a system could have been used, in combination with USP Hazelton's use or knowledge of an interactive video network for educational programming, to allow Bryant to communicate with educational and vocational instructors.

31.   Bryant also missed important official announcements because USP Hazelton did not provide him the reasonable auxiliary aid of a non-aural method of notification, e.g., a vibrating pager.  Bryant was then punished for missing these

-9-

official announcements and was isolated from the general prison population. For example, on or about June 27, 2007, Bryant was not made aware of an announcement that it was time for the inmates to line up to go to the cafeteria. The announcement was made verbally, and no CO alerted Bryant that it was meal time. A short while later, Bryant asked to be taken to the cafeteria on his own, but the CO refused. According to an "Incident Report" authored by an unknown USP Hazelton employee, Bryant "threatened" the CO and, as punishment, was sent to the Special Housing Unit ("SHU"). The incident report notes the following statement from Bryant (although it is unclear by what method of communication it was provided): "I didn't hear him call end of move. I got mad because I wanted to go eat. I was wrong, but I wanted to go eat." (Incident Report, June 28, 2007 (attached as Ex. 2) at 57[1].)

32.    USP Hazelton staff also interfered with Bryant's use of his hearing aids. Hearing aids will at times emit a high-pitched ring, which is caused by feedback from lack of a proper fit or electronic or mechanical problems with the hearing aid. Because Bryant is deaf, he cannot hear when feedback is emitted from his hearing aids. Upon information and belief, in early February 2009, a CO communicated to Bryant that Bryant's hearing aids were ringing and Bryant would be put in the SHU for eight months unless he took out his hearing aids.

33.    At least one CO employed at USP Hazelton during Bryant's incarceration knew and understood some ASL. Despite Bryant's repeated requests for a qualified ASL interpreter to help him communicate with prison staff and to participate in prison programs (*see, e.g.*, ¶¶ 35, 42, 43, 46, 48, 49, 52, *infra*), USP Hazelton refused even to assign this CO to Bryant's unit.

---

[1] The exhibits attached to this complaint are paginated consecutively to the principal document, per Local Rule 11-5.2. Pin citations in this complaint reference the consecutive page number.

## ii.   Bryant's Failed Attempts to Use the Administrative Remedy Process at USP Hazelton

34.     The BOP has a four-step Administrative Remedy Process.  It is described in 28 C.F.R. Part 542, BOP PS 1330.16 and individual institutional supplements.

35.     On or about October 17, 2007, Bryant filed an "Inmate Request to Staff" and an "informal resolution form" ("BP-8").   In his "Inmate Request to Staff," Bryant wrote:  "I heard all staff give hard time not by understanding my communicate's sign language."  (Inmate Request to Staff, Oct. 17, 2007 (attached as Ex. 3).)  In his BP-8, Bryant wrote "I am deaf" in large letters in the top margin. In that BP-8, Bryant also wrote that he could not communicate effectively with prison staff and requested an ASL interpreter, access to closed-captioned television and a transfer to a medical facility better equipped to accommodate his deafness:[2]

> Please please I need interest talk to your heart will understand how my feeling Also I am feeling sorry about 29 point Not accept go to F.C.I. in Morgantown, WVA for program or mental health program F.C.I. that why But usp don't understand my communicate's sign language Not my fault.

> I am deaf must caption closed on TV Also Interpreter with Education go to Morgantown WVA F.C.I. or program special mental health F.C.I. will help to me. This usp not accept my sign language or get into Frustrated by my communicate's from usp will get misunderstand.

(BP-8, Oct. 17, 2007 (attached as Ex. 4).)

36.     On or about November 3, 2007, Joe D. Driver, then the Warden of USP Hazelton, dismissed Bryant's request for auxiliary aids without actually

_____

[2]     Bryant's request to be transferred to a medical facility better equipped to accommodate his disability was based on his firsthand knowledge of such a facility.  From approximately 1986 to 1991, Bryant was incarcerated at Federal Medical Center Butner ("FMC Butner") in Butner, North Carolina.  FMC Butner provided Bryant an ASL interpreter so he could participate and utilize certain prison programs and services, including educational programs, and also provided Bryant safe access to television with closed-captioning.  The treatment Bryant received at FMC Butner demonstrates that the BOP is both aware of deaf prisoners' need for accommodations and fully capable of providing them.

1  addressing any of his concerns: "Staff at USP Hazelton have worked with you and
2  assisted you in the last 26 months to ensure your legitimate needs are met."
3  (Inmate Request to Staff Response, Nov. 3, 2007 (attached as Ex. 5) at 64.)  In
4  fact, USP Hazelton had refused to accommodate the "legitimate needs" that Bryant
5  listed in his complaint.

6      37.   On or about December 21, 2007, Bryant filed two additional BP-8s—
7  this time with the assistance of counsel and a qualified ASL interpreter.

8      38.   In the first BP-8 submitted on December 21, 2007, Bryant stated that
9  "[a]s a deaf man, I am unable to participate in the programs offered at this facility"
10  and asked for an auxiliary aid that would allow him to participate in "Adult GED,
11  Adult Continuing Education, and other programs that would further my
12  rehabilitation."  Bryant also stated that, although the televisions in his unit were
13  equipped for closed-captioning, "the other inmates in the facility do not like it
14  when it is used because it hides part of the screen."  Bryant requested "to be
15  afforded the same rights and privileges that the hearing inmates are afforded."
16  (BP-8, Dec. 21, 2007 (attached as Ex. 6).)

17     39.   In the second BP-8 submitted on December 21, 2007, Bryant noted
18  that USP Hazelton went on "Emergency Lock-down status" that day.  Bryant wrote
19  that emergencies such as a lockdown are particularly dangerous for him because he
20  cannot "hear and respond to" alarms or verbal warnings.  Bryant requested that he
21  be transferred to a medical facility to avoid this danger.  (BP-8, Dec. 21, 2007
22  (attached as Ex. 7).)

23     40.   Bryant has no record of responses to the BP-8s he filed on
24  December 21, 2007.

25     41.   On or about June 1, 2008, Bryant filed an "Inmate Request to Staff"
26  without the assistance of counsel, again requesting a transfer to another prison
27  where he might have access to an Adult GED program, an Adult Continuing
28  Education program and other programs to further his rehabilitation.  His request

-12-

1    was denied on or about June 4, 2008 by "H. Boyles"—upon information and

2    belief, a health services administrator at USP Hazleton—who noted that "[t]here is

3    no medical reason to transfer you." (Inmate Request to Staff Disposition, June 4,

4    2008 (attached as Ex. 8).)

5          42.    On or about June 4, 2008, Bryant filed a formal request for an

6    administrative remedy ("BP-9"). In this BP-9, Bryant noted that he is deaf and that

7    his lawyer helped him draft his request. Bryant requested an interpreter to help

8    him access programs. (BP-9, June 4, 2008 (attached as Ex. 9).) Specifically,

9    Bryant asked for auxiliary aids so that he could: (i) participate in educational and

10   vocational programs, (ii) communicate with other staff members, (iii)

11   communicate with other inmates, (iv) access appropriate medical and mental health

12   care, and (v) enjoy television with closed-captioning enabled. (*Id.*)

13         43.    On or about June 11, 2008, Bryant filed a Regional Administrative

14   Remedy Appeal ("BP-10") and a Central Office Administrative Remedy Appeal

15   ("BP-11") on the same day, again without the assistance of counsel. The two

16   forms requested the same relief:

17                  I am deaf in USP Hazelton.  BOP refuse get me transfer
                    for medical care F.C.I. programs
18                  No interpreter
                    No closed captioning
19                  No mental health care
                    No medical care
20                  No programs educational
                    No programs vocational
21
                    Thank you
22                  Respect

23   (BP-10, June 11, 2008 (attached as Ex. 10); BP-11, June 11, 2008 (attached as

24   Ex. 11).) Bryant has no record of responses to these appeals.

25         44.    Bryant continued to utilize the BOP's administrative remedy process,

26   filing eight administrative remedy requests and appeals between October 2008 and

27   January 2009, all resulting in failed attempts to resolve the problems he

28   experienced at USP Hazelton. As a result of not receiving auxiliary aids to assist

                                       -13-

1   him in understanding and using the administrative remedy process, Bryant's

2   requests were rejected time and again based on procedural technicalities, including

3   that Bryant had directed his request to the wrong department or had failed to file

4   his requests or subsequent appeals at the correct institutional level.

5       45.   On October 1, 2008, Bryant filed a BP-9 complaining about the lack

6   of proper medical programs at USP Hazelton and requesting a transfer to a medical

7   facility: "Please I need you will see this trust its still get go to transfer Also I am

8   complain about for facility medical programs prison." (BP-9, Oct. 1, 2008

9   (attached as Ex. 12).)  Bryant also included citations to two Fourth Circuit

10  decisions, noting that "this complaint is Brought over the denial of a transfer to

11  USP Canaan for Medical Reason of being Hearing Impaired." (*Id.*)

12      46.   On October 7, 2008, Bryant filed another BP-9, again noting that USP

13  Hazelton had not accommodated his disability:

14          USP Hazelton refused give me go to the No interpreter,
            No medical care, No mental health care, No closed
15          caption TV.  That all.  Thank you Respect  Please get
            figure out for me go to programs.
16

17  (BP-9, Oct. 7, 2008 (attached as Ex. 13).)

18      47.   On October 20, 2008, Bryant filed another BP-9 requesting a transfer

19  to a prison where he might have access to the basic services and programs to which

20  he was denied at USP Hazelton:

21          I am go to the computer in the library, I was find lots
            deaf of correctional facility's unit also still good about
22          medical care [and] mental health care, other education
            mental health of the deaf.
23

24  (BP-9, Oct. 20, 2008 (attached as Ex. 14).)  Bryant also stated that it would be
    "real good for me go to programs facility." (*Id.*)

25      48.   On November 6, 2008, Bryant filed a BP-8, drafted with the

26  assistance of counsel, complaining that "I am deaf and need interpreters to

27  communicate effectively with healthcare providers, program providers, instructors

28  of classes, clerics, and other people who provide services to inmates." (BP-8,

-14-

1    Nov. 6, 2008 and response, Nov. 21, 2008 (attached as Ex. 15).)  Upon information

2    and belief, Bryant's counselor indicated on the BP-8 that his request should be

3    referred to "Health Services" and "Correctional Services." (*Id.*)  H. Boyles

4    rejected Bryant's request on November 21, 2008, advising Bryant to "speak with

5    Education.  Health Services does not do this." (*Id.*)

6            49.    On November 9, 2008, Bryant filed two BP-9s, drafted with the

7    assistance of counsel.  In the first BP-9, Bryant stated: "I cannot hear the alarm in

8    my cell always.  I want a strobe and/or vibrating alarm in my cell." (BP-9, Nov. 9,

9    2008 (attached as Ex. 16).)  In the second BP-9, Bryant wrote: "I am deaf and

10   need an ASL interpreter to communicate effectively with healthcare providers,

11   instructors of classes, clerics, and other people who provide services to inmates."

12   (BP-9, Nov. 9, 2008 (attached as Ex. 17).)  Bryant filed a BP-10 and a BP-11 on

13   December 16, 2008 and January 20, 2009, respectively, both worded identically to

14   his BP-9 that requested an ASL interpreter.  (BP-10, Dec. 16, 2008 (attached as Ex.

15   18); BP-11, Jan. 20, 2009 (attached as Ex. 19).)  On February 5, 2009, the

16   administrative remedy coordinator at the BOP's Central Office rejected Bryant's

17   Jan. 20, 2009 BP-11 because he "submitted [his] request to the wrong level. . . .

18   [Bryant] must first file a BP-9 request through the institution for the warden's

19   review and response before filing an appeal at this level." (BP-11 Response, Feb.

20   5, 2009 (attached as Ex. 20) at 95.)

21           iii.    **Bryant Uses the Administrative Remedy Process at USP**
                    **Hazleton with the Aid of ASL Interpreters Hired by His**
22                  **Counsel**

23           50.    In June 2009, Bryant retained additional counsel to assist him in

24   means of effective communication because all of his previous attempts to get

25   reasonable auxiliary aids for his deafness were denied.  Before Bryant's new

26   counsel was engaged, however, Bryant was already confined to the SHU.

27           51.    On July 24, 2009, Bryant's counsel wrote to James Cross, then

28   Warden of USP Hazelton ("Warden Cross").  The letter advised Warden Cross of

-15-

1   Bryant's deafness and explained that counsel had "been retained by Bryant to

2   enforce his rights under Section 504 of the Rehabilitation Act, including . . . the

3   rights of reasonable accommodation for his disability and effective

4   communication." (Letter to Warden Cross, July 24, 2009 (attached as Ex. 21) at

5   97.)  The July 24, 2009 letter also advised Warden Cross that Bryant would seek

6   auxiliary aids through the administrative remedy process and requested that

7   consistent with Section 10(b) of PS 1330.16 (see ¶ 19)—which requires that the

8   Warden provide "assistance . . . includ[ing] provision of reasonable

9   accommodation for an inmate with a disability to prepare and process a Request or

10  an Appeal"—Bryant be given the accommodation of having his lawyers sent a

11  copy of any response to his administrative remedy requests. (*Id.*)  In the

12  alternative (and consistent with Section 10(b)), the July 24, 2009 letter requested

13  that a qualified ASL interpreter assist Bryant in reviewing any administrative

14  responses and completing any subsequent administrative remedy forms. (*Id.* at

15  98.)  These accommodations are necessary because, though Bryant can connect

16  with his counsel via TTY and TRS when available, he cannot understand legal

17  advice provided in a medium dependent upon his ability to read and write English

18  (nor can he communicate effectively with counsel).  The same obstacles prevent

19  effective communication through the mail.  Additionally, the timelines for

20  appealing administrative remedy responses are short, and mail is often delayed,

21  especially when the prisoner is in the SHU.  Thus, without these accommodations

22  or access to a videophone and VRS, the only effective method for Bryant and his

23  counsel to communicate regarding the administrative remedy process is for

24  Bryant's counsel to visit him in person with a qualified ASL interpreter.  However,

25  such visits are expensive and very difficult to coordinate within the short time

26  frame that the prison and BOP allot for inmates to appeal rejected requests.

27          52.    On July 30, 2009, Bryant's counsel visited him accompanied by a

28  qualified ASL interpreter.  With the assistance of counsel and the interpreter,

-16-

**COMPLAINT**

1   Bryant filled out seven BP-8s that he filed later that day.  (BP-8s, July 30, 2009

2   (attached as Ex. 22).)  The forms largely reiterated the same issues that Bryant had

3   pursued through the administrative process on his own for more than a year:

4          •   An inability to communicate with prison staff, including
5              medical and mental healthcare professionals.  (*Id.* at 101, 106.)

6          •   An inability to participate in educational, vocational and prison
              work programs.  (*Id.* at 102-03.)

7          •   An inability to hear alarms and announcements, including calls
8              for line-up.  (*Id.* at 100.)

9          •   No access to television with closed-captioning.  (*Id.* at 105.)

10  To remedy these problems, Bryant requested many of the same reasonable

11  auxiliary aids as he requests here:  a qualified ASL interpreter to help him

12  understand and communicate with prison staff and participate in prison programs,

13  a vibrating alarm or pager to alert him to important safety warnings and daily

14  announcements and access to a television enabled with closed-captioning.  In the

15  alternative, Bryant requested that he be transferred to a prison with deaf inmates

16  and special programs for the deaf.

17      53.    On or about August 12, 2009, R.E. Milton, Bryant's unit manager,

18  rejected all of Bryant's requests.  (BP-8 Responses, Aug. 12, 2009 (attached as Ex.

19  23).)

20          •   *Regarding Bryant's request for an ASL interpreter to*
21              *communicate with medical and mental healthcare*
              *professionals*: Health Services staff "have attempted to work
22              with you to overcome your disability by exchanging and
              sharing written messages.  It appeared this procedure was
23              mutually successful and there was an understanding obtained
              between you an [*sic*] Health Services staff.  It is unfortunate,
24              you are beginning to experience problems communicating.
              Currently, however, we do not have staff who are skilled in
25              ASL.  Nevertheless, this maybe [*sic*] a skill that we could
              explore in more detail when new staff or new hires are being
26              considered for employment at USP Hazelton."  (*Id.* at 109.)

27

28

-17-

1

- *Regarding Bryant's request for an ASL interpreter to communicate with educational and vocational instructors and other students*: Educational Services staff "have indicated they have attempted to work with you in the past and provide you with educational programs based on your special needs. However, it appears you have demonstrated very little motivation to engage with the educational staff to assist you in educational and vocational programming." (*Id.* at 111.)

2

3

4

5

- Regarding Bryant's request for strobe or vibrating alarms, a vibrating pager, or an ASL interpreter to inform him of important warnings and announcements and to help him communicate with COs: "As an inmate you are under constant supervision by correctional staff. In case of emergencies and or alarms staff are accountable for your whereabouts and will insure [sic] you are notified and your safety maintained. In addition, fire alarms meet visual compliance with strobe and inmates are not allowed to possess any electronic device that is not approved by the Federal Bureau of Prisons." (*Id.* at 113.)

6

7

8

9

10

11    54.    On August 13, 2009, Bryant's counsel visited Bryant at USP Hazelton

12   with a qualified ASL interpreter. On that visit, Counselor Paul Marrero told

13   Bryant's counsel that Paul Layer, BOP Associate General Counsel, had sent an

14   email to Warden Cross asking why Bryant had not been provided with an ASL

15   interpreter. Counselor Marrero informed Bryant's counsel that USP Hazelton was

16   preparing a response. Neither Bryant nor his counsel ever received any

17   communication from Associate General Counsel Layer or any additional info

18   regarding his email to Warden Cross. Bryant also never received the interpreter

19   that he requested.

20    55.    On or about August 18, 2009, Bryant submitted seven BP-9s,

21   repeating to Warden Cross the same requests that he had made in the July 30, 2009

22   BP-8s. These BP-9s were submitted as attachments to another letter from Bryant's

23   counsel to Warden Cross. (Letter to Warden Cross and attached BP-9s, Aug. 18,

24   2009 (attached as Ex. 24).) That letter again requested that Bryant be given the

25   accommodation of having his lawyers sent a copy of any response to his

26   administrative remedy requests. (*Id.*) Because USP Hazelton had failed to provide

27   Bryant the accommodations requested by the July 24, 2009, and August 18, 2009

28   letters, Bryant was forced to mail the BP-8 responses to his counsel and they

-18-

1  arrived after the August 13, 2009 legal visit.  It would have been impossible to

2  attach the BP-8 responses to the August 18, 2009 BP-9s and mail them back to

3  Bryant in time for him to file them within the prison's filing deadline, so Bryant's

4  counsel mailed them on Bryant's behalf.

5        56.  In a letter dated August 31, 2009 and mailed almost two weeks later,

6  Warden Cross responded to both Bryant's counsel's July 24, 2009 letter and

7  Bryant's August 18, 2009 BP-9s and the letter that accompanied them.  Despite

8  Bryant's demonstrated inability to complete the administrative remedy process on

9  his own over the past three years or communicate with staff, Warden Cross wrote

10  that "Bryant ha[d] complete access to the Administrative Remedy Program" and

11  that Bryant had been able "to resolve numerous issues" through "written

12  correspondence" with staff.  (Warden Cross Letter, Aug. 31, 2009 (attached as Ex.

13  25) (without enclosures).)  Warden Cross also refused to copy Bryant's counsel on

14  all responses to Bryant's administrative remedy requests, or otherwise

15  accommodate Bryant's communication with his counsel, on the basis of his belief

16  that Bryant could communicate with counsel via email,[3] mail or by a TDD.  (*Id.* at

17  143-44.)

18        57.  Warden Cross then denied the BP-9s, although timely submitted,

19  because, according to Warden Cross, Bryant had not used "the program in good

20  faith" or "in an honest and straightforward manner."  (*Id.* at 143.)  It appears that

21  Warden Cross was referring to Bryant's use of counsel and a qualified ASL

22  interpreter.  Warden Cross wrote that "in order to maintain the integrity of the

23  Administrative Remedy program," Bryant needed to "personally provide staff with

24  the completed Administrative Remedy for processing."  (*Id.*)  At no point did

25  Warden Cross acknowledge his failure to timely respond to the requests made in

26

27     [3]    Although the BOP sometimes provides inmates access to email for a fee, it
is always monitored and not subject to attorney-client confidentiality.

28  Furthermore, Bryant has no access to email while he is in the SHU.

**COMPLAINT**

1   the July 24, 2009 letter or in any way accommodate Bryant's use of the

2   administrative remedy process.  Even assuming that it was somehow improper for

3   Bryant's counsel to mail the BP-9s that Bryant completed (during an attorney visit

4   with the aid of a qualified ASL interpreter), it was Warden Cross's refusal to

5   provide Bryant with a qualified ASL interpreter or other assistance required by

6   Section 542.16(b) of PS 1330.16 that necessitated Bryant's counsel to mail the BP-

7   9s.  Thus, Warden Cross continued to demand Bryant's strict compliance with the

8   administrative remedy process while refusing to comply himself.

9        58.    On September 28, 2009, Bryant submitted seven BP-10s to the BOP's

10  Mid-Atlantic Regional Office.  Accompanying those BP-10s was a letter from

11  Bryant's counsel explaining that Warden Cross refused to accommodate Bryant's

12  deafness or process Bryant's timely filed BP-9s.  (Letter to Kim M. White,

13  Regional Director of the BOP's Mid-Atlantic Regional Office, and attached BP-

14  10s, Sept. 28, 2009 (attached as Ex. 26).)

15       59.    Regional Director White responded in a letter dated October 8, 2009

16  that Bryant had been transferred from USP Hazelton on October 6, 2009 to the

17  Federal Transfer Center ("FTC") in Oklahoma City.  (White Letter, Oct. 8, 2009

18  (attached as Ex. 27).)  According to Director White, the transfer "render[ed] moot

19  any specific issues [Bryant] had related to his incarceration at USP Hazelton."

20  Separately, Director White determined that Bryant's BP-10s should be rejected

21  because (i) they did not include USP Hazelton's response to or rejection of the BP-

22  9s (which Warden Cross refused to process), and (ii) they were not mailed

23  personally by Bryant.  (*Id.* at 178-79.)

24  **B.**    **USP Coleman I (October 2009 – March 2010)**

25       60.    In October 2009, Bryant was transferred to USP Coleman I.  The

26  issues that Bryant faced at USP Hazelton due to his deafness continued at USP

27  Coleman I.  Bryant continued to be denied the same auxiliary aids for his disability

28  that he was denied at USP Hazelton:

-20-

COMPLAINT

1
2
3
4
5
- Bryant was not provided any non-aural method, e.g., a vibrating pager, of learning of emergencies. Instead, prison officials would attempt to track down Bryant and tap him on the shoulder to inform him of dangerous situations such as lockdowns—which are common at USP Coleman I—like the one that took place shortly after his transfer. (Martin E. Amos, "Coleman Prison On Lockdown After Fight," Orlando Sentinel, Oct. 16, 2009 (attached as Ex. 28).) Similarly, because Bryant cannot hear any prison announcements, Bryant missed some meals.

6
7
8
- Bryant was kicked several times by other inmates for trying to use the closed-captioning on the unit's television. Then on or about November 7, 2009, when Bryant attempted to use the closed-captioning, he was attacked by another inmate.

9
10
11
- Following the attack on Bryant, and only four days after the filing of BP-9s requesting auxiliary aids for his deafness, Bryant was sent to the SHU, where he was held for five months until March 2010, i.e., the remainder of Bryant's incarceration at USP Coleman I.

12
13
- Bryant was unable to obtain medicine from medical staff for his pain and insomnia because he did not have access to a qualified ASL interpreter to help him explain these problems.

14
15
- Bryant requested a qualified ASL interpreter to participate in educational programs, but his request was refused; instead his only option was to try to write notes back and forth with instructors.

16
17
- Due to his inability to communicate with prison staff and other inmates, Bryant had frequent misunderstandings about his needs and the prison schedule.

18
19
20
- Upon information and belief, a staff member at USP Coleman I knew ASL, but USP Coleman I refused to assign that staff member to Bryant's unit or to provide Bryant with assistance to complete the administrative remedy process.

21      61.    Additionally, new issues emerged at USP Coleman I. *First*, the prison

22  did not provide hearing aid batteries to Bryant on an as-needed basis. As a result,

23  Bryant's hearing aids were often useless for long periods of time. Upon

24  information and belief, a set of size 13 hearing aid batteries for Bryant's Phonak

25  PowerMAXX 411 hearing aids, the model of hearing aids Bryant used while at

26  USP Coleman I, costs approximately $2 retail.

27      62.    *Second*, the prison had no communication device, such as a

28  videophone or TTY, for Bryant to communicate with his friends, family and

1   counsel, even though other inmates had access to telephones.  In December 2009,

2   two months after Bryant's arrival, USP Coleman I acquired a TTY, but did not

3   allow Bryant to use the TTY for another month.  When Bryant finally was allowed

4   to use the TTY, he discovered that it could only connect to other TTYs and not a

5   relay service (TRS).  A TRS is needed to communicate from a TTY to a person

6   with only a telephone, such as members of Bryant's family and his counsel.

7   Bryant tried to explain this problem to USP Coleman I staff to no avail.

8        63.    On or about November 3, 2009, Bryant filed two BP-9s without the

9   assistance of counsel or a qualified ASL interpreter.  In those BP-9s, Bryant

10  informed prison officials and employees that he is deaf and requested medical

11  treatment for pain and insomnia and access to a television with closed-captioning.

12  (BP-9s, Nov. 3, 2009 (attached as Ex. 29).)  These requests were denied on

13  November 6, 2009, because Bryant had not first filed BP-8s.  (BP-9 Responses,

14  Nov. 6, 2009 (attached as Ex. 30) at 187, 189.)

15       64.    Also on November 3, 2009, Bryant's counsel sent a letter to Scott A.

16  Middlebrooks, Warden of USP Coleman I ("Warden Middlebrooks"), that was

17  similar in substance to the July 24, 2009 letter to Warden Cross at USP Hazelton.

18  (Letter to Warden Middlebrooks, Nov. 3, 2009 (attached as Ex. 31).)  In addition to

19  advising Warden Middlebrooks about Bryant's deafness, the November 3, 2009

20  letter explained that counsel had "been retained by Bryant to enforce his rights

21  under Section 504 of the Rehabilitation Act, including . . . the rights of reasonable

22  accommodation for his disability and effective communication."  (Id.)  The

23  November 3, 2009 letter advised Warden Middlebrooks that Bryant would seek

24  auxiliary aids through the administrative remedy process and requested that

25  consistent with Section 542.16(b) of the BOP's PS 1330.16—which requires that

26  the Warden provide "assistance . . . includ[ing] provision of reasonable

27  accommodation for an inmate with a disability to prepare and process a Request or

28  an Appeal"—Bryant be given the accommodation of having his counsel sent a

-22-

1  copy of any response to his administrative remedy requests.  In the alternative (and

2  consistent with Section 542.16(b)), the November 3, 2009 letter requested that a

3  qualified ASL interpreter assist Bryant in reviewing any administrative responses

4  and completing any subsequent administrative remedy forms. (*Id.* at 192.)  In

5  addition, Bryant's counsel requested that Bryant be given access to a TTY so that

6  he could communicate with his family, friends and counsel. (*Id.*)  Within the

7  week, Bryant was placed in the SHU where he remained throughout his

8  incarceration at USP Coleman I.

9       65.    In a response dated November 10, 2009, Warden Middlebrooks

10  refused to copy Bryant's counsel on any responses to his administrative remedy

11  requests, stating (without explanation) that such an accommodation "would simply

12  be too much of an administrative burden." (Middlebrooks Response, Nov. 10,

13  2009 (attached as Ex. 32) (without enclosures).)  Warden Middlebrooks also stated

14  that, while USP Coleman I did not possess a TTY, the prison was "in the process

15  of securing the services of an interpreter" for Bryant. (*Id.*)  Bryant, however, never

16  received the assistance of a qualified ASL interpreter at USP Coleman I except for

17  when his counsel provided one.

18       66.    In anticipation of a legal visit with Bryant scheduled for December 11,

19  2009, Bryant's counsel attempted on December 10, 2009 to arrange a meeting with

20  Jeff Campbell, legal counsel at USP Coleman I.  Bryant's counsel advised

21  Campbell that Bryant needed accommodations and asked to discuss these issues

22  with Campbell.  Campbell said there was "no telling what [his] schedule will be

23  like" but that he would "drop by the visiting room . . . if time permits" during

24  counsel's legal visit on December 11, 2009. (Email from Campbell, Dec. 10, 2009

25  (attached as Ex. 33).)  Upon information and belief, Campbell did not come by the

26  visiting room or attempt to reschedule with Bryant's counsel.

27       67.    One month later, Bryant's counsel attempted to arrange another

28  meeting with Campbell to coincide with their January 21, 2010 legal visit with

-23-

1    Bryant.  Despite Campbell's assurances on January 12 that he would "do [his] best
2    to meet with" Bryant's counsel, Campbell cancelled the day before the visit,
3    explaining that he could not meet with them because he would be "undergoing
4    dental surgery." (Email from Campbell, Jan. 12, 2010 (attached as Ex. 34); Email
5    from Campbell, Jan. 20, 2010 (attached as Ex. 35).)  Campbell said he would
6    "follow up" on the issue of Bryant's need for accommodations, but, upon
7    information and belief, he never did so.

8           68.    On or about January 21, 2010, Bryant filed BP-8s, with the assistance
9    of counsel, complaining about substantially the same problems he had at USP
10   Hazelton—an inability to communicate effectively with prison staff, COs, health
11   care providers, mental health professionals, and educational, vocational and
12   rehabilitation instructors; exclusion from work and educational programs; a lack of
13   closed-captioning on television; and the prison's failure to provide him with a non-
14   aural warning system for emergencies and announcements—and requesting similar
15   remedies.  He also filed BP-8s requesting a TTY or videophone and hearing aid
16   batteries.  (BP-8s and Responses, Jan. 21, 2010 (attached as Ex. 36).)

17          69.    On or about January 22, 2010, Bryant's counselor, Counselor Dunn,
18   rejected all of Bryant's requests. (*Id.*)  According to Counselor Dunn, Bryant did
19   not need a qualified ASL interpreter to understand and communicate with medical
20   staff and mental health professionals because he "ha[s] the ability to read lips and
21   write [his] requests." (*Id.* at 208.)  Counselor Dunn similarly rejected Bryant's
22   request to participate in the prison's educational and vocational programs, claiming
23   that "all resources and curriculum" were "available" to Bryant. (*Id.* at 209.)
24   Counselor Dunn also claimed that Bryant should rely on printed schedules and his
25   hearing aids to alert him to prison-wide alarms and important daily events. (*Id.* at
26   207, 210.)  Counselor Dunn rejected Bryant's requests to participate in work
27   programs and to have safe access to a television with closed-captioning because he
28   was being held in the SHU, which does not have work programs or television.

-24-

**COMPLAINT**

1  (*Id.* at 204-05.)  Finally, Counselor Dunn explained that USP Coleman I had

2  obtained a TTY, and that Bryant was allotted hearing aid batteries only once every

3  six months.  (*Id.* at 206.)  Thus, even though prison staff had denied many of

4  Bryant's requests for accommodations on the basis that he should rely on his

5  hearing aids—which, in any event, would not accommodate Bryant's deafness—

6  they also continued to deny Bryant hearing aid batteries on an as-needed basis.

7        70.    On February 4, 2010, Bryant submitted eight BP-9s appealing

8  Counselor Dunn's rejections of the eight BP-8s and reiterating the same requests.

9  (BP-9s, Feb. 4, 2010 (attached as Ex. 37).)  During Bryant's visit with counsel that

10  same day, Bryant was able to communicate with prison officials, including Unit

11  Manager R. Mitchell, about the problems with the prison's TTY by using the

12  certified ASL interpreter hired by counsel for their legal visit.  Through the

13  qualified ASL interpreter, Bryant explained that the TTY had not been enabled for

14  relay service access.  Previously, Bryant explained this problem to prison officials,

15  but they were unable to understand Bryant's explanation due to the lack of a

16  qualified ASL interpreter.  On February 8, in a phone conversation with Bryant's

17  counsel, Unit Manager Mitchell said that communicating with Bryant through the

18  interpreter had helped him resolve the issues with the TTY: "Coming from the

19  interpreter, [the problem with the TTY] made more sense than when Bryant

20  explained it."  Mitchell said that the TTY was now able to connect to a relay

21  service, and Bryant could make calls.

22        71.    On or about February 11, 2010, Warden Middlebrooks consolidated

23  five of the BP-9s into a single request for an administrative remedy.  Warden

24  Middlebrooks took four of the five BP-9s—those relating to (i) work programs, (ii)

25  educational and vocational programs, (iii) communication with medical and mental

26  healthcare professionals, and (iv) prison alarms and announcements—and closed

27  them as "repetitive" of Bryant's request for a qualified ASL interpreter and a

28

-25-

**COMPLAINT**

1   vibrating pager (collectively, the "Consolidated Requests").  (BP-9 Responses,

2   Feb. 11, 2010 (attached as Ex. 38) at 231, 233, 235, 237.)

3        72.    In a February 25, 2010 letter to Warden Middlebrooks, Bryant's

4   counsel requested confirmation from the prison that, because Warden

5   Middlebrooks consolidated these five BP-9s and rejected them together, "[a]ny

6   appeal of the consolidated Administrative Remedy will necessarily encompass" the

7   five Consolidated Requests.  (Letter to Warden Middlebrooks, Feb. 25, 2010

8   (attached as Ex. 39).)  A copy of the letter was sent to Lisa M. Sunderman,

9   Regional Counsel for the BOP's Southeast Regional Office ("SERO").  Neither

10  Bryant nor his counsel ever received a response from Warden Middlebrooks or

11  Regional Counsel Sunderman.

12       73.    On or about February 22, 2010, Warden Middlebrooks rejected

13  Bryant's BP-9 requesting hearing aid batteries on an as-needed basis because

14  Bryant had received hearing aid batteries "as scheduled."  (BP-9 Response, Feb.

15  22, 2010 (attached as Ex. 40) at 243.)  Warden Middlebrooks claimed that the

16  hearing aid batteries should last six months "with normal regular use."  (*Id.*)

17  Bryant's hearing aid batteries, used properly, often significantly weaken and

18  become unusable within a few days or weeks.

19       74.    On February 24, 2010, Warden Middlebrooks responded to the

20  Consolidated Requests and Bryant's request for a working TTY.  These requests

21  were all rejected.  In rejecting Bryant's requested accommodation of a qualified

22  ASL interpreter and/or a vibrating pager, Warden Middlebrooks noted that "there

23  are no provisions in policy to provide hearing impaired inmates with pagers or

24  ASL trained staff."  (BP-9 Responses, Feb. 24, 2010 (attached as Ex. 41) at 250.)

25  Warden Middlebrooks, however, did not address Bryant's difficulties in

26  communicating with medical and mental healthcare professionals, educational and

27  vocational program instructors, work program managers and coordinators, COs or

28  other prison staff.  He also suggested that Bryant should not need the services of a

-26-

**COMPLAINT**

qualified ASL interpreter or a vibrating pager because he was provided with hearing aids and batteries for those hearing aids "as needed."  In response to the request for a TTY, Warden Middlebrooks explained that Bryant had "made several successful calls using the TTY machine and . . . used a relay service." (*Id.* at 252.) Warden Middlebrooks omitted any mention that these successful calls were the direct result of Bryant having identified the problem with the TTY to Unit Manager Mitchell through the aid of a certified ASL interpreter.  On February 25, 2010, Warden Middlebrooks also denied Bryant's request for safe access to a television with closed-captioning.  (BP-9 Response, Feb. 25, 2010 (attached as Ex. 42) at 255.)

75.    On March 11, 2010, Bryant submitted three BP-10s regarding:  (i) the five Consolidated Requests, which were attached to the BP-10 along with Warden Middlebrooks' responses and the February 25, 2010 letter to Warden Middlebrooks; (ii) Bryant's request for safe access to television with closed-captioning; and (iii) Bryant's request for new hearing aid batteries when the old batteries weaken or become unusable, rather than when he is "scheduled" to receive them.  (BP-10s, Mar. 11, 2010 (attached as Ex. 43).)  On or about March 15, 2010, SERO's Administrative Remedy Coordinator rejected Bryant's BP-10 covering the Consolidated Requests on the ground that it "raise[d] more than one issue/related issue," despite the fact that Warden Middlebrooks had consolidated the BP-9s, and that SERO's counsel never responded to the February 25, 2010 letter sent by Bryant's counsel.  (BP-10 Response, Mar. 15, 2010 (attached as Ex. 44) at 285.)  Before Bryant received responses to the other two BP-10s, he was transferred to USP Victorville on March 16, 2010.

-27-

**C.    USP Victorville (March 2010 – present)**

    **i.    Bryant's Lack of Accommodations Continues at USP Victorville**

76.    Bryant was transferred to USP Victorville on March 18, 2010 and he remains incarcerated there as of the date of this filing.  The issues that Bryant faced at USP Hazelton and USP Coleman I due to his deafness continue today because Bryant still is being denied reasonable accommodations:

- Bryant has not been provided any non-aural method, e.g., a vibrating pager, of learning of emergencies;

- Without the assistance of a qualified ASL interpreter, Bryant is unable to communicate effectively with medical staff, including mental health professionals;

- Bryant has requested a qualified ASL interpreter to participate in educational programs, but his request has been refused; instead his only option is to try to write notes back and forth with instructors;

- Due to his inability to communicate with prison staff and other inmates, Bryant has frequent misunderstandings about his needs and the schedule;

- Because Bryant cannot hear any prison announcements, Bryant has missed some meals and other activities;

- Bryant has been denied work in certain prison work programs, including plumbing and factory work, because of his disability;

- Closed-captioning has not been enabled on the televisions in Bryant's unit despite his request that it be enabled;

- Bryant has been denied access to a TTY or a videophone while being held in the SHU despite the fact that hearing prisoners in the same position have at least some access to telephones; and

- USP Victorville has placed Bryant in the SHU indefinitely in response to Bryant's requests for accommodations and as a substitute for properly accommodating his deafness.

77.    USP Victorville staff recognizes that without the aid of a qualified ASL interpreter and the other accommodations that Bryant seeks, Bryant has problems communicating with staff and participating in the same activities as hearing inmates.  On April 13, 2010, Bryant's counsel called Bryant's unit

-28-

1   manager at the time, Chris Jackson, to arrange to visit Bryant. Jackson and

2   Bryant's counsel also discussed the problems that Bryant was having at USP

3   Victorville. Jackson recognized that "people get frustrated with [Bryant] because

4   they don't understand" him, and said he was talking to his staff about how to

5   respond to Bryant's disability. Jackson also said that he was "reading up on the

6   disability act" and would give Bryant anything that was required. Nevertheless,

7   Bryant went without working hearing aids for at least two months following his

8   transfer to USP Victorville and has never been provided with a qualified ASL

9   interpreter or any of the other accommodations to which he is entitled under the

10   Rehabilitation Act (except by his counsel). Like USP Hazelton and USP Coleman

11   I, USP Victorville also refused to accommodate Bryant's attempts to utilize the

12   administrative remedy process.

13      78.   On March 22, 2010, Bryant's counsel sent a letter to Joseph L.

14   Norwood, formerly the warden of USP Victorville, that was similar in substance to

15   the July 24, 2009 letter to Warden Cross at USP Hazelton and the November 3,

16   2009 letter to Warden Middlebrooks at USP Coleman I. (Letter to Warden

17   Norwood (attached as Ex. 45); ¶¶ 51, 64, *supra*.) In addition to advising Warden

18   Norwood about Bryant's disability, the March 22, 2010 letter explained that

19   counsel had "been retained by Bryant to enforce his rights under Section 504 of the

20   Rehabilitation Act, including . . . the rights of reasonable accommodation for his

21   disability and effective communication." (*Id.* at 287) The March 22, 2010 letter

22   also advised Warden Norwood that Bryant would seek auxiliary aids through the

23   administrative remedy process and requested that consistent with Section

24   542.16(b) of the BOP's PS 1330.16—which requires that the Warden provide

25   "assistance . . . includ[ing] provision of reasonable accommodation for an inmate

26   with a disability to prepare and process a Request or an Appeal"—Bryant be given

27   the accommodation of having his lawyers sent a copy of any response to his

28   administrative remedy requests. (*Id.* at 288) In the alternative (and consistent with

-29-

1   Section 542.16(b)), the March 22, 2010 letter requested that a qualified ASL

2   interpreter assist Bryant in reviewing any administrative responses and completing

3   any subsequent administrative remedy forms. (*Id.* at 288-89)  Neither Warden

4   Norwood nor the subsequent warden, Warden Quintana, responded to this letter.

5   They also did not grant Bryant the reasonable accommodations requested.

6          79.    On March 29, 2010, Bryant submitted a BP-8, with the assistance of

7   counsel and a qualified ASL interpreter, stating that his transfer from USP

8   Coleman I to USP Victorville was retaliatory and done to thwart his completion of

9   the administrative remedy process by attempting to moot his previous claims (the

10  "Retaliatory Transfer BP-8").  Bryant requested that his grievances at USP

11  Coleman I proceed through the administrative process despite his transfer, and that

12  the BOP not transfer him again until he completed the administrative remedy

13  process.  Furthermore, because the transfer to USP Victorville did not remedy his

14  need for auxiliary aids, Bryant requested the same relief he had requested in

15  substantially similar forms for over two years.  Bryant submitted an identical BP-9

16  on April 1, 2010 (the "Retaliatory Transfer BP-9").  (BP-9, April 1, 2010 (attached

17  as Ex. 46).)

18         80.    In April 2010, Unit Manager Jackson told Bryant's counsel that

19  Bryant's transfer had been coded a "323 transfer," but that he did not receive any

20  paperwork explaining why Bryant's transfer was marked with this code.  Prison

21  regulations define a 323 transfer as: "CLOSE SUPERVISION CASE:  Transfer as

22  a result of an investigation that indicates a safety, security, or escape risk."  Bryant

23  was not then and is not now aware of any investigation involving him, or any

24  threat to his safety or security other than the Defendants' failure to accommodate

25  his disability by failing to (i) protect him from other inmates who objected to his

26  use of television closed-captioning, and (ii) provide him with a vibrating pager or

27  some other non-auditory, non-written notification system for alarms and other

28  emergencies.  These same risks still exist at USP Victorville.

81.    On April 18, 2010, Bryant, with the aid of a qualified ASL interpreter hired by his counsel, submitted three BP-11s to the BOP's Central Office—the final step in the BOP's administrative remedy process—seeking necessary and reasonable accommodations for his deafness. (BP-11s, April 18, 2010 (attached as Ex. 47).)

82.    In the first BP-11 submitted on April 18, 2010, Bryant repeated the five Consolidated Requests, noting that the warden at USP Coleman I had consolidated these requests and that the SERO rejected the Consolidated Requests on March 15, 2010 because Bryant listed them on a single BP-10. (*Id.* at 293.) In a response dated May 7, 2010, the Administrative Remedy Coordinator of the BOP's Central Office rejected his first BP-11 on the ground that Bryant should have submitted his request to SERO in a BP-10 before appealing to the Central Office in a BP-11. (BP-11 Response, May 7, 2010 (attached as Ex. 48) at 325.) However, on April 23, 2010, the SERO had already rejected Bryant's BP-10.

83.    In the second BP-11 Bryant submitted on April 18, 2010, Bryant again requested safe access to a television with closed-captioning. (BP-11s, April 18, 2010 (attached as Ex. 47) at 318.) Bryant noted that he never received a response to the BP-10 he submitted on March 12, 2010 and that the earlier response to his BP-9 did not address his being attacked by a fellow inmate after Bryant attempted to utilize the closed-captioning at USP Coleman I. Five days after Bryant submitted his BP-11 (and over one month after he submitted his BP-10), the SERO responded on April 23, 2010. SERO's Regional Director rejected Bryant's request on the ground that his subsequent transfer rendered moot any failures to properly accommodate Bryant's disability that occurred at USP Coleman I. (BP-10 Response, April 23, 2010 (attached as Ex. 49) at 328.) The Central Office later rejected Bryant's April 18, 2010 BP-11 on the grounds that he had failed to attach SERO's response—an untimely response that Bryant received

-31-

1   only after he timely filed the BP-11 on April 18, 2010. (BP-11 Response, May 7,

2   2010 (attached as Ex. 50) at 331.)

3        84.   In the third of the three BP-11s Bryant submitted on April 18, 2010,

4   Bryant reiterated his request for hearing aid batteries on an as-needed basis—the

5   same request he had made in his March 12, 2010 BP-10. (BP-11s, April 18, 2010

6   (attached as Ex. 47) at 313.) Seven days after Bryant submitted his BP-11 (and

7   over two weeks after the BOP's own deadline), SERO responded on April 27,

8   2010. SERO's Regional Director rejected Bryant's request, explaining that Bryant

9   should "refer to the Health Services Unit at [USP Victorville] to determine their

10  policy as to how and when replacement batteries will be issued to [him]." (BP-10

11  Response, April 27, 2010 (attached as Ex. 51) at 334.) On May 7, 2010, the

12  Central Office rejected this BP-11 on the grounds that Bryant failed to attach

13  SERO's response to his BP-10, an untimely response that Bryant received only

14  after he timely filed the BP-11 on April 18, 2010. (BP-11 Response, May 7, 2010

15  (attached as Ex. 52) at 337.)

16       85.   On May 4, 2010, Bryant submitted a BP-10 regarding his retaliatory

17  transfer. In that BP-10, Bryant said that it had been more than 20 days since he

18  had submitted the Retaliatory Transfer BP-9, he had not received a response and

19  his complaint had not been remedied. (BP-10, May 4, 2010 (attached as Ex. 53) at

20  339.) Bryant then repeated the same language from his Retaliatory Transfer BP-9,

21  in which he requested that his transfer not interfere with his completion of the

22  administrative remedy process and requested auxiliary aids for his disability. (*See*

23  ¶ 79, *supra.*)

24       86.   On the same day that Bryant submitted the May 4, 2010 BP-10,

25  Warden Quintana rejected the Retaliatory Transfer BP-9. (BP-9 Response, May 4,

26  2010 (attached as Ex. 54) at 343.) Though Warden Quintana's response was

27  untimely and Bryant's May 4, 2010 BP-10 was properly submitted, on or about

28  May 20, 2010, Bryant submitted another BP-10 to avoid any improper rejection for

-32-

1    failure to attach the untimely response (the "Retaliatory Transfer BP-10"). (BP-10,

2    May 24, 2010 (attached as Ex. 55).)

3        87.    On May 18, 2010, Bryant turned in his hearing aids to medical staff at

4    USP Victorville because the hearing aids were not working properly.  As of the

5    date of this filing, however, Bryant still has not received new hearing aids.

6        88.    In a response to Bryant's Retaliatory Transfer BP-10, dated June 30,

7    2010, Regional Director Robert E. McFadden stated that the "Warden's response

8    addressed each issue you listed in your BP-9" and "[w]e concur with the Warden's

9    response." (BP-10 Response, June 30, 2010 (attached as Ex. 56) at 350.)  Regional

10   Director McFadden also said that in regard to Bryant's "hearing aid concerns,"

11   "Health Services notified you of your approval to have a consult with an Ear, Nose

12   and Throat Specialist" and that he would receive batteries for his hearing aid "free

13   of charge." (*Id.*)  Regional Director McFadden concluded that "[o]ur review

14   reveals the institution is meeting your needs." (*Id.*)

15       89.    On July 28, 2010, Bryant submitted a BP-11 regarding his retaliatory

16   transfer.  In that BP-11, Bryant said that his prior requests for auxiliary aids have

17   been refused and his need for those auxiliary aids has not been remedied (the

18   "Retaliatory Transfer BP-11"). (BP-11, July 28, 2010 (attached as Ex. 57).)

19   Bryant then repeated the same language from his Retaliatory Transfer BP-9 and

20   Retaliatory Transfer BP-10, which included requests for his transfer not to interfere

21   with his completion of the administrative remedy process and for auxiliary aids for

22   his disability. (*See* ¶¶ 79, 85, *supra*.)

23       90.    On September 9, 2010, the BOP notified Bryant that it had granted

24   itself an extension until September 27, 2010, by which to respond to Bryant's BP-

25   11 regarding his retaliatory transfer.  Bryant's counsel followed up with the BOP's

26   Central Office on October 29 and November 2, 2010, and was told to expect its

27   response in four to six weeks.  As of the date of this filing, the BOP has still not

28   responded.

-33-

**COMPLAINT**

## ii.   Bryant is Sent to the SHU

91.   On July 23, 2010, Bryant was sent to the SHU, where, among other restrictions, he has very limited access to a TTY and no access to a videophone despite the fact that hearing prisoners in the same position, upon information and belief, have bi-weekly access to telephones.  Due to communication barriers stemming from USP Victorville's refusal to provide Bryant with a qualified ASL interpreter, Bryant also is unaware as to why he was transferred to the SHU.

92.   On July 29, 2010, Bryant's counsel asked Bryant's unit manager, Mark Tipton, why Bryant was in the SHU.  Unit Manager Tipton said that he could not reveal that information until Bryant signed a release form.  Upon receiving such a form, however, Unit Manager Tipton told Bryant's counsel on August 6, 2010, that he still could not reveal the reason for Bryant's SHU status.  Unit Manager Tipton also claimed that Bryant "knows why he is in the SHU" because, according to Unit Manager Tipton, Bryant writes and reads lips "very well."  Unit Manager Tipton said that Bryant could write to his attorneys to explain why he is in the SHU.  When Bryant's counsel reiterated that Bryant did not know why he is in the SHU, Unit Manager Tipton said he would ask Bryant whether Bryant knew why he was in the SHU.

93.   On that same day, Unit Manager Tipton exchanged handwritten notes with Bryant.  Through these notes, Unit Manager Tipton asked if Bryant had requested placement in the SHU "for [his] own protection."  (Handwritten Notes, Aug. 6, 2010 (attached as Ex. 58) at 358.)

-34-

**COMPLAINT**

1   Bryant responded,

2           No. Lt's office was get me go to SHU, then I don't
            understand that why. Lt's office said that compound
3           danger call me. I said stop Frivolous and Malicious.
            Also I never never trouble with everything by compound
4           danger.

5   (*Id.* at 358.)  Unit Manager Tipton wrote to Bryant that he was in the SHU "under a

6   Protective Custody Investigation" and that he would tell his superiors that Bryant

7   "want[s] to go to Compound." (*Id.* at 359.)

8           94.    In a second handwritten exchange on August 11, 2010, Unit Manager

9   Tipton wrote to Bryant that "[s]omeone dropped a note on you saying you had to

10  go to SHU.  SIS [Special Investigative Support] has to investigate it."

11  (Handwritten notes, Aug. 11, 2010 (attached as Ex. 59).)  Neither Unit Manager

12  Tipton nor Warden Quintana explained to Bryant or his counsel the details of the

13  SIS investigation or the identity of the prisoner who said Bryant should be placed

14  in the SHU.

15          95.    In an August 17, 2010 letter to Warden Quintana, Bryant's counsel

16  explained that USP Victorville seemed to be under the mistaken impression that

17  Bryant requested that he be moved to the SHU and that this apparent

18  miscommunication would not have occurred if USP Victorville had provided

19  Bryant with a qualified ASL interpreter as required under the Rehabilitation Act.

20  The letter requested that Bryant be moved back to the general population (Letter to

21  Warden Quintana, Aug. 17, 2010 (attached as Ex. 60).)  As of the date of this

22  filing, Warden Quintana has not responded to this letter, nor has Bryant been

23  moved back to the general population.  No hearing has ever been held to address

24  Bryant's status in the SHU.

25          96.    On October 7, 2010, Bryant was scheduled to meet with a hearing

26  specialist in order to fit him for new hearing aids.  On that date, Bryant notified his

27  CO that he had a medical appointment, but his CO refused to permit him to leave

28  his cell.  Bryant's CO never attempted to explain, in a medium Bryant could

-35-

1  understand, why Bryant was not allowed to keep his medical appointment.  It is

2  thus unclear whether the CO knew that the appointment had been cancelled, for

3  example, or he simply did not want to unlock Bryant's cell and take him to the

4  hearing specialist.  In all events, as of the date of this filing there have been no

5  further attempts to fit Bryant for new hearing aids.

6        97.    In November 2010, Bryant saw the doctor at USP Victorville because

7  he was having trouble sleeping.  The doctor refused to prescribe Bryant medication

8  for his insomnia.  Bryant understood that the doctor would not treat him because

9  Bryant was about to be transferred to another prison.

10        98.    In early December 2010, Bryant asked Unit Manager Tipton for

11  access to the TTY available to inmates in the SHU.  Unit Manager Tipton refused

12  Bryant's request and showed Bryant a piece of paper which, among other things,

13  had the word "transfer" written on it.  Bryant understood Tipton to be implying

14  that he was refusing Bryant's request for access to the TTY because Bryant was

15  about to be transferred.  As of the date of this filing, Bryant has not been

16  transferred to another prison, nor officially notified that he will be transferred in

17  the future.

18  **CLAIMS FOR RELIEF**

19  **COUNT I: DISCRIMINATION ON THE BASIS OF A DISABILITY IN
20  VIOLATION OF THE REHABILITATION ACT AGAINST ALL
    DEFENDANTS(29 U.S.C. § 794 ET SEQ. AND 5 U.S.C. § 703)**

21        99.    Bryant realleges and incorporates by reference each and every

22  allegation above as if fully set forth herein.

23        100.    Bryant is deaf and as such is a qualified individual with a disability

24  within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(20).

25        101.    The BOP is an executive agency within the meaning of 29 U.S.C.

26  § 794(a).

27        102.    The operations of the BOP, including the departments, agencies,

28  programs and instrumentalities at USP Victorville such as Health Services,

-36-

1   Psychology Services, Sex Offender Management and Treatment, Drug Abuse
2   Treatment, the Education Department and its associated programs, Vocational and
3   Occupational Training programs, Inmate Skills Development Initiative, and work
4   programs such as Federal Prison Industries, are "program[s] or activit[ies]
5   conducted by an Executive Agency" within the meaning of 29 U.S.C.
6   §§ 794(b)(1)(A)-(B) and/or (b)(2)(B).

7        103.   At all times relevant to this action, the Rehabilitation Act was in full
8   force and effect in the United States, and Bryant had and has a right not to be
9   subjected to discrimination on the basis of his disability by defendants.  29 U.S.C.
10  § 794(a).

11       104.   The purpose of the Rehabilitation Act is to ensure that no "qualified
12  individual with a disability . . . shall, solely by reason of [] disability, be excluded
13  from the participation in, be denied the benefits of, or be subjected to
14  discrimination under any program or activity receiving Federal financial assistance
15  or under any program or activity conducted by any Executive agency . . . ."  29
16  U.S.C. § 794(a).

17       105.   The Department of Justice's regulations implementing the
18  Rehabilitation Act clarifies that the BOP and all its activities are "program[s] or
19  activit[ies] conducted by an Executive Agency" of the United States government,
20  and that "the agency shall furnish appropriate auxiliary aids where necessary to
21  afford a handicapped person an equal opportunity to participate in, and enjoy the
22  benefits of, a program or activity conducted by the agency."  28 C.F.R. §
23  39.160(a)(1).  The Department of Justice's regulations implementing the
24  Rehabilitation Act additionally mandate that "[i]n determining what type of
25  auxiliary aid is necessary, the agency shall give *primary consideration* to the
26  requests of the handicapped person."  28 C.F.R. § 39.160(a)(1)(i) (emphasis
27  added).

28

-37-

1   106.   Auxiliary aids include, but are not limited to, interpreters and

2   telecommunication devices for deaf persons (TDDs).  28 C.F.R. § 39.103.

3   107.   Defendants have discriminatorily impaired and continue to

4   discriminatorily impair Bryant's ability to communicate effectively with medical

5   staff and healthcare providers, including mental health professionals and

6   pharmacists; educational and vocational instructors and his fellow students; work

7   program managers and coordinators and his fellow employees; COs; and other

8   members of prison staff.  Furthermore, Defendants have excluded and continue to

9   exclude Bryant from educational and vocational programs, television with closed-

10  captioning, and prison-wide alarms and announcements.  Defendants have done

11  this by failing to provide appropriate auxiliary aids to Bryant in violation of the

12  Rehabilitation Act.

13  108.   Defendants' failure to provide to Bryant appropriate auxiliary aids and

14  services to ensure effective communication has denied and continues to deny

15  Bryant, on the basis of his deafness, the same access to Defendants' services,

16  benefits, activities, programs and privileges as is afforded to hearing individuals.

17  109.   The failure to provide appropriate auxiliary aids and services to ensure

18  effective communication, and the failure to provide comparable access to services,

19  benefits, activities, programs and privileges are policies, regular practices and/or

20  customs of Defendants.  These failures are ongoing and continue to this date.

21  110.   Defendants have continually failed to provide Bryant with a qualified

22  ASL interpreter and other reasonable auxiliary aids for his deafness resulting in

23  Bryant being:

24          •      unable to communicate effectively with healthcare providers
                    and mental health professionals, raise medical issues, discuss
25                  mental health problems, or understand the treatments and
                    medications they prescribe;
26

27          •      excluded from participating in the same educational, vocational,
                    and rehabilitation classes and work programs as hearing
28                  prisoners;

-38-

- deprived of knowledge of prison-wide safety or emergency announcements;

- deprived of knowledge of prison counts, meals and other important daily activities;

- unable to communicate effectively with COs;

- subject to disciplinary action stemming from Defendants' refusal to accommodate his deafness;

- attacked by other inmates for attempting to activate closed-captioning on the television in his unit;

- prevented from contacting family, friends and his counsel; and

- confined to the SHU, often for indefinite periods of time.

111.   As a proximate result of Defendants' violations of the Rehabilitation Act, Bryant has suffered, and continues to suffer, discrimination, unequal treatment, exclusion (including exclusion from Defendants' services, benefits, activities, programs and privileges), financial loss, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, trauma, embarrassment, unnecessary loss of rights and privileges, including unnecessary disciplinary measures, segregation and lockdown, and serious injury to his health and mental health, including the injuries specified herein.

112.   Defendants' failure to comply with the Rehabilitation Act has resulted in harm to Bryant, and Defendants are liable to Bryant for harms suffered. Defendants' failure to comply with the Rehabilitation Act will continue to result in harm to Bryant, as Bryant will be in the custody or supervision of the BOP for the rest of his life and will continue to attempt to use the services, benefits, activities, programs and privileges provided by Defendants and to which he is entitled.  This harm will continue unless and until Defendants are ordered by this Court to modify their policies, practices and procedures as demanded by the Rehabilitation Act.

-39-

**COUNT II:  VIOLATION OF THE UNITED STATES CONSTITUTION
PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT
AGAINST ALL DEFENDANTS
(EIGHTH AMENDMENT)**

113.   Bryant realleges and incorporates by reference each and every allegation above as if fully set forth herein.

114.   Under the Eighth Amendment to the Constitution of the United States, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

115.   Defendants deprived and continue to deprive Bryant of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment.

116.   Defendants have systematically denied Bryant access to basic human services and vital information during his incarceration.  Defendants have failed to notify Bryant of prison alerts, announcements and safety instructions.  They have refused to provide Bryant with functioning hearing aids and batteries for those devices.  Moreover, they have failed to provide the means of effective communication, including the services of a qualified ASL interpreter, to allow Bryant to understand and communicate with medical staff and healthcare providers, including mental health professionals and pharmacists, COs, and other members of prison staff.

117.   As a result of these failures, amongst other things, Bryant has been given completely unnecessary psychopharmacological drugs that were prescribed because Bryant was unable to communicate effectively with medical staff and mental health care professionals.  (*See, e.g.*, ¶¶ 35, 42, 43, 46, *supra*.)

118.   Bryant is also continuously subjected to dangerous living conditions where he is vulnerable to assault and other hazards, and unable to protect himself from these hazards or communicate his need for assistance and protection.

119.   Defendants have knowledge of the unconstitutional condition to which Bryant was, and continues to be, subject.  Bryant submitted numerous written complaints to USP Victorville staff, Warden Quintana, and to the BOP's

-40-

1   Western Regional and Central Offices requesting that qualified ASL interpreters

2   and other auxiliary aids and services be made available to him so that he can

3   understand and effectively communicate with medical staff and healthcare

4   providers, including mental health professionals and pharmacists, COs, and other

5   members of prison staff.  Bryant submitted similar written complaints to USP

6   Hazelton, USP Coleman I, and the BOP's Mid-Atlantic and Southeast Regional

7   Offices.

8   **COUNT III:   VIOLATION OF THE UNITED STATES CONSTITUTION**
    **PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT**
9   **AGAINST ALL DEFENDANTS**
    **(EIGHTH AMENDMENT)**
10

11      120.   Furthermore, Defendants' deliberate and knowing refusal to provide

12   means of effective communication, including the services of a qualified ASL

13   interpreter, to allow Bryant to understand and communicate with medical staff and

14   healthcare providers, including mental health professionals and pharmacists,

15   educational and vocational instructors, COs, and other members of prison staff,

16   combined with Defendants' refusal to provide Bryant with working individual

17   hearing devices and batteries for those devices, have kept, and continue to keep,

18   Bryant in solitary confinement.

19      121.   Defendants compound these deprivations by repeatedly placing

20   Bryant in the SHU for indefinite periods of time, thereby further isolating him

21   from his fellow inmates and depriving him of the privileges which he would enjoy

22   as part of the prison's general population, including regular telephone (or, in

23   Bryant's case, videophone or TTY) access.

24      122.   Defendants' refusal to provide Bryant an interpreter for educational

25   activities ensures that Bryant's limited English language skills remain as they are,

26   keeping him in a position where he is unable to communicate with COs, other

27   members of prison staff and his fellow inmates, thereby furthering his isolation.

28

-41-

123.   Additionally, by punishing him for requesting the auxiliary aids to which he is entitled, Defendants have shown other deaf or hearing impaired inmates with whom he might otherwise communicate that it is to their advantage to accept the status quo, not seek auxiliary aids for themselves and not communicate with Bryant.

124.   Defendants' failure to comply with the Eighth Amendment has resulted in harm to Bryant, and will continue to do so, as Bryant will remain in the custody of the Bureau of Prisons and continue to attempt to avail himself of medical treatment, and will remain in solitary confinement, unless and until Defendants are ordered by this Court to modify their policies, practices and procedures pursuant to the Eighth Amendment.

**COUNT IV: VIOLATION OF THE CONSTITUTION OF THE UNITED STATES DUE PROCESS AGAINST ALL DEFENDANTS (FIFTH AMENDMENT)**

125.   Bryant realleges and incorporates by reference each and every allegation above as if fully set forth herein.

126.   Under the Fifth Amendment of the Constitution of the United States, "[n]o person . . . shall . . . be deprived of life, liberty, or property, without due process of law."

127.   The Fifth Amendment guarantees the right to be free from unwanted medical treatment, including the right to be treated only with one's informed consent.

128.   Defendants have systematically denied Bryant the means of effective communication, including the services of a qualified ASL interpreter, which are necessary to allow Bryant to understand and communicate with medical staff and healthcare providers, including mental health professionals and pharmacists. Without these auxiliary aids, Bryant was and is unable to understand, and thus give his informed consent to, any and all medical treatment, including psychological treatment, to which he has been subjected by Defendants and their employees.

-42-

1    129.   Defendants' failure to comply with the Fifth Amendment has resulted

2  in harm to Bryant, and will continue to do so, as Bryant will remain in the custody

3  of the BOP and will continue to be subjected to medical treatment, including

4  psychological treatment, to which he has not given his informed consent, unless

5  and until Defendants are ordered by this Court to modify their policies, practices

6  and procedures pursuant to the Fifth Amendment.

7    130.   The Fifth Amendment guarantees that an individual will not be

8  deprived of life, liberty or property without notice and the opportunity for a

9  hearing.

10    131.   Since July 23, 2010, Bryant has been held in the SHU at USP

11  Victorville.  While in the SHU, Bryant has been deprived of privileges that he

12  would normally enjoy as a member of the general population, including, amongst

13  other things, regular TTY access.  Because Bryant is already isolated due to

14  Defendants' failure to provide auxiliary aids and other services required by federal

15  law, his placement in the SHU is an even more serious disruption to the ordinary

16  incidents of prison life than would be disciplinary or administrative segregation for

17  a hearing inmate.

18    132.   Defendants have failed to notify Bryant, with the aid of a qualified

19  ASL interpreter, of the reason for his detention.  Written messages passed to

20  Bryant by Unit Manager Tipton do not constitute an adequate method of

21  communication.  Nor have Defendants afforded Bryant a status hearing.

22  Defendants' failure to comply with the Fifth Amendment has resulted in harm to

23  Bryant, and will continue to do so, unless Defendants are ordered by this Court to

24  notify Bryant, with the aid of a qualified ASL interpreter, of the reason he is being

25  held in the SHU and to afford him the opportunity for a status hearing.

26

27

28

-43-

**COUNT V:  VIOLATION OF THE CONSTITUTION OF THE UNITED STATES FREEDOM OF SPEECH AGAINST ALL DEFENDANTS (FIRST AMENDMENT)**

133.   Bryant realleges and incorporates by reference each and every allegation above as if fully set forth herein.

134.   Under the First Amendment of the Constitution of the United States, "Congress shall make no law . . . abridging the freedom of speech."

135.   Defendants have violated the First Amendment by retaliating against Bryant for the purpose of interfering with his efforts to secure the rights to which he is entitled under federal law.  Defendants transferred Bryant from USP Hazelton to USP Coleman I and from USP Coleman I to USP Victorville.  These transfers were substantially motivated by their desire to frustrate Bryant's proper exhaustion of the administrative remedy process and thus to prevent his access to the court system.  Defendants' decision to transfer Bryant had no legitimate purpose (¶ __, *supra*), but instead was intended to moot Bryant's claims under the Rehabilitation Act and the Constitution and to make impossible his timely appeal of Defendants' rejections of his requests for reasonable auxiliary aids (¶ __, *supra*).

136.   Defendants have also repeatedly placed Bryant in the SHU–often indefinitely and without communicating to Bryant the basis for his confinement there–following his attempts to utilize the administrative remedy process. Defendants' placement of Bryant in the SHU was and is substantially motivated by their desire to frustrate his proper exhaustion of the administrative remedy process and thus to prevent his access to the court system.  Defendants' decisions to place Bryant in the SHU had and has no legitimate purpose, but instead was and is intended to discourage Bryant from further requesting administrative remedies and to obstruct communication with his attorneys.

137.   Defendants' failure to comply with the First Amendment of the Constitution of the United States has resulted in harm to Bryant and will continue to do so.  Defendants will continue to confine Bryant in the SHU and to transfer

-44-

1  Bryant from prison to prison as retaliation for his use of the administrative remedy

2  process unless and until they are ordered by this Court to modify their policies,

3  practices and procedures pursuant to the First Amendment.

4
5  **COUNT VI: VIOLATION OF THE CONSTITUTION OF THE UNITED
   STATES FREEDOM OF SPEECH AGAINST ALL DEFENDANTS
   (FIRST AMENDMENT)**

6      138.  Defendants have further impermissibly deprived, and continue to

7  deprive, Bryant of his First Amendment right of freedom of speech by failing to

8  provide him with telecommunication equipment necessary for him to communicate

9  with people outside of USP Victorville.

10     139.  Hearing inmates at USP Victorville have telecommunication

11 equipment that allows communication with people outside of USP Victorville.

12     140.  Defendants' refusal to provide Bryant with telecommunication

13 equipment to ensure the same level of access as hearing inmates serves no

14 legitimate or compelling penological need and is not rationally related or narrowly

15 tailored to any identified penological need.

16     141.  Because Bryant is housed in a remote area far from his family's

17 residence in Washington, DC, and does not communicate effectively in written or

18 spoken English, written correspondence and personal visits are not adequate

19 alternatives for exercising his First Amendment right to communicate with friends

20 and family.

21     142.  Provision of appropriate telecommunication equipment to Bryant

22 would have negligible effects, if any, on other inmates and prison employees at

23 USP Victorville.

24     143.  Defendants' failure to comply with the First Amendment of the

25 United States Constitution has resulted and will continue to result in harm to

26 Bryant, unless and until they are ordered by this Court to modify their policies,

27 practices and procedures.

28

-45-

# **PRAYER FOR RELIEF**

WHEREFORE, Bryant respectfully requests:

A.     The Court adjudge and decree that Defendants, by the organizations, systems, policies, practices and conditions described above, have violated and continue to violate Section 794 of the Rehabilitation Act and the Constitution of the United States;

B.     The Court enter such injunctive and/or declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure against Defendants and in favor of Bryant as it deems appropriate to remedy past violations of the laws of the United States and to prevent future violations of the same, including but not limited to an order preventing Defendants from transferring Bryant for the purpose of evading their legal obligations to accommodate Bryant's deafness, and the reasonable auxiliary aids which Bryant requested throughout the administrative remedy process:

- access to qualified ASL interpreter services to ensure effective communication with medical and mental healthcare professionals, educational and vocational instructors, work program managers and coordinators, COs, and other members of prison staff;

- a vibrating pager or other auxiliary aid to inform Bryant of prison-wide alarms and daily announcements;

- functioning hearing aid batteries on an as-needed basis;

- access to appropriate and effective telecommunication, such as a TTY and videophone; and

- safe access to television with closed-captioning;

C.     In the alternative, the Court enter such injunctive relief against Defendants transferring Bryant to a prison with the proven ability to accommodate deaf inmates such as Bryant;

D.     Judgment be entered against Defendants in favor of Bryant for the costs of litigation, including reasonable attorneys' fees under 28 U.S.C. § 2412(d)(1)(A);

-46-

1   E.  The Court retain jurisdiction of this matter until Defendants

2 demonstrate that they have fully complied with the orders of this Court, and that

3 there is a reasonable assurance that Defendants will continue to comply in the

4 future absent continuing jurisdiction; and

5   F.  The Court award Bryant any further relief that the Court deems

6 appropriate.

-47-

**COMPLAINT**

1

## JURY TRIAL DEMAND

2    Bryant, through his counsel and pursuant to Federal Rule of Civil Procedure

3    38(b), hereby demands a trial by jury on all claims so triable in this action.

4    Dated:  January 7, 2011

5                                                    Respectfully submitted,

6

7    _____

8    ADAM S. PARIS (SBN 190693)
     parisa@sullcrom.com

9    RORY P. CULVER (SBN 271868)
     culverr@sullcrom.com

10   1888 Century Park East, Suite 2100
     Los Angeles, California 90067

11   Tel.:  (310) 712-6600
     Fax:  (310) 712-8800

12   MATTHEW S. FITZWATER

13   (*pro hac vice* application forthcoming)
     fitzwaterm@sullcrom.com

14   TIMOTHEA G.P. LETSON
     (*pro hac vice* application forthcoming)

15   letsont@sullcrom.com
     125 Broad Street, 32nd Floor

16   New York, New York  10004-2498
     Tel.:  (212) 558-4000

17   Fax:  (212) 558-3588

18   DEBORAH GOLDEN

19   (*pro hac vice* application forthcoming)
     Deborah_Golden@washlaw.org

20   Washington Lawyers' Committee for
     Civil Rights and Urban Affairs

21   11 Dupont Circle, N.W., Suite 400
     Washington, DC  20036

22   Tel.:           (202) 319-1000
     Fax:           (202) 319-1010

23   *Attorneys for Plaintiff David Bryant*

24

25

26

27

28

-48-

# EXHIBITS

**EXHIBITS**

49

# TABLE OF CONTENTS

**EXHIBIT**                                                                                      **PAGE**

Ex. 1 Lachance Performance Evaluation, Nov. 9, 2006 ........................................................53

Ex. 2 Incident Report, June 28, 2007 ..................................................................................55

Ex. 3 Inmate Request to Staff, Oct. 17, 2007 .....................................................................58

Ex. 4 BP-8, Oct. 17 2007 ......................................................................................................60

Ex. 5 Inmate Request to Staff Response, Nov. 3, 2007 ......................................................62

Ex. 6 BP-8, Dec. 21, 2007 .....................................................................................................65

Ex. 7 BP-8, Dec. 21, 2007 .....................................................................................................67

Ex. 8 Inmate Request to Staff Disposition, June 4, 2008 ...................................................69

Ex. 9 BP-9, June 4, 2008 .......................................................................................................71

Ex. 10 BP-10, June 11, 2008 .................................................................................................73

Ex. 11 BP-11, June 11, 2008 .................................................................................................75

Ex. 12 BP-9, Oct. 1, 2008 ......................................................................................................77

Ex. 13 BP-9, Oct. 7, 2008 ......................................................................................................79

Ex. 14 BP-9, Oct. 20, 2008 ....................................................................................................81

Ex. 15 BP-8, Nov. 6, 2008 and Response, Nov. 21, 2008 ...................................................83

Ex. 16 BP-9, Nov. 9, 2008 .....................................................................................................85

Ex. 17 BP-9, Nov. 9, 2008 .....................................................................................................87

Ex. 18 BP-10, Dec. 16, 2008 .................................................................................................89

Ex. 19 BP-11, Jan. 20, 2009 ..................................................................................................91

Ex. 20 BP-11 Responses, Feb. 5, 2009 ................................................................................93

Ex. 21 Letter to Warden Cross, July 24, 2009 .....................................................................96

Ex. 22 BP-8s, July 30, 2009...................................................................................................99

Ex. 23 BP-8 Responses, Aug. 12, 2009 ..............................................................................107

**EXHIBITS**



# TABLE OF CONTENTS

**EXHIBIT**                                                                                    **PAGE**

Ex. 24 Letter to Warden Cross and Attached BP-9s, Aug. 18, 2009 ............................................. 120

Ex. 25 Warden Cross Letter, Aug. 31, 2009 (without enclosures) ............................................. 142

Ex. 26 Letter to Kim White, Regional Director of the BOP's
       Mid Atlantic Regional Office and Attached P-10s, Sept. 27, 2009 ................................. 145

Ex. 27 White Letter, Oct. 8, 2009 ............................................................................... 177

Ex. 28 Martin E. Comas, "Coleman Prison On Lockdown After Fight,"
       Orlando Sentinel, Oct. 16, 2009 ....................................................................... 180

Ex. 29 BP-9s, Nov. 3, 2009 ..................................................................................... 182

Ex. 30 BP-9 Responses, Nov. 6, 2009 ......................................................................... 185

Ex. 31 Letter to Warden Middlebrooks, Nov. 3, 2009 ..................................................... 190

Ex. 32 Middlebrooks Response, Nov. 10, 2009 (without enclosures) ................................... 193

Ex. 33 Email from Campbell, Dec. 10, 2009 ................................................................ 195

Ex. 34 Email from Campbell, Jan. 12, 2010 ................................................................ 197

Ex. 35 Email from Campbell, Jan. 20, 2010 ................................................................ 200

Ex. 36 BP-8s, Jan. 21, 2010 and Responses, Jan. 22, 2010 .............................................. 203

Ex. 37 BP-9s, Feb. 4, 2010 ..................................................................................... 212

Ex. 38 BP-9 Responses, Feb. 11, 2010 ....................................................................... 229

Ex. 39 Letter to Warden Middlebrooks, Feb. 25, 2010 ................................................... 238

Ex. 40 BP-9 Response, Feb. 22, 2010 ......................................................................... 241

Ex. 41 BP-9 Responses, Feb. 24, 2010 ....................................................................... 244

Ex. 42 BP-9 Response, Feb. 25, 2010 ......................................................................... 253

Ex. 43 BP-10s, Mar. 11, 2010 .................................................................................. 256

Ex. 44 BP-10 Response, Mar. 15, 2010 ....................................................................... 283

**EXHIBITS**



# TABLE OF CONTENTS

**EXHIBIT**                                                                 **PAGE**

Ex. 45 Letter to Warden Norwood, Mar. 22, 2009 ...................................................286

Ex. 46 BP-9, Apr. 1, 2010...............................................................................290

Ex. 47 BP-11s, Apr. 18, 2010..........................................................................292

Ex. 48 BP-11 Response, May 7, 2010 ...............................................................323

Ex. 49 BP-10 Response, Apr. 23, 2010 .............................................................326

Ex. 50 BP-11 Response, May 7, 2010 ...............................................................329

Ex. 51 BP-10 Response, Apr. 27, 2010 .............................................................332

Ex. 52 BP-11 Response, May 7, 2010 ...............................................................335

Ex. 53 BP-10, May 4, 2010..............................................................................338

Ex. 54 BP-9 Response, May 4, 2010 .................................................................341

Ex. 55 BP-10 May 24, 2010.............................................................................344

Ex. 56 BP-10 Response, Jun. 30, 2010 .............................................................348

Ex. 57 BP-11, Jul. 28, 2010 ............................................................................351

Ex. 58 Handwritten Notes, Aug. 6, 2010 ...........................................................357

Ex. 59 Handwritten Notes, Aug. 11, 2010 .........................................................360

Ex. 60 Letter to Warden Quintana, Aug. 17, 2010 ...............................................362

**EXHIBITS**

# EXHIBIT 1

**SENSITIVE BUT UNCLASSIFIED**

 × BOP Seal

# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 11-09-2006 - GRP CLOSED [33] Hearing Impaired Drug Ed Corr. Course
**Reg Number-Name:** 06704-016 - BRYANT, DAVID    **Unit/Qtrs:** C, C01-123L
**Facilitator:** MARY N. LACHANCE, DRUG ABUSE TRTMNT SPECLST
**Institution:** HAZ - HAZELTON USP

---

**Status:** COMPLETED
**Enroll - End Date:** 11-09-2006 - 03-14-2007
**Total Hours:** 28.5

## SESSION DATA:

**Number of Sessions:** 7   **First-Last Session:** 12-01-2006 - 03-01-2007

| ID | TITLE | DATE | DUR | ATTEND | PART | HMWK |
|----|-------|------|-----|--------|------|------|
| 7 | test | 03-01-2007 | 90 | C | G | N |
| 6 | session 6/7 | 02-07-2007 | 240 | C | G | N |
| 5 | Session 4&5 | 01-24-2007 | 240 | C | G | N |
| 4 | Session 3 | 01-03-2007 | 360 | C | G | N |
| 3 | Session 3 | 12-20-2006 | 360 | C | G | N |
| 2 | Session II | 12-06-2006 | 360 | C | G | N |
| 1 | Session I & II | 12-01-2006 | 60 | C | G | S |

| Attendance | | Participation | | Homework | |
|------------|------|---------------|------|----------|------|
| Complete | 100.0 % | Good | 100.0 % | Satisfactory | 14.29 % |
| Incomplete Excused | 0.0 % | Fair | 0.0 % | Unsatisfactory | 0.0 % |
| Incomplete Unexcused | 0.0 % | Poor | 0.0 % | N/A | 85.71 % |
| Absent Excused | 0.0 % | N/A | 0.0 % | | |
| Absent Unexcused | 0.0 % | | | | |
| Expelled | 0.0 % | | | | |

## TEST DATA:

| Id | Title | Type | Date of Test | Score |
|----|-------|------|--------------|-------|
| 2 | First Retest | Posttest | 03-14-2007 | 76 |
| 1 | Test I | Posttest | 03-01-2007 | 48% |

## COMMENTS:

12/01/06 Met with him for the first time since he began.  Unable to meet with him due to
lockdowns/ foul weather or staff scheduling.  He completed the majority of his written assignments
but it is clear that he has difficulty understanding the concepts.  Communication between him and
staff is conducted through written medium.

**SENSITIVE BUT UNCLASSIFIED**

# EXHIBIT 2



BP-S298.052                           INCIDENT REPORT                    CDFRM MAY 1994
U.S. DEPARTMENT OF JUSTICE                                         FEDERAL BUREAU OF PRISONS

| 1. Name Of Institution: USP Hazelton |||
|---|---|---|

Part I - Incident Report

| 2. Name Of Inmate Bryant, David | 3. Register Number 06704-016 | 4. Date Of Incident June 27, 2007 | 5. Time 5:40pm |
|---|---|---|---|
| 6. Place Of Incident Front door of C-1 | 7. Assignment C-1 Ord | 8. Unit C-1 ||

| 9. Incident Threatening another with bodily harm or any other offense Insolence towards a staff member | 10. Code 208 312 |
|---|---|

11. Description Of Incident (Date: June 27, 2007   Time: 5:40pm Staff become aware of incident)
On June 27,2007 at approximately 5:40pm ,while observing the mainline move in front of C-1, inmate Bryant, David #06704-016 had missed the move to go to mainline. Inmate Bryant asked me to allow him to go to mainline. I informed inmate Bryant that the mainline move was over and he could not leave the housing unit. Inmate Bryant then stated he was hungry. I told inmate Bryant that there was nothing I could do. Inmate Bryant pointed in my face almost striking my nose and said,"Fuck you!" Approximately 15 minutes later inmate Bryant came to my office saying something I could not understand. I asked him to write his thought on paper. Inmate Bryant wrote "I will destroy your office." End of report.

| 12. Signature Of Reporting Employee | Date And Time June 28, 2007 7:50pm | 13. Name And Title (Printed) D. Mayle Correctional Officer |
|---|---|---|

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered 6-28-07 | 16.time Incident Report Delivered 1541 |
|---|---|---|

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

Inmate denies threat

IR Hear'd on day 5 due to Shakdown and Special needs

| 18. A. It Is The Finding Of The Committee That You: X Committed The Following Prohibited Act. X Did Not Commit A Prohibited Act.   312   24S drop | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information
The officer description support insolent behavior. Inmate point ld his finger almost striking my nose and said fuck you!

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
Loss of telephone 90 days, Susp 180 Lays,
loss of commissary 90 days, Susp 180 days

21. Date And Time Of Action 7/5/7 3:15   (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)
_____       _____       _____
Chairman (Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate After UDC Action;  Copy - Inmate Within 24 Hours Of Part I Preparation

**EXHIBIT 2**

56

| Part III - Inves_____ion | 22. Date And Ti__ ___tigation Began |
|---|---|
| | 06-28-2007      1541 |

23. Inmate Advised Of Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process.  You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By K. Montgomery At (Date/time) 06-28-2007 1541

24. Inmate Statement And Attitude

Inmate Bryant was advised of his rights and acknowledged he understood those rights.  He received a legible copy of this incident report.  He displayed a good attitude during this interview.  He made the following statement: "I didn't hear him call end of move. I got mad because I wanted to go eat.  I was wrong, but I wanted to go eat".

25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.

Note written by inmate Bryant #06704-016.

26. Investigator's Comments And Conclusions

Based on the information provided in Section 11, I find the charges of 203-threatening, and 312-insolence toward staff, to be valid charges.

27. Action Taken

Inmate Bryant remains in Special Housing pending further action from his Unit Disciplinary Committee.

Date And Time Investigation Completed:   06-28-2007      1546

Printed Name/signature Of Investigator:   K. Montgomery

Signature                                                    Lieutenant
                                                              Title

EXHIBIT 2

57

# EXHIBIT 3



BP-S148.055   **INMATE REQUE_. TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| WArden cAse | 10-17-7 |
| FROM: David Bryant | REGISTER NO.: 06704-016 |
| WORK ASSIGNMENT: orderly unit c-1 | UNIT: C-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

good morning And How Are you doing? I AM Fine.
Real Real that problem with USP don't Accept me
get Sign LAnguAge for program Lots FrustrAted
Because please please get me go to Real get Feeling
Better go to program specal mentAlh HeAlth F.C.I
So All stAff is dirty Bussines) this usp Not agree To
that everything to me, then I will get Hot sense
Other All people Are very opposite Not Interest By DeAf
In usp so I HeArd All stAff give HArd time. Not By
understanding my communicate's Sign LAnguAge this It
All people Are problem or HArd Frutrated. Not my FAuLt, thAnk
You Too much!

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

**EXHIBIT 3**

59

EXHIBIT 4

*WARDEN CASE*

*I AM DEAF*
*10-17-7*
*time 10:25AM*

HAZ: 1330.13A
Date: November 29, 2006
Subject: Administrative Remedy
Program
Page: Attachment A

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**

INMATE'S NAME: *David Bryant*    REG. NO. *06704-014*  UNIT: *C-1*

1. Specific Complaint: *Please Please I need Interest Talk to your Heart will understand How my feeling Also I am feeling sorry about 29 point not accept go to F.C.I in morgantown wvn for program or menlth Health program F.C.I that Why But usp don't understand my communicate's sign language not my fault*

2. Relief Requested: *I Am Deaf must caption closed on TV Also Interpreter with Education. go to morgantown WVA F.C.I or program special menlth Health F.C.I will Help to me. this usp not accept my sign language or get lots Frustrated By my communicate's from usp will get misunderstand*

Part B: Referred To:

| | | |
|---|---|---|
| Food Svc _____ | Unit Manager ____ | Unicor ____ |
| Business Office _____ | Psychology ____ | Education ____ |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ |

Part C: Informal Resolution Attempt

| | |
|---|---|
| Issue Resolved/ Relief Granted _____ | Comments: |
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |
| Inmate Signature: | Date: |
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 4**

61

# EXHIBIT 5



BP-S148.055 **INMATE REQUE___ TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| WArden CASe | 10-17-7 |
| FROM: | REGISTER NO.: |
| David Bryant | 06704-016 |
| WORK ASSIGNMENT: | UNIT: |
| orderly unit c-1 | C-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

*good morning And How Are you doing? I AM Fine.
Real Real that problem with USP don't Accept me
get sign Language for program Lots Frustrated
Because please please get me go to Real get Feeling
Better go to program specal menth Health F.C.I
so All staff is dirty Bussiness this usp Not agree To
that everything to me, then I will get Hot sense
Other All people Are very opposite Not Interest By Deaf
In usp so I Heard All staff give Hard time Not By
understanding my communicate's sign Language this It
All people are problem or Hard Frutrated. Not my Fault. thank
you Too much!*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

**EXHIBIT 5**

63

INMATE REQUEST TO STAFF MEMBER RESPONSE

INMATE: Bryant, David
REGISTER NUMBER: 06704-016
UNIT C-1

*FILE COPY*

This is in response to your Inmate Request to Staff Member, dated October 17, 2007, in which you request assistance with a transfer due to your hearing impairment.

A review of your Medical Care Level indicates you are a Care Level 2 inmate assigned to regular duty with medical restrictions. USP Hazelton is a Care Level 2 institution which is capable of handling your medical issues. Taken into consideration your hearing impairment there are no other medical reasons to request a transfer. You are currently a High Security Level inmate with IN custody. You are serving a Life sentence for the offense of 1st Degree Burglary, 1st Degree Sexual Assault with Aggravated Circumstances. You do not qualify for a lesser security transfer nor does your medical needs dictate a need for a transfer. You have been incarcerated at USP Hazelton since August 3, 2005. Staff at USP Hazelton have worked with you and assisted you in the last 26 months to ensure your legitimate needs are met.

I trust this information adequately addresses your concerns.

Joe D. Driver                                              Date
Warden

**EXHIBIT 5**

# EXHIBIT 6

```
HAZ: 1330.13A
Date: November 29, 2006
Subject: Administrative Remedy
         Program
Page: Attachment A
```

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**

| INMATE'S NAME: David Bryant | Reg. No. 06704016 | UNIT: C-1 |
|---|---|---|

1.   Specific Complaint: This writer is a deaf Man being housed at USP-Hazelton. As a deaf Man, I am unable to participate in the programs offered at this facility. I want to participate in the following programs: Adult GED, Adult Continuing Education, and other programs that would further my rehabilitation. Furthermore, although the televisions in this facility are equipped with closed-captioning, the other inmates in the facility do not like when it is used because it hides part of the screen.

2.   Relief Requested: I am requesting that programs be started that I may participate in and also that the television situation be fixed so that I may enjoy watching television. I want to be afforded the same rights and privileges that the hearing inmates are afforded.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager _____ | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology ____ | Education _____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation _____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities _____ | |
| Safety ____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted | Comments: |
|---|---|
| Issue Unresolved/ No Relief Granted | Comments: |
| Unable To Address Issue/Referred To: | Comments: |
| Inmate Signature: | Date: |
| Staff Signature: | Date: |

| Unit Manager's Signature: | Date: |
|---|---|

| Counselor's Tracking | | | | | |
|---|---|---|---|---|---|
| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
| | | | | | |

**EXHIBIT 6**

# EXHIBIT 7

```
                                    HAZ: 1330.
                                    Date: November 29, 2006
                                    Subject: Administrative Remedy
                                             Program
                                    Page: Attachment A
```

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**

| INMATE'S NAME: David Bryant | REG. NO. 06704016 | UNIT: C-1 |
|---|---|---|

1. Specific Complaint: On December 21st, 2007, USP-Hazelton went on "Emergency Lock-Down" status. However, it has come to this writer attention that this facility is dangerous, in that, this writer is handicap without the ability to hear and respond to sound as other inmates in the general population.

2. Relief Requested: I would like to have an OVERRIDE in my point status and be sent to a medical facility.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager ____ | Unicor ____ | |
|---|---|---|---|
| Business Office _____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ___ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration XX | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: |
|---|---|
| Issue Unresolved/ No Relief Granted | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: | Date: |
|---|---|
| Staff Signature: | Date: |

| Unit Manager's Signature: | | Date: |
|---|---|---|

| Counselor's Tracking | | | | | |
|---|---|---|---|---|---|
| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
| | | | | | |

**EXHIBIT 7**
68

# EXHIBIT 8

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFR

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| BOP | 6-1-8 |
| FROM: David Bryant | REGISTER NO.: 06204-016 |
| WORK ASSIGNMENT: Orderly Unit C-1 | UNIT: C-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

Please Help me with my Respect For you, you
Also Know I must Listen And your Heart will
Help me. Access To programs Transfer To
Another prison.

Thank you
Respect

(Do not write below this line)

DISPOSITION:

There is no Medical reason to
transfer you.

| Signature | Date |
|---|---|
| Health Services Administrator USP/SCP/SFF Hazelton H. Boyles | 6-4-08 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

**EXHIBIT 8**

# EXHIBIT 9



UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons          BP9

From: Bryant, David D.   06704-016  c-1   Hazelton   USP
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A- INMATE REQUEST  the BOP For NOT providing you AN
INterpreter And ACCESS programs.
Please my lawyer Help me write this I Am Deaf, I
communicate through ASL. I DO NOT communicate Well
through written ENGLISH.
I would Like the BOP to provide me with means effective
COMMUNICATION so that I MAY: 1. participate IN Education
programming; 2. participate IN vocational programming; 3.
go TO Religous services; 4. communicate with staff member;
5. communicate with other INMATE; 6. Access approiate medical
care; 7. Access approiate mental Health care; and 8. Access
To A T.v with closed capitioning;

6-4-8        Thank you
DATE          Respect            David Bryant
                                SIGNATURE OF REQUESTER

Part B- RESPONSE


_____                    _____
        DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

                                          CASE NUMBER: _____

Part C- RECEIPT
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____


**EXHIBIT 9**

# EXHIBIT 10

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

BP10

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Bryant, David D       06704-016    C-1        USP Hazelton
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A - REASON FOR APPEAL   I AM DEAF IN USP HAZELTON,
DOP Refuse get me transfer for medical
CARE f.C.I programs.    NO programs
NO Interpreter        Education
NO closed capition     NO programs
NO mental Health CARE VOCATIONAL
NO medical CARE                    thank
                                    you
6-11-8                             Respect
_____      _____
DATE                       SIGNATURE OF REQUESTER

Part B - RESPONSE

_____              _____
DATE                               GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

Part C - RECEIPT                           CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____              _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN        PRINTED ON RECYCLED PAPER                           BP-231(13)
                                                                  JUNE 2002

EXHIBIT 10

74

# EXHIBIT 11

U.S. Department of Justice

Federal Bureau of Prisons

BP/1

Regional Administive Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Bryant, David D**      **06704-016**      **C-1**      **USP Hazelton**
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** I AM DEAF IN USP HAZELTON.
B.O.P Refuse get me transfer For medical
care F.C.I programs
NO Interpreter
NO closed capitioning
NO Mental Health care            thank
NO medical care                    you
NO programs Education        Respect
NO programs vocational

6-11-8
DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____          _____
DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

USP LVN   DATE _____   Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL      BP-230(13)
APRIL 1982

**EXHIBIT 11**

76

# EXHIBIT 12

UNICOR FEDERAL PRISON INDUSTRIES, INC
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David De. Juan   06704-016   C-1   Hazelton USP
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT        INSTITUTION

**Part A– INMATE REQUEST**  please I need you will see this
trust its still get 50 to TRANSfer ALso I AM complain
About for facility medical programs prison. I SAID
this my Handwrite→ BARNETT v. FAIR FAX country school Rd,
this complaint is Brough 927 F.2d. 153 (4th Cir. 1991)
over the denial of ("per curiam") Cert. Denied, 502 U.S.
A TRANSfer to USP 959 (1991); Rosen v. Montgomery, 121 F.3d
CANAAN FOR medical 154, 157 (4th Cir, 1997)
Reason of being Hearing    Thank you   Respect
Impaired.

10-1-     _____
        DATE                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                    _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**            CASE NUMBER: _____

                                        CASE NUMBER: _____

**Part C– RECEIPT**
urn to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

SUBJECT:

**EXHIBIT 12**

# EXHIBIT 13

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

BRYANT, David De.Juan 06704-016   C-1   U.S.P HAZELTON

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**    I AM worry Lots my thing for facility medical care prison Also this USP Hazelton Refused sive me go to the No Interpretery No medical care, No mental Health care, No closed capition TV, that All, thank you Respect Please get figure out for me go to programs

10-7-38

DATE                                SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                    _____
DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                            CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____

**EXHIBIT 13**

# EXHIBIT 14

LEAVENWORTH, KANSAS



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David, DeJuan    06704-016    C-1    USP Hazelton
     LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT            INSTITUTION

**Part A- INMATE REQUEST** I Am go to Computer in the LiBARay, I
was find Lots DeAf of correctional facility's unit
Also still good About medical CARE + mental
Health CARE, other Education mental Health of
the DeAf. I will wAit for you or stacey Linter
will Read this PAPer ReAl good for me
gg to ProgrAms facility. I will PrAy you
        thank you

_10-20-08_       RespecT        David Bryant
   DATE                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
        DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

                                                  CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT          INSTITUTION

SUBJECT: _____

_____
        DATE

**EXHIBIT 14**

82

# EXHIBIT 15



BP-8
12-1-08

HAZ: 1330.13A
Date: November 29, 2006
Subject: Administrative Remedy
Program
Page: Attachment A

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C-1 |
|---|---|---|

1. Specific Complaint: I am deaf and need interpreters to communicate effectively with healthcare providers, program providers, instructors of classes, clerics, + other people who provide services to inmates.

2. Relief Requested: An interpreter of American Sign Language so I can effectively communicate.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager _____ | Unicor _____ | |
|---|---|---|---|
| Business Office | Psychology _____ | Education _____ | |
| Trust Fund/Laundry | Religious Services | Recreation _____ | |
| Health Services ✓ | Correctional Svcs ✓ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records | Administration | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted | Comments: |
|---|---|
| Issue Unresolved/ No Relief Granted ✓ | Comments: please speak with Education. Health Services does not do this |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: | Date: |
|---|---|
| Staff Signature: ~~H. Boyles~~ Health Services Administrator USP/SCF/SFF Hazelton | Date: 11/21-08 |
| Unit Manager's Signature: | Date: |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | 11/6/08 | | |

**EXHIBIT 15**

# EXHIBIT 16



UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

m: Bryant, David     06704-016    C1     USP Hazelton
    **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**     **UNIT**     **INSTITUTION**

**Part A– INMATE REQUEST**

I cannot hear the alarm in my cell always. I want a strobe and/or vibrating alarm in my cell.

11-9-08
**DATE**

**SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

RECEIVED
NOV 25 2008

_____      _____
**DATE**      **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**      **CASE NUMBER:** 516898-F1

     **CASE NUMBER:** _____

**Part C– RECEIPT**

Return to: _____
     **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**     **UNIT**     **INSTITUTION**

SUBJECT: _____

**EXHIBIT 16**

# EXHIBIT 17

LEAVENWORTH, KANSAS

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant David   06704-06   C1   USP Hazelton
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

. I am deaf and need an ASL interpreter to communicate effectively with healthcare providers, program providers, instructors B.D. clerics, and other people who provide programs-services to inmates

11-9-08
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**


RECEIVED
NOV 25 2008

---

DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 516896-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

**EXHIBIT 17**

EXHIBIT 18

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David    06704-016    C1    USP Hazelton
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I am deaf + need an ASL interpreter to communicate effectively with healthcare providers, program providers, instructors of classes, clerics and other people who provide programs + services to inmates.

12-16-08
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

DEC 1 8 2008

Bureau of Prisons
MARO Regional Counsel

DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

REGIONAL DIRECTOR

CASE NUMBER: 5160981R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

**EXHIBIT 18**

90

# EXHIBIT 19

BP 11   V20K

U.S. Department of Justice · Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-ents must be submitted with this appeal.

m: Bryant David        06704-06   P1    USP Hazelton

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

I am deaf + need an ASL interpreter
to communicate effectively w/ healthcare
providers, Program providers, instructors
of classes, clerics, + other people who
provide programs + services to inmates.

1-20-09
DATE

~~Dvd Bryant~~
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

# RECEIVED

JAN 2 7 2009

Administrative Remedy Section
Federal Bureau of Prisons

_____                _____
DATE                             GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

rt C - RECEIPT                    CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                _____
DATE                             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

**EXHIBIT 19**

# EXHIBIT 20

BP·11    1/20/09

**U.S. Department of Justice**

· **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Bryant David    06709-06   P1   USP Hazelton
　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

## Part A - REASON FOR APPEAL

I am deaf + need an ASL interpreter
to communicate effectively w/ healthcare
providers, Program providers, instructors
of classes, clerics, + other people who
provide programs + services to inmates.

1-20-09
DATE

David Bryant
SIGNATURE OF REQUESTER

## Part B - RESPONSE

# RECEIVED

JAN 2 7 2009

Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE

ORIGINAL: RETURN TO INMATE

rt C - RECEIPT

_____
GENERAL COUNSEL

CASE NUMBER: _____

CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

**EXHIBIT 20**

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 5, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID BRYANT, 06704-016
      HAZELTON USP    UNT: C    QTR: C01-123L
      P.O. BOX 450
      BRUCETON MILLS,   WV 26525


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 525209-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED    : JANUARY 27, 2009
SUBJECT 1        : OTHER INSTITUTION PROGRAMS
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.   YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,    REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


**EXHIBIT 20**

95

# EXHIBIT 21

125 BROAD STREET
NEW YORK, N.Y. 10004

July 24, 2009

<u>Via E-mail and U.S. Mail</u>

Warden James Cross
USP Hazelton
P.O. Box 450
Bruceton Mills, WV  26525
haz/execassistant@bop.gov

Re:    Request for Accommodation to Administrative Remedy Process
       <u>for Inmate David Bryant, 06704-016</u>

Dear Warden Cross:

        As I am sure you are aware, inmate David Bryant, Register Number 06704-016, is deaf. He communicates in American Sign Language ("ASL") and, therefore, does not communicate well in written English. To our knowledge, USP Hazelton does not have any qualified ASL interpreter on staff or under contract with the facility. Please do correct me if my information is incorrect.

        I, in conjunction with two of my associates and the Washington Lawyers' Committee for Civil Rights and Urban Affairs, have been retained by Mr. Bryant to enforce his rights under Section 504 of the Rehabilitation Act, including, but not limited to, the rights of reasonable accommodation for his disability and effective communication. Per Program Statement ("PS") 1330.16 and the Prison Litigation Reform Act, Mr. Bryant will be going through the administrative remedy process. He will be filing his BP-8s on July 30, after our legal visit.

        I request that under your obligations under PS 1330.16, § 10b and the Rehabilitation Act, Mr. Bryant be given the reasonable accommodation of having a copy of any response to any level of his administrative remedies be sent to me, his counsel, via email or facsimile. If that is done, we then will be able to effectively communicate the content of any such response to Mr. Bryant and explain his further obligations under the Administrative Remedy Process in a timely manner.

**EXHIBIT 21**

Warden James Cross                                                    -2-


Alternatively, USP Hazelton could hire a qualified ASL interpreter to assist Bryant in reviewing any responses to his administrative remedies, understanding the relevant portion of PS 1330.16, and completing any subsequent forms he must submit.

Please respond to this request by July 28, so that I will be able to effectively advise Mr. Bryant of the procedures we adopt during our visit with him on July 30. I am available by telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282.

Further, I am available at any time to discuss the underlying issue of Mr. Bryant's need for effective communication and accommodations so that we may resolve these issues.


                                                      Respectfully yours,



                                                      Matthew Fitzwater


cc:      BOP Associate Gen. Counsel Paul W. Layer
         Office of General Counsel
         320 1st Street, NW
         7th Floor
         Washington, DC 20534

         Bill Burlington, Regional Counsel
         Mid Atlantic Regional Office
         Federal Bureau of Prisons
         302 Sentinel Drive
         Suite 200
         Annapolis Junction, MD 20701


**EXHIBIT 21**

# EXHIBIT 22

#1

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population   /NGN

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.  Specific Complaint:**
I am a deaf inmate. Since I am deaf, I am unable to hear even loud noises. I am unable to hear the prison's alarms. I miss important warnings and announcements.

**2.  Relief Requested:**
Strobe or vibrating alarms or a vibrating pager. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc ____ | Unit Manager X | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted ____ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: David Bryant | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/ |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|

**EXHIBIT 22**
100

#2

## UNITED STATES PENITENTIARY HAZELTON
### REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population   / Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:** _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's guards. Among other problems, this means that I cannot hear calls for line-up.

**2.   Relief Requested:** _____

ASL interpreter for communications with the prison's guards and a vibrating pager for calls to line-up and other routine announcements. That the prison's guard who knows ASL be assigned to my unit as much as possible. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

### Part B: Referred To:

| Food Svc _____ | Unit Manager ✓ | Unicor _____ |
|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ |

### Part C: Informal Resolution Attempt

| Issue Resolved/<br>Relief Granted _____ | Comments: See the attached response to #1 |
|---|---|
| Issue Unresolved/<br>No Relief Granted _____ | Comments: |
| Unable To Address<br>Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/5 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 22**

101

**UNITED STATES PENITENTIARY HAZELTON**
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint: _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

2.   Relief Requested: _____

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Part B: Referred To:

| Food Svc ____ | Unit Manager ____ | Unicor ____ |
|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ |

Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted ____ | Comments: |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|

**EXHIBIT 22**

102

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**   *Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:** _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

**2.   Relief Requested:** _____

ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| | | |
|---|---|---|
| Food Svc _____ | Unit Manager  X | Unicor _____ |
| Business Office _____ | Psychology _____ | Education _____ |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments:  *See attached* |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 | |
|---|---|---|
| Staff Signature: | Date: 8/12/9 | |
| Unit Manager's Signature: | | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 22**

103

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population   *Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:**
I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in religious programs and services. I cannot understand or communicate with the prison's spiritual and religious personnel, who do not know ASL.

**2.   Relief Requested:**
ASL interpreter for religious services in order to understand and communicate effectively with spiritual and religious personnel. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager X | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted | Comments: *See attached* |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/5 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

EXHIBIT 22

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM – General Population** /Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

**2.   Relief Requested:**

That closed-captioning be enabled on a prison television available to me. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc ____ | Unit Manager  ✗ | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted | Comments:  See attached |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |
| Inmate Signature: *David Bryant* | Date: 7-30-9 |
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/8 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 22**

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population / Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1. Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

**2. Relief Requested:**

ASL interpreter for communicating with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc ___ | Unit Manager X | Unicor ___ | |
| Business Office ___ | Psychology ___ | Education ___ | |
| Trust Fund/Laundry ___ | Religious Services ___ | Recreation ___ | |
| Health Services ___ | Correctional Svcs ___ | Facilities ___ | |
| Safety ___ | ISM/Mailroom/Records ___ | Administration ___ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted ___ | Comments: See attached |
| Issue Unresolved/ No Relief Granted ___ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: David Bryant | Date: 7-30-9 |
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/ |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|

**EXHIBIT 22**

106

# EXHIBIT 23

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population /Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint: _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

2.   Relief Requested: _____

ASL interpreter for communicating with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Part B: Referred To:

| Food Svc _____ | Unit Manager X | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted _____ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: David Bryant | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/ |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

EXHIBIT 23

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated 07-30-09.  You recently indicated because you are deaf you are having a difficult time communicating with Health Services staff. You stated you cannot understand or communicate effectively with people who do not understand American Sign Language (ASL).

Contact has been made with Health Services staff who have been unaware of your recent problems communicating. Since your arrival on 10-11-2007, they have attempted to work with you to overcome your disability by exchanging and sharing written messages.  It appeared this procedure was mutually successful and there was an understanding obtained between you an Health Services staff.  It is unfortunate, you are beginning to experience problems communicating.  Currently, however, we do not have staff who are skilled in ASL.  Nevertheless, this maybe a skill that we could explore in more detail when new staff or new hires are being considered for employment at USP Hazelton.


_____          _____
R. E. Milton, Unit Manager                Date   8/12/9


**EXHIBIT 23**

109

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**      /Non

| INMATE'S NAME: David Bryant | REG. NO.06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint:

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

2.   Relief Requested:

ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager  X | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments:  See attached |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: 8/12/9 |
| Unit Manager's Signature: | Date: 8/12/5 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 23**

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated 07-30-09.  You recently indicated because you are deaf you are unable to participate in the prison's education programs and vocational programs.  You stated you cannot participate or communicate effectively with instructors or other students who do not understand American Sign Language (ASL).

Contact has been made with Educational Services staff who have indicated they have attempted to work with you in the past and provide you with educational programs based on your special needs.  However,  it appears you have demonstrated very little motivation to engage with the educational staff to assist you in educational and vocational programming.  I encourage you to meet with the Educational Supervisor who is aware of your needs and can assist you in your educational programming.

R. E. Milton, Unit Manager          8/12/9
                                     Date

**EXHIBIT 23**

111



#1

## UNITED STATES PENITENTIARY HAZELTON
### REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION FORM - General Population /Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.  Specific Complaint:**

I am a deaf inmate. Since I am deaf, I am unable to hear even loud noises. I am unable to hear the prison's alarms. I miss important warnings and announcements.

**2.  Relief Requested:**

Strobe or vibrating alarms or a vibrating pager. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager __X__ | Unicor _____ |
|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: *See attached* |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/ |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 23**

INFORMAL RESOLUTION success

This is in response to your Request for Informal Resolution dated
07-30-09.  You indicate because you are deaf you have a
difficulty hearing loud noises and alarms.  You request strobe or
vibrating alarms or a vibrating pager as an alternative or a
transfer to another prison with other deaf inmates.

As an inmate you are under constant supervision by correctional
staff.  In case of emergencies and or alarms staff are
accountable for your whereabouts and will insure you are notified
and your safety maintained.  In addition, fire alarms meet visual
compliance with strobe and inmates are not allowed to possess any
electronic device that is not approved by the Federal Bureau of
Prisons.


R. E. Milton, Unit Manager          Date


**EXHIBIT 23**

113

#2

## UNITED STATES PENITENTIARY HAZELTON
### REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION FORM ~ General Population  /Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.  Specific Complaint:** _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's guards. Among other problems, this means that I cannot hear calls for line-up.

**2.  Relief Requested:** _____

ASL interpreter for communications with the prison's guards and a vibrating pager for calls to line-up and other routine announcements. That the prison's guard who knows ASL be assigned to my unit as much as possible. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

### Part B: Referred To:

| Food Svc ____ | Unit Manager ✓ | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

### Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted ____ | Comments: See the attached Response to #1 |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |
| Inmate Signature: David Bryant | Date: 7-30-9 |
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

### Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 23**

114

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint:

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

2.   Relief Requested:

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager _____ | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: David Bryant | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: |

| Counselor's Tracking | | | | | |
|---|---|---|---|---|---|
| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
| | | | | | |

**EXHIBIT 23**

115

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population    /NoN/

| INMATE'S NAME: David Bryant | REG. NO.06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint:
I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in religious programs and services. I cannot understand or communicate with the prison's spiritual and religious personnel, who do not know ASL.

2.   Relief Requested:
ASL interpreter for religious services in order to understand and communicate effectively with spiritual and religious personnel. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Part B: Referred To:

| Food Svc ___ | Unit Manager X | Unicor ___ | |
|---|---|---|---|
| Business Office ___ | Psychology ___ | Education ___ | |
| Trust Fund/Laundry ___ | Religious Services ___ | Recreation ___ | |
| Health Services ___ | Correctional Svcs ___ | Facilities ___ | |
| Safety ___ | ISM/Mailroom/Records ___ | Administration ___ | |

Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted ___ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted ___ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/8 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

EXHIBIT 23

116

## INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated
07-30-09.  You recently indicated because you are deaf you are
having a difficult time communicating with Religious Services
staff.  You stated you cannot participate in religious programs
and services with people who do not understand American Sign
Language (ASL).

Contact has been made with Religious Services staff who have been
unaware of your recent problems communicating. Since your arrival
on 10-11-2007, they have attempted to work with you to overcome
your disability by exchanging and sharing written messages.  It
appeared this procedure was mutually successful and there was an
understanding obtained between you and the Religious Services
staff.  It is unfortunate, you are beginning to experience
problems communicating.  In addition, numerous religious programs
are conducted by inmates under the supervision of the Chaplain
and you have been accompanied by a companion who has assisted you
in communicating and sharing your religious beliefs.  Currently,
however, we do not have staff who are skilled in ASL.
Nevertheless, this maybe a skill that we could explore in more
detail when new staff or new hires are being considered for
employment at USP Hazelton.


_____        _____
R. E. Milton, Unit Manager                    Date



**EXHIBIT 23**

117

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM ~ General Population /Non

| INMATE'S NAME: David Bryant | REG. NO.06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

**2.   Relief Requested:**

That closed-captioning be enabled on a prison television available to me. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager   X | Unicor _____ |  |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ |  |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ |  |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ |  |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ |  |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments:   See attached |  |
|---|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |  |
| Unable To Address Issue/Referred To: | Comments: |  |
| Inmate Signature: _David Bryant_ | Date: 7-30-9 | |
| Staff Signature: | Date: | |
| Unit Manager's Signature: | | Date: 8/12/9 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**EXHIBIT 23**

118

INFORMAL RESOLUTION success

This is in response to your Request for Informal Resolution dated
07-30-09.  You indicate because you are deaf you are unable to
understand and enjoy television because the closed captioning is
not turned on.   A television in C-1 has been designated with
closed captioning.  If there are problems with this television
you need to inform the unit officer or unit staff.


_____
R. E. Milton, Unit Manager          _____8/14/5_____
                                    Date


**EXHIBIT 23**

# EXHIBIT 24

125 BROAD STREET
NEW YORK, N.Y. 10004

August 18, 2009

Via U.S. Mail

Warden James Cross
USP Hazelton
P.O. Box 450
Bruceton Mills, WV  26525

Re:   Inmate David Bryant, Register Number 06704-016

Dear Warden Cross:

I write on behalf of inmate David Bryant, Register Number 06704-016, who is deaf and communicates in American Sign Language ("ASL").  Enclosed please find seven Requests for an Administrative Remedy (BP-9s) that Mr. Bryant submits in an effort to enable him to become informed of prison warnings and announcements, participate in prison activities, and communicate with inmates and prison staff, including guards, medical personnel, religious and spiritual leaders, educators, and work personnel.

On July 30, 2009, Mr. Bryant filed seven requests for an administrative remedy (BP-8s) related to these same subjects.  He received responses to six of those requests on August 12, 2009.  Attached to each of the enclosed BP-9s is a copy (without attachments) of the corresponding response that Mr. Bryant received to each of his informal requests.  For the request to which he received no response, Mr. Bryant has attached to the corresponding BP-9 a copy of the unanswered request.

In addition, I have not received a response to my request of July 24, 2009 for an accommodation so that I (and my colleagues) may help Mr. Bryant with the grievance process.  This accommodation is necessary because Mr. Bryant communicates in ASL, which is a language with a complex grammatical structure and without a one-to-one correspondence with English.  Specifically, I requested that under PS 1330.16, § 10b and the Rehabilitation Act, Mr. Bryant be given the reasonable accommodation of having a copy of any response to any level of his administrative remedies be sent to me, his counsel, via email or facsimile.  This accommodation is necessary in order for Mr. Bryant to comply with the grievance process as his understanding and ability to communicate in

**EXHIBIT 24**

121

Warden James Cross                                                            -2-

English is limited.  Additionally, I also request a copy of USP Hazelton's Institutional
Supplement to PS 1330.16, which is not otherwise publicly available, so that we can
ensure that Mr. Bryant complies with USP Hazleton's guidelines.

        I am available at any time to discuss these issues.  You can reach me by
telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-
9282.

        Respectfully yours,

        Matthew Fitzwater


(Enclosures)

cc:    BOP Associate General Counsel Paul W. Layer (via email)
        Bill Burlington, BOP Regional Counsel (via email)


**EXHIBIT 24**

FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David, D.__         __06704-016__     __C-1__        __U.S.P. Hazelton__
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT           INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot
understand or communicate effectively with people who do not know ASL.  I am
unable to participate in religious programs and services.  I cannot understand or
communicate with the prison's spiritual and religious personnel, who do not know ASL.

I am requesting an ASL interpreter for religious services in order to understand
and communicate effectively with spiritual and religious personnel.  As an
alternative, I request a transfer to a prison with other deaf inmates and with
programs for the deaf.

__5-13-9__                                    _____
    DATE                                        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                          _____
        DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                              CASE NUMBER: _____

**Part C- RECEIPT**
Return to: __Bryant, David, D.__         __06704-016__     __C-1__        __U.S.P. Hazelt__
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT           INSTITUTION

SUBJECT: _____

_____        ☮        _____   BP-229
        DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)   APRIL 1

**EXHIBIT 24**

123

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM ~ General Population  /NoN/

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint:
·I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in religious programs and services. I cannot understand or communicate with the prison's spiritual and religious personnel, who do not know ASL.

2.   Relief Requested:
ASL interpreter for religious services in order to understand and communicate effectively with spiritual and religious personnel. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Part B: Referred To:

| Food Svc _____ | Unit Manager X | Unicor _____ |
|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ |

Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted _____ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: David Bryant | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 9/12/5 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|

**EXHIBIT 24**
124

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated
07-30-09.  You recently indicated because you are deaf you are
having a difficult time communicating with Religious Services
staff.  You stated you cannot participate in religious programs
and services with people who do not understand American Sign
Language (ASL).

Contact has been made with Religious Services staff who have been
unaware of your recent problems communicating. Since your arrival
on 10-11-2007, they have attempted to work with you to overcome
your disability by exchanging and sharing written messages.  It
appeared this procedure was mutually successful and there was an
understanding obtained between you and the Religious Services
staff.  It is unfortunate, you are beginning to experience
problems communicating.  In addition, numerous religious programs
are conducted by inmates under the supervision of the Chaplain
and you have been accompanied by a companion who has assisted you
in communicating and sharing your religious beliefs.  Currently,
however, we do not have staff who are skilled in ASL.
Nevertheless, this maybe a skill that we could explore in more
detail when new staff or new hires are being considered for
employment at USP Hazelton.


_____          _____
R. E. Milton, Unit Manager                    Date


**EXHIBIT 24**

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David, D.          06704-016          C-1          U.S.P. Hazelton  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

4-13-9  
DATE

_____  
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____  
DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon:*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

                                   CASE NUMBER: _____

**Part C– RECEIPT**

Return to: Bryant, David, D.          06704-016          C-1          U.S.P. Hazelt·  
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____  
DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229  
                                                            APRIL 1

**EXHIBIT 24**

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM – General Population**

*Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

**2.   Relief Requested:**

ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager ✗ | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: *See attached* |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 | |
|---|---|---|
| Staff Signature: | Date: 8/12/9 | |
| Unit Manager's Signature: | | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 24**

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated 07-30-09.  You recently indicated because you are deaf you are unable to participate in the prison's education programs and vocational programs.  You stated you cannot participate or communicate effectively with instructors or other students who do not understand American Sign Language (ASL).

Contact has been made with Educational Services staff who have indicated they have attempted to work with you in the past and provide you with educational programs based on your special needs.  However, it appears you have demonstrated very little motivation to engage with the educational staff to assist you in educational and vocational programming.  I encourage you to meet with the Educational Supervisor who is aware of your needs and can assist you in your educational programming.


_____          8/12/9
R. E. Milton, Unit Manager                _____
                                          Date


**EXHIBIT 24**

128

FEDERAL PENITENTIARY
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

For these reasons, I am requesting closed-captioning be enabled on a prison television available to me. As an alternative, I request a transfer to a prison with other deaf inmates and with programs for the deaf.

9-13-?
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                    _____
DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respon...*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                            CASE NUMBER: _____

**Part C- RECEIPT**

| Return to: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelt |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____                    _____
DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 24**

129

me

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM – General Population** /Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT:  C - 1 |
|---|---|---|

**1.   Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

**2.   Relief Requested:**

That closed-captioning be enabled on a prison television available to me. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager  ✗ | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted ____ | Comments:  See attached |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature:  David Bryant | Date:  7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date:  8/12/5 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 24**

INFORMAL RESOLUTION success

This is in response to your Request for Informal Resolution dated 07-30-09.  You indicate because you are deaf you are unable to understand and enjoy television because the closed captioning is not turned on.   A television in C-1 has been designated with closed captioning.  If there are problems with this television you need to inform the unit officer or unit staff.

R. E. Milton, Unit Manager                     8/14/5
                                               Date

**EXHIBIT 24**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David, D._____ __06704-016___ __C-1___ __U.S.P. Hazelton__
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot
understand or communicate effectively with people who do not know ASL. I am unable
to understand or communicate effectively with medical staff and healthcare
providers, including mental healthcare professionals and pharmacists.

I am requesting an ASL interpreter for communicating with medical staff and healthcare
providers, including mental healthcare professionals and pharmacists. As an alternative,
I request a transfer to a prison with other deaf inmates and programs for the deaf.

__8-13-9_____
      DATE

_____
      SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____        _____
      DATE                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

_____

                                             CASE NUMBER: _____

**Part C- RECEIPT**

Return to: __Bryant, David, D._____ __06704-016___ __C-1___ __U.S.P. Hazelt__
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____        _____
      DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                        BP-229
                                                            APRIL 1

**EXHIBIT 24**

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population */Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.  Specific Complaint: _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

2.  Relief Requested: _____

ASL interpreter for communicating with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager X | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: *See attached* |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 24**

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated 07-30-09.  You recently indicated because you are deaf you are having a difficult time communicating with Health Services staff. You stated you cannot understand or communicate effectively with people who do not understand American Sign Language (ASL).

Contact has been made with Health Services staff who have been unaware of your recent problems communicating. Since your arrival on 10-11-2007, they have attempted to work with you to overcome your disability by exchanging and sharing written messages.  It appeared this procedure was mutually successful and there was an understanding obtained between you an Health Services staff.  It is unfortunate, you are beginning to experience problems communicating.  Currently, however, we do not have staff who are skilled in ASL.  Nevertheless, this maybe a skill that we could explore in more detail when new staff or new hires are being considered for employment at USP Hazelton.

_____          _____
R. E. Milton, Unit Manager                    Date   8/12/9

**EXHIBIT 24**

134

CONFIDENTIAL DOCUMENT # 1
US PENITENTIARY
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David, D.                06704-016        C-1          U.S.P. Hazelton
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's guards. Among other problems, this means that I cannot hear calls for line-up.

For these reasons, I am requesting an ASL interpreter for communications with the prison's guards and a vibrating pager for calls to line-up and other routine announcements. And, I request that the prison's guard who knows ASL be assigned to my unit as much as possible. As an alternative, I request a transfer to a priso with other deaf inmates and programs for the deaf.

8-13-9
  DATE                                                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

    DATE                                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respons*

ORIGINAL: RETURN TO INMATE                                        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                              CASE NUMBER: _____

**Part C- RECEIPT**

Return to: Bryant, David, D.                06704-016        C-1          U.S.P. Hazelt
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

    DATE                                                RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229
                                                                 APRIL 1

**EXHIBIT 24**

135

#2

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population** */Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:** _____
I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's guards. Among other problems, this means that I cannot hear calls for line-up.

**2.   Relief Requested:** _____
ASL interpreter for communications with the prison's guards and a vibrating pager for calls to line-up and other routine announcements. That the prison's guard who knows ASL be assigned to my unit as much as possible. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager ✓ | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: See the attached response to #1 |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 24**

136

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: <u>Bryant, David, D.</u>  <u>06704-016</u>  <u>C-1</u>  <u>U.S.P. Hazelton</u>
 LAST NAME, FIRST, MIDDLE INITIAL  REG. NO.  UNIT  INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate. Since I am deaf, I am unable to hear even loud noises. I am unable to hear the prison's alarms. I miss important warnings and announcements.

For these reasons, I am requesting a strobe or vibrating alarm or a vibrating pager. As an alternative, I request a transfer to a prison with other deaf inmates and with programs for the deaf.

<u>3-13-9</u>
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE  CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: <u>Bryant, David, D.</u>  <u>06704-016</u>  <u>C-1</u>  <u>U.S.P. Hazelto</u>
 LAST NAME, FIRST, MIDDLE INITIAL  REG. NO.  UNIT  INSTITUTION

SUBJECT: _____

DATE  RECIPIENT'S SIGNATURE (STAFF MEMBER)  BP-229
APRIL 1

**EXHIBIT 24**

137



#1

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM – General Population   /Non

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.  Specific Complaint:**

I am a deaf inmate. Since I am deaf, I am unable to hear even loud noises. I am unable to hear the prison's alarms. I miss important warnings and announcements.

**2.  Relief Requested:**

Strobe or vibrating alarms or a vibrating pager. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| | | |
|---|---|---|
| Food Svc _____ | Unit Manager  X | Unicor _____ |
| Business Office _____ | Psychology _____ | Education _____ |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7 - 30 - 9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 24**

138

INFORMAL RESOLUTION success

This is in response to your Request for Informal Resolution dated 07-30-09.  You indicate because you are deaf you have a difficulty hearing loud noises and alarms.  You request strobe or vibrating alarms or a vibrating pager as an alternative or a transfer to another prison with other deaf inmates.

As an inmate you are under constant supervision by correctional staff.  In case of emergencies and or alarms staff are accountable for your whereabouts and will insure you are notified and your safety maintained.  In addition, fire alarms meet visual compliance with strobe and inmates are not allowed to possess any electronic device that is not approved by the Federal Bureau of Prisons.


_____          _____
R. E. Milton, Unit Manager                Date


**EXHIBIT 24**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: <u>Bryant, David, D.</u>      <u>06704-016</u>      <u>C-1</u>      <u>U.S.P. Hazelton</u>
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

I am requesting an ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

<u>4-13-9</u>
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE　　CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: <u>Bryant, David, D.</u>      <u>06704-016</u>      <u>C-1</u>      <u>U.S.P. Hazelt</u>
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

DATE　　　　　　　RECIPIENT'S SIGNATURE (STAFF MEMBER)　　BP-229 APRIL 1

**EXHIBIT 24**

140

**UNITED STATES PENITENTIARY HAZELTON**
**REQUEST FOR ADMINISTRATIVE REMEDY**
**INFORMAL RESOLUTION FORM - General Population**

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:** _____

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

**2.   Relief Requested:** _____

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| | | | |
|---|---|---|---|
| Food Svc ____ | Unit Manager ____ | Unicor ____ | |
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| | |
|---|---|
| Issue Resolved/ Relief Granted ____ | Comments: |
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: |

| Counselor's Tracking | | | | | |
|---|---|---|---|---|---|
| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
| | | | | | |

**EXHIBIT 24**

141

EXHIBIT 25



United States Department of Justice
Federal Bureau of Prisons
United States Penitentiary -
Hazelton
Post Office Box 450
Sky View Drive
Bruceton Mills, West Virginia 26525
(304) 379-5000

*Office of the Warden*

August 31, 2009

Mr. Matthew Fitzwater, Attorney at Law
125 Broad Street
New York, New York 10004

RE:   Bryant, David
      Register Number 06704-016

Dear Mr. Fitzwater:

This letter is in response to your letter dated July 24, 2009, regarding David Bryant, an inmate currently incarcerated at the United States Penitentiary (USP) Hazelton, Bruceton Mills, West Virginia.  You have requested under Program Statement 1330.16, <u>Administrative Remedy Program</u> that inmate Bryant be given reasonable accommodation of having administrative remedy responses from any level, sent to your office via e-mail or facsimile.  You state this will allow you to effectively communicate the content of any such response to inmate Bryant, and explain his further obligations under the Administrative Remedy Process in a timely matter.

Inmate Bryant arrived at USP Hazelton on August 8, 2005. Since then, he has developed a positive rapport with staff and has interacted with staff to resolve numerous issues.  Due to inmate Bryant's disability, staff have maintained communication via written correspondence, which in the past appears to have been successful.

Inmate Bryant has complete access to the Administrative Remedy Program. The intent of the program is to informally resolve issues before a request for an Administrative Remedy is processed.  In addition, it is inmate Bryant's responsibility to use the program in good faith and in an honest and straightforward manner. Additionally, in order to maintain the integrity of the Administrative Remedy program, it is inmate Bryant's responsibility to personally provide staff with the completed Administrative Remedy for processing.  For that reason, the forms received from your office on August 18, 2009 are being returned to your office.

**EXHIBIT 25**

143

Page 2
RE:   Bryant, David
      Register Number 06704-016


Due to security reasons, inmates do not have access to facsimile
machines.  However, to communicate via e-mail (TRULINCS) it is the
inmates responsibility to obtain approval and assume all costs.
Otherwise, Mr. Bryant can utilize the postal service and be responsible
for the cost of all mailing to your office.  Inmate Bryant also has
access to a Telephone Device for the Deaf (TDD) at this institution.

Additionally, we are currently awaiting a transfer which was submitted to
the Designation and Sentence Computation Center for consideration of an
Adjustment Purposes transfer on August 26, 2009.

I trust that I have adequately addressed your concerns.  If you have any
further questions, please feel free to contact Richard Milton, Unit
Manager at 304-379-5000.


Sincerely,


James N. Cross, Warden


2

**EXHIBIT 25**

144

# EXHIBIT 26

125 BROAD STREET
NEW YORK, N.Y. 10004-2498

September 28, 2009

By Hand

Kim M. White
Regional Director
Mid Atlantic Regional Office
Federal Bureau of Prisons
302 Sentinel Drive, Suite 200
Annapolis Junction, Maryland 20701

Re:    Inmate David Bryant, Register Number 06704-016

Dear Regional Director White:

I write on behalf of USP Hazelton inmate David Bryant, Register Number 06704-016, who is deaf and communicates in American Sign Language ("ASL"). Enclosed please find seven Regional Administrative Remedy Appeals (BP-10s) that Mr. Bryant submits in an effort to enable him to become informed of prison warnings and announcements, participate in prison activities, and communicate with inmates and prison staff, including guards, medical personnel, religious and spiritual leaders, educators, and work personnel.

On July 24, 2009, I requested an accommodation from Warden James Cross so that I (and my colleagues) may help Mr. Bryant with the grievance process. Mr. Bryant had previously been unsuccessful in trying to complete the grievance process and planned to file new Informal Resolution Forms (BP-8s) following our legal visit on July 30, 2009. As I explained then, and again by letter dated August 18, 2009, this accommodation is necessary because Mr. Bryant communicates in ASL, a language with a complex grammatical structure that is without a one-to-one correspondence with English. Specifically, I requested that under PS 1330.16, § 10b and the Rehabilitation Act, Mr. Bryant be given the reasonable accommodation of having a copy of any response to any level of his requests for administrative remedies be sent to me, his counsel, via email or facsimile. As I stated, this accommodation is necessary in order for Mr. Bryant to comply with the grievance process as his understanding and ability to

**EXHIBIT 26**

146

Regional Director White                                                                                -2-

communicate in English is limited.  Additionally, I also requested a copy of USP
Hazelton's Institutional Supplement to PS 1330.16, which is not otherwise publicly
available, so that we can ensure that Mr. Bryant complies with USP Hazleton's
guidelines.[1]

      After our scheduled legal visit, and without an accommodation, or any
response from Warden Cross, Mr. Bryant filed seven BP-8s related to the subjects
outlined at the beginning of this letter.  Mr. Bryant received unsatisfactory responses to
his BP-8s (including one non-response), and, as such, filed seven Requests for
Administrative Remedy (BP-9s) under cover of my letter dated August 18, 2009.

      On September 14, 2009, I received Warden Cross's response to my July
24 Letter and Mr. Bryant's seven BP-9s.[2]  Warden Cross, ignoring our request for an
accommodation under PS 1330.16, § 10b and the Rehabilitation Act, stated that "[i]nmate
Bryant has complete access to the Administrative Remedy Program [and that it is his]
responsibility to use the program in good faith and in an honest and straightforward
manner."  Warden Cross included no explanation as to how Mr. Bryant's use of the
grievance process to address the prison's failure to accommodate his disability is
somehow in bad faith.  Furthermore, Warden Cross's refusal to grant an accommodation
clearly contradicts his responsibility to "ensure that assistance is available for inmates
who are illiterate, disable, or who are not functionally literate in English."  PS 1330.16, §
10b.  As detailed above, in my previous letters to Warden Cross and in Mr. Bryant's BP-
8s and BP-9s, Mr. Bryant is deaf and does not communicate in English.  Although timely
submitted, Warden Cross refused to process Mr. Bryant's BP-9s, "in order to maintain
the integrity of the Administrative Remedy program" and said Mr. Bryant needed to
"personally provide staff with the completed Administrative Remedy for processing."  As
Warden Cross's response to Mr. Bryant's BP-9s is unsatisfactory, Mr. Bryant is filing the
enclosed BP-10s.

_____

[1]    To date, I have not been provided with a copy of this supplement.

[2]    Although Warden Cross's response is dated August 31, 2009, it was not
postmarked until 11 days later on September 11, 2009.  Furthermore, Warden
Cross' letter did not acknowledge my August 18 letter.

**EXHIBIT 26**

Regional Director White                                                    -3-


        I am available at any time to discuss these issues.  You can reach me by telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282.

                                        Respectfully yours,

                                        Matthew Fitzwater


(Enclosures)

cc:     BOP Associate General Counsel Paul W. Layer (via email)


**EXHIBIT 26**

148

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David _____ 06701-016 _____ SHU _____ USP Hazelton
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL**

My request, detailed in the attached BP8s and BP-9s, has been refused and the need for my request has not been remedied.

9-27-? _____　　　　_____
DATE　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____　　　　_____
DATE　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　CASE NUMBER: _____

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

SUBJECT: _____

_____　　　　_____
DATE　　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN　　　　　　　　PRINTED ON RECYCLED PAPER　　　　　　　BP-230(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　JUNE 2002

**EXHIBIT 26**

UNICOR FEDERAL PRISON INDUSTRIES, INC
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in religious programs and services. I cannot understand or communicate with the prison's spiritual and religious personnel, who do not know ASL.

I am requesting an ASL interpreter for religious services in order to understand and communicate effectively with spiritual and religious personnel. As an alternative, I request a transfer to a prison with other deaf inmates and with programs for the deaf.

5-13-9
DATE

_David Bryant_
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____ DATE          WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 30 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

| Return to: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelt |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____ DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229
APRIL 1

**EXHIBIT 26**

150

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population /Non/

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.   Specific Complaint:
I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in religious programs and services. I cannot understand or communicate with the prison's spiritual and religious personnel, who do not know ASL.

2.   Relief Requested:
ASL interpreter for religious services in order to understand and communicate effectively with spiritual and religious personnel. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Part B: Referred To:

| Food Svc _____ | Unit Manager X | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted _____ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: _David Bryant_ | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 26**

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated 07-30-09.  You recently indicated because you are deaf you are having a difficult time communicating with Religious Services staff.  You stated you cannot participate in religious programs and services with people who do not understand American Sign Language (ASL).

Contact has been made with Religious Services staff who have been unaware of your recent problems communicating. Since your arrival on 10-11-2007, they have attempted to work with you to overcome your disability by exchanging and sharing written messages.  It appeared this procedure was mutually successful and there was an understanding obtained between you and the Religious Services staff.  It is unfortunate, you are beginning to experience problems communicating.  In addition, numerous religious programs are conducted by inmates under the supervision of the Chaplain and you have been accompanied by a companion who has assisted you in communicating and sharing your religious beliefs.  Currently, however, we do not have staff who are skilled in ASL. Nevertheless, this maybe a skill that we could explore in more detail when new staff or new hires are being considered for employment at USP Hazelton.


_____          _____
R. E. Milton, Unit Manager                              Date

**EXHIBIT 26**

152

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Bryant David_    _06704-016_    _SHU_    _USP Hazelton_
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

My request, detailed in the attached BP8s and BP9s, has been refused and the need for my request has not been remedied.

_9-27-9_
DATE

_[signature]_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

PRINTED ON RECYCLED PAPER      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                   BP-230(13)
JUNE 2002

**EXHIBIT 26**

UNICOR FEDERAL PRISON INDUSTRIES INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

8-13-9
_____
DATE

_David Bryant_
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                    _____
DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

                                              CASE NUMBER: _____

**Part C– RECEIPT**

| Return to: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelt· |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____                    _____
DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 26**

154

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population    *Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

**1.   Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

**2.   Relief Requested:**

ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc ____ | Unit Manager X | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted ____ | Comments: *See attached* |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: 8/12/9 |
| Unit Manager's Signature: | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | > 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|

EXHIBIT 26

155

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated
07-30-09.  You recently indicated because you are deaf you are
unable to participate in the prison's education programs and
vocational programs.  You stated you cannot participate or
communicate effectively with instructors or other students who do
not understand American Sign Language (ASL).

Contact has been made with Educational Services staff who have
indicated they have attempted to work with you in the past and
provide you with educational programs based on your special
needs.  However,  it appears you have demonstrated very little
motivation to engage with the educational staff to assist you in
educational and vocational programming.  I encourage you to meet
with the Educational Supervisor who is aware of your needs and
can assist you in your educational programming.


_____          8/12/9
R. E. Milton, Unit Manager                  Date

**EXHIBIT 26**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must he submitted with this appeal.

From: Bryant David        06704-016      SHU        USP Hazelton
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

My request, detailed in the attached BP-8s and BP9s, has been refused and the need for my request has not been remedied.

9-27-7
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                        _____
DATE                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                        _____
DATE                                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                          PRINTED ON RECYCLED PAPER                      BP-230(13)
                                                               JUNE 2002

**EXHIBIT 26**

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David, D.          06704-016          C-1          U.S.P. Hazelton
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT        INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

For these reasons, I am requesting closed-captioning be enabled on a prison television available to me. As an alternative, I request a transfer to a prison with other deaf inmates and with programs for the deaf.

8-13-9
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

                                    CASE NUMBER: _____
**Part C- RECEIPT**

Return to: Bryant, David, D.          06704-016          C-1          U.S.P. Hazelt
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT        INSTITUTION

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 26**

158

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population *Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
| --- | --- | --- |

**1. Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

**2. Relief Requested:**

That closed-captioning be enabled on a prison television available to me. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager X | Unicor _____ | |
| --- | --- | --- | --- |
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: See attached |
| --- | --- |
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: _____ | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
| --- | --- |
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

**EXHIBIT 26**

159

INFORMAL RESOLUTION success

This is in response to your Request for Informal Resolution dated
07-30-09.  You indicate because you are deaf you are unable to
understand and enjoy television because the closed captioning is
not turned on.   A television in C-1 has been designated with
closed captioning.  If there are problems with this television
you need to inform the unit officer or unit staff.

_____         _____
R. E. Milton, Unit Manager                8/12/9
                                          Date

**EXHIBIT 26**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David _____ 06704-016 _____ SHU _____ USP Hazelton
          LAST NAME, FIRST, MIDDLE INITIAL.         REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

My request, detailed in the attached BP-8s and BP-9s has been refused and the need for my request has not been remedied.

9-27-8
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
               LAST NAME, FIRST, MIDDLE INITIAL.          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

**EXHIBIT 26**

161

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David, D.                        06704-016        C-1            U.S.P. Hazelton
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT           INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot
understand or communicate effectively with people who do not know ASL.  I am unable
to understand or communicate effectively with medical staff and healthcare
providers, including mental healthcare professionals and pharmacists.

I am requesting an ASL interpreter for communicating with medical staff and healthcare
providers, including mental healthcare professionals and pharmacists.  As an alternative,
I request a transfer to a prison with other deaf inmates and programs for the deaf.

5-13-9
DATE                                            SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                          CASE NUMBER: _____

                                                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: Bryant, David, D.                   06704-016        C-1            U.S.P. Hazelt
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.          UNIT           INSTITUTION

SUBJECT: _____

_____                                RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229
DATE                                                                                         APRIL 1

**EXHIBIT 26**

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population  *Non*

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |

**1. Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

**2. Relief Requested:**

ASL interpreter for communicating with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc ____ | Unit Manager ___X___ | Unicor ____ | |
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted ____ | Comments: *See attached* |
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: *David Bryant* | Date: 7-30-9 |
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/12/9 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

**EXHIBIT 26**

163

INFORMAL RESOLUTION

This is in response to your Request for Informal Resolution dated
07-30-09.  You recently indicated because you are deaf you are
having a difficult time communicating with Health Services staff.
You stated you cannot understand or communicate effectively with
people who do not understand American Sign Language (ASL).

Contact has been made with Health Services staff who have been
unaware of your recent problems communicating. Since your arrival
on 10-11-2007, they have attempted to work with you to overcome
your disability by exchanging and sharing written messages.  It
appeared this procedure was mutually successful and there was an
understanding obtained between you an Health Services staff.  It
is unfortunate, you are beginning to experience problems
communicating.  Currently, however, we do not have staff who are
skilled in ASL.  Nevertheless, this maybe a skill that we could
explore in more detail when new staff or new hires are being
considered for employment at USP Hazelton.


R. E. Milton, Unit Manager                    8/12/9
                                              Date

**EXHIBIT 26**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ___Bryant David___ ___06704-016___ ___SHU___ ___USP Hazelton___
       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

My request, detailed in the attached BP-8s and BP-9s, has been refused and the need for my request has not been remedied.

___9-27-?___
    DATE

___David Bryant___
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____     _____
          DATE                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

**Part C - RECEIPT**                              CASE NUMBER: _____

Return to: _____   _____   _____   _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT     INSTITUTION

SUBJECT: _____

_____     _____
          DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                    PRINTED ON RECYCLED PAPER                          BP-230(13)
                                                                             JUNE 2002

**EXHIBIT 26**

165

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David, D.__ ___06704-016___ __C-1__ __U.S.P. Hazelton__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot
understand or communicate effectively with people who do not know ASL.  I am
unable to understand or communicate effectively with the prison's guards.  Among
other problems, this means that I cannot hear calls for line-up.

For these reasons, I am requesting an ASL interpreter for communications with the
prison's guards and a vibrating pager for calls to line-up and other routine
announcements.  And, I request that the prison's guard who knows ASL be
assigned to my unit as much as possible.  As an alternative, I request a transfer to a priso
with other deaf inmates and programs for the deaf.

__8-13-9__
    DATE                                           SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____ _____
    DATE                                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respons.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

                                               CASE NUMBER: _____

**Part C– RECEIPT**

Return to: __Bryant, David, D.__ ___06704-016___ __C-1__ __U.S.P. Hazelt__
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____ _____
    DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)       BP-229
                                                              APRIL 1

**EXHIBIT 26**

#2

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM - General Population / Non

| INMATE'S NAME: David Bryant | REG. NO.06704-016 | UNIT: C - 1 |
|---|---|---|

**1. Specific Complaint:**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's guards. Among other problems, this means that I cannot hear calls for line-up.

**2. Relief Requested:**

ASL interpreter for communications with the prison's guards and a vibrating pager for calls to line-up and other routine announcements. That the prison's guard who knows ASL be assigned to my unit as much as possible. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

**Part B: Referred To:**

| Food Svc _____ | Unit Manager ✓ | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry ___ | Religious Services _____ | Recreation ___ | |
| Health Services _____ | Correctional Svcs ___ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted _____ | Comments: *See the attached Response to* #1 |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: _[signature]_ | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: _[signature]_ | Date: 8/12/9 |

Counselor's Tracking

| Tracking # | Event Date | ► 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 26**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must he submitted with this appeal.

From: ___Bryant David___ ___06754-016___ ___SHU___ ___USP Hazelton___
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

My requests, detailed in the attached BP-9s and BP-9s, has been refused and the need for my request has not been remedied.

___7-27-9___                                    ___David Bryant___
     DATE                                         SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                    _____
        DATE                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

**Part C - RECEIPT**
                                           CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION
SUBJECT: _____

_____                    _____
        DATE                                SIGNATURE, RECIPIENT OF REGIONAL APPEAL
USP LVN                                                                BP-230(13)
                                                                       JUNE 2002
               PRINTED ON RECYCLED PAPER

**EXHIBIT 26**

168

UNICOR FEDERAL PRISON INDUSTRIES, INC
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I am a deaf inmate.  Since I am deaf, I am unable to hear even loud noises.  I am unable to hear the prison's alarms.  I miss important warnings and announcements.

For these reasons, I am requesting a strobe or vibrating alarm or a vibrating pager.  As an alternative, I request a transfer to a prison with other deaf inmates and with programs for the deaf.

3. 13 - 9
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                              CASE NUMBER: _____

**Part C- RECEIPT**

| Return to: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelt |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 26**



#1

### UNITED STATES PENITENTIARY HAZELTON
### REQUEST FOR ADMINISTRATIVE REMEDY
#### INFORMAL RESOLUTION FORM - General Population /NoN

| INMATE'S NAME: David Bryant | REG. NO.06704-016 | UNIT: C - 1 |
|---|---|---|

**1. Specific Complaint:** _____

I am a deaf inmate. Since I am deaf, I am unable to hear even loud noises. I am unable to hear the prison's alarms. I miss important warnings and announcements.

**2. Relief Requested:** _____

Strobe or vibrating alarms or a vibrating pager. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

**Part B: Referred To:**

| Food Svc ____ | Unit Manager X | Unicor ____ | |
|---|---|---|---|
| Business Office ____ | Psychology ____ | Education ____ | |
| Trust Fund/Laundry ____ | Religious Services ____ | Recreation ____ | |
| Health Services ____ | Correctional Svcs ____ | Facilities ____ | |
| Safety ____ | ISM/Mailroom/Records ____ | Administration ____ | |

**Part C: Informal Resolution Attempt**

| Issue Resolved/ Relief Granted ____ | Comments: See attached |
|---|---|
| Issue Unresolved/ No Relief Granted ____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: _David Bryant_ | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: 8/2/5 |

**Counselor's Tracking**

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 26**

170

INFORMAL RESOLUTION success

This is in response to your Request for Informal Resolution dated 07-30-09.  You indicate because you are deaf you have a difficulty hearing loud noises and alarms.  You request strobe or vibrating alarms or a vibrating pager as an alternative or a transfer to another prison with other deaf inmates.

As an inmate you are under constant supervision by correctional staff.  In case of emergencies and or alarms staff are accountable for your whereabouts and will insure you are notified and your safety maintained.  In addition, fire alarms meet visual compliance with strobe and inmates are not allowed to possess any electronic device that is not approved by the Federal Bureau of Prisons.


_____          _____
R. E. Milton, Unit Manager                          Date


**EXHIBIT 26**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David          0570H-06     SHU      USP Hazelton
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

My requests, detailed in the attached BP-8's
and BP-9's, has ~~been~~ been refused and
the need for my request has not
been remedied.

8/27/9
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE



SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-230(13)
JUNE 2002

**EXHIBIT 26**

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelton |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot
understand or communicate effectively with people who do not know ASL. I am
unable to participate effectively in the prison's work programs because I am
unable to understand or communicate with work managers and coordinators.

I am requesting an ASL interpreter for work programs in order to understand and communicate
with work managers and coordinators. As an alternative, I request a transfer to a prison
with other deaf inmates and programs for the deaf.

4-13-9
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

                                                             CASE NUMBER: _____

**Part C- RECEIPT**

| Return to: | Bryant, David, D. | 06704-016 | C-1 | U.S.P. Hazelt |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 26**

UNITED STATES PENITENTIARY HAZELTON
REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM ~ General Population

| INMATE'S NAME: David Bryant | REG. NO. 06704-016 | UNIT: C - 1 |
|---|---|---|

1.  Specific Complaint:

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

2.  Relief Requested:

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Part B: Referred To:

| Food Svc _____ | Unit Manager _____ | Unicor _____ | |
|---|---|---|---|
| Business Office _____ | Psychology _____ | Education _____ | |
| Trust Fund/Laundry _____ | Religious Services _____ | Recreation _____ | |
| Health Services _____ | Correctional Svcs _____ | Facilities _____ | |
| Safety _____ | ISM/Mailroom/Records _____ | Administration _____ | |

Part C: Informal Resolution Attempt

| Issue Resolved/ Relief Granted _____ | Comments: |
|---|---|
| Issue Unresolved/ No Relief Granted _____ | Comments: |
| Unable To Address Issue/Referred To: | Comments: |

| Inmate Signature: | Date: 7-30-9 |
|---|---|
| Staff Signature: | Date: |
| Unit Manager's Signature: | Date: |

Counselor's Tracking

| Tracking # | Event Date | + 20 Days | Form Issued | BP-9 Issued | BP-9 Returned |
|---|---|---|---|---|---|
| | | | | | |

**EXHIBIT 26**

174



**United States Department of Justice**
**Federal Bureau of Prisons**
**United States Penitentiary - Hazelton**
**Post Office Box 450**
**Sky View Drive**
**Bruceton Mills, West Virginia 26525**
**(304) 379-5000**

*Office of the Warden*

August 31, 2009

Mr. Matthew Fitzwater, Attorney at Law
125 Broad Street
New York, New York 10004

RE:  Bryant, David
     Register Number 06704-016

Dear Mr. Fitzwater:

This letter is in response to your letter dated July 24, 2009, regarding David Bryant, an inmate currently incarcerated at the United States Penitentiary (USP) Hazelton, Bruceton Mills, West Virginia.  You have requested under Program Statement 1330.16, <u>Administrative Remedy Program</u> that inmate Bryant be given reasonable accommodation of having administrative remedy responses from any level, sent to your office via e-mail or facsimile.  You state this will allow you to effectively communicate the content of any such response to inmate Bryant, and explain his further obligations under the Administrative Remedy Process in a timely matter.

Inmate Bryant arrived at USP Hazelton on August 8, 2005. Since then, he has developed a positive rapport with staff and has interacted with staff to resolve numerous issues.  Due to inmate Bryant's disability, staff have maintained communication via written correspondence, which in the past appears to have been successful.

Inmate Bryant has complete access to the Administrative Remedy Program. The intent of the program is to informally resolve issues before a request for an Administrative Remedy is processed.  In addition, it is inmate Bryant's responsibility to use the program in good faith and in an honest and straightforward manner. Additionally, in order to maintain the integrity of the Administrative Remedy program, it is inmate Bryant's responsibility to personally provide staff with the completed Administrative Remedy for processing.  For that reason, the forms received from your office on August 18, 2009 are being returned to your office.

**EXHIBIT 26**

Page 2
RE:  Bryant, David
     Register Number 06704-016


Due to security reasons, inmates do not have access to facsimile machines.  However, to communicate via e-mail (TRULINCS) it is the inmates responsibility to obtain approval and assume all costs. Otherwise, Mr. Bryant can utilize the postal service and be responsible for the cost of all mailing to your office.  Inmate Bryant also has access to a Telephone Device for the Deaf (TDD) at this institution.

Additionally, we are currently awaiting a transfer which was submitted to the Designation and Sentence Computation Center for consideration of an Adjustment Purposes transfer on August 26, 2009.

I trust that I have adequately addressed your concerns.  If you have any further questions, please feel free to contact Richard Milton, Unit Manager at 304-379-5000.


Sincerely,


James N. Cross, Warden


2


**EXHIBIT 26**

176

EXHIBIT 27

**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

---

302 Sentinel Drive, Suite 200
Annapolis Junction, MD 20701


October 8, 2009


Matthew Fitzwater
125 Broad Street
New York, New York 10004

                              RE: BRYANT, David
                              Register Number: 06704-016

Dear Mr. Fitzwater,

     This is in response to your September 28, 2009, inquiry
regarding David Bryant, an inmate formerly incarcerated at the
United States Penitentiary in Bruceton Mills, West Virginia
(USP Hazelton).  In your letter you enclosed a number of
administrative remedy regional appeals on behalf of Mr. Bryant and
requested the he receive an accommodation for filing administrative
remedies.  Specifically, you asked that all administrative remedy
responses be sent directly to you via e-mail or facsimile.
Underlying all of this is the concern that Mr. Bryant needs
specific daily accommodations so that he can be informed of
announcements and warnings, participate in prison activities, and
communicate with inmates, staff and others.

     We have learned that Mr. Bryant was redesignated and
transferred from USP Hazelton on October 6, 2009.  He is currently
housed at the Federal Transfer Center in Oklahoma City, Oklahoma,
as a holdover en route to his destination institution.  Security
concerns preclude us from informing you of that institution while
he is in transit, but he should arrive there in the very near
future.

     We provide this information for two purposes.  First, we
believe it renders moot any specific issues he had related to his
incarceration at USP Hazelton.  While the issues may arise at his
new institution, he will need to address them with the staff at that
location.  In addition, we have determined that the administrative
remedies you submitted should be rejected because they did not
include an institution response or rejection and were not submitted

**EXHIBIT 27**

directly by Mr. Bryant.  See 28 C.F.R. §§ 542.15(b)(1) and 542.16(a).  We have returned them directly to Mr. Bryant.  He may wish to pursue them at his designated institution and appropriate regional office upon arrival.

    I trust this response addresses your concerns regarding your client.  Should you have any questions or additional concerns, please do not hesitate to contact me, or once Mr. Bryant arrives at his newly designated institution, the Warden or Regional Director as appropriate.

              Sincerely,

              K. M. White
              Regional Director

- 2 -

**EXHIBIT 27**

# EXHIBIT 28

Coleman prison on lockdown after fight - OrlandoSentinel.com                    Page 1 of 1

orlandosentinel.com/news/local/lake/lake-coleman-lockdown-101509,0,2305406.story

# OrlandoSentinel.com

## Coleman prison on lockdown after fight

Martin E. Comas

Sentinel Staff Writer

3:29 PM EDT, October 15, 2009

COLEMAN

One of two high security wings at Coleman Federal Correctional Complex was placed on lockdown this morning after an altercation between an inmate and a correctional officer, according to a prison spokeswoman. The FBI was called to investigate.



"It was an isolated incident," said Kathy Lane, a prison public information officer.

Lockdown means that the roughly 1,530 inmates housed at USP 1 are kept in their cells while officials conduct their investigation and interview those involved.

The Coleman Federal Correctional Complex, off County Road 470 in Sumter County, is the nation's largest prison. Earlier this month, the same high-security wing was placed in lockdown after an altercation that injured two correctional officers.

Copyright © 2009, Orlando Sentinel

http://www.orlandosentinel.com/news/local/lake/lake-coleman-lockdown-101509,0,4747...   10/16/2009

**EXHIBIT 28**

# EXHIBIT 29

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: BRYANT, DAVID De JUAN    06204-016    M    USP-1 COLEMAN
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A- INMATE REQUEST   I AM serious that my feeling By Interest medical, mental Health care Also very very strong medication. please Don't Like make sick from swine FLU and please I Need FLU shot stop swine FLU, please I Need strong medication for sleep and 75mg pheni for pain
Thank you
Respect

11-3-9
DATE

SIGNATURE OF REQUESTER

Part B- RESPONSE

RCVD NOV 5 '09

_____ DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 56355A-H

                                                  CASE NUMBER: _____

Part C- RECEIPT

eturn to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO     UNIT     INSTITUTION

SUBJECT: _____

_____ DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN         BP-229(13)
                                            APRIL 1982

**EXHIBIT 29**

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: BRYANT DAVID De.JUAN  06704-016   M     USP-1 coleman
    LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT              INSTITUTION

Part A- INMATE REQUEST  I AM Serious that my Feeling Interest
by use of televison sets in inmate'
cell, and specifically address the
Availiability of closed-captioned televison
for Deaf-impaired inmate,
    Thank you
    Respect

11-3-7
DATE                                              SIGNATURE OF REQUESTER

Part B- RESPONSE

RCVD NOV 5 '09

_____                    _____
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 563558- F1

                                  CASE NUMBER: _____

Part C- RECEIPT

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                           BP-229(13)
                                           APRIL 1982

**EXHIBIT 29**

# EXHIBIT 30

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David DeJuan    06704-016    M    USP-1 Coleman
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST   I AM Serious that my Feeling By
Interest Medical, Mental Health care
Also Very very strong medication. please
Don't Like make sick from swine
Flu and please I Need Flu shot
stop swine Flu, please I Need strong
medication for sleep and 75mg phen
for pain
Thank you
Respect

11-3-9
DATE

SIGNATURE OF REQUESTER

Part B- RESPONSE

RCVD NOV 5 '09

DATE                          WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 56355A-FI

CASE NUMBER: _____

Part C- RECEIPT

eturn to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO    UNIT    INSTITUTION

SUBJECT: _____

DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                    BP-229(13)
                                                           APRIL 1982

**EXHIBIT 30**

186

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 6, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      COLEMAN I USP

TO  : DAVID BRYANT, 06704-016
      COLEMAN I USP     UNT: L/M    QTR: M01-108U
      P.O. BOX 1023
      COLEMAN, FL 33521


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 563559-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : NOVEMBER 5, 2009
SUBJECT 1       : PRESCRIPTIONS, MEDICATION
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.


**EXHIBIT 30**

U.S. DEPARTMENT OF JUSTICE                      **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: BRYANT DAVID De. Juan 06704-016 M      USP-1 coleman
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A- INMATE REQUEST  I AM serious that my feeling Interest
by use of televison sets in Inmate'
cell, and specifically address the
Availiability of closed-captioned Televison
for Deaf-Impaired Inmate,
    thank you
    Respect

11-3-7
DATE                                    SIGNATURE OF REQUESTER

Part B- RESPONSE

RCVD NOV 5 '09

---

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 563558-F1

CASE NUMBER: _____

Part C- RECEIPT
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 30**

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 6, 2009


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      COLEMAN I USP

TO  : DAVID BRYANT, 06704-016
      COLEMAN I USP    UNT: L/M    QTR: M01-108U
      P.O. BOX 1023
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 563558-F2     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : NOVEMBER 5, 2009
SUBJECT 1       : OTHER OPERATIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.


**EXHIBIT 30**

189

# EXHIBIT 31

125 BROAD STREET
NEW YORK, N.Y. 10004-2498

November 3, 2009

<u>Via E-mail and U.S. Mail</u>

Warden Scott A. Middlebrooks
USP Coleman I
U.S. Penitentiary
P.O. Box 1023
Coleman, FL 33521
coa/publicinformation@bop.gov

Re:   Request for Accommodation to Administrative Remedy Process
       for Inmate David Bryant, 06704-016

Dear Warden Middlebrooks:

   Recently, David Bryant, Register Number 06704-016, was transferred to USP
Coleman I from USP Hazelton. As I am sure you are aware, Mr. Bryant is deaf. He
communicates in American Sign Language ("ASL") and, therefore, does not
communicate effectively in written English and requires a teletypewriter ("TTY") to
communicate via telephone. To our knowledge, USP Coleman I does not have any
qualified ASL interpreter on staff or under contract nor is it equipped with a working
TTY. Please do correct me if my information is incorrect.

   I, in conjunction with two of my associates and the Washington Lawyers'
Committee for Civil Rights and Urban Affairs, have been retained by Mr. Bryant to
enforce his rights under Section 504 of the Rehabilitation Act, including, but not limited
to, the rights of reasonable accommodation for his disability and effective
communication. Mr. Bryant sought similar accommodations at USP Hazelton and was
going through the administrative remedy process when he was transferred.

   I request that as per your obligations under § 10b and the Rehabilitation Act and
Program Statement ("PS") 1330.16, Mr. Bryant be provided with access to a working
TTY so that he may communicate with his family and his counsel and that he also be
given the reasonable accommodation of having a copy of any communications from you
or any other employee of the Bureau of Prisons to him also be sent to me, his counsel, via
email or facsimile. Additionally, I request that a copy of the USP Coleman I's

**EXHIBIT 31**

191

Warden Middlebrooks

-2-

Institutional Supplement be sent to me. If these requests are met, we then will be able to effectively communicate with Mr. Bryant and enable him to utilize the administrative remedy process.

Alternatively, in addition to providing Mr. Bryant access to a working TTY, USP Coleman I could hire a qualified ASL interpreter to assist Mr. Bryant in reviewing any communications he receives from you or other employees of the Bureau of Prisons—including responses to his administrative remedies, understanding the relevant portion of PS 1330.16, and completing any subsequent forms he must submit—or to assist Mr. Bryant in communications related to any medical care or treatment he may require.

I am available by telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282, at any time to discuss the underlying issue of Mr. Bryant's need for effective communication and accommodations so that we may resolve these issues.

Respectfully yours,

Matthew S. Fitzwater

cc:     BOP Associate Gen. Counsel Paul W. Layer
        Office of General Counsel
        320 1st Street, NW
        7th Floor
        Washington, DC 20534

        Lisa M. Sunderman, Regional Counsel
        Southeast Regional Office
        Federal Bureau of Prisons
        3800 Camp CRK PK SW/BDG 2000
        Atlanta, GA  30331

        Jeff Campbell, Legal Counsel
        USP Coleman I
        U.S. Penitentiary
        P.O. Box 1023
        Coleman, FL  33521
        j4campbell@bop.gov

**EXHIBIT 31**

# EXHIBIT 32



**U. S. Department of Justice**

**Federal Bureau of Prisons**

**Federal Correctional Complex**

P. O. Box 1023
Coleman, Florida 33521-1023

November 10, 2009

Matthew S. Fitzwater, Esq.
125 Broad Street
New York, N.Y. 10004-2498

Re:   David Bryant
      Reg. No. 06704-016

Dear Mr. Fitzwater:

This is in response to your letter of November 3, 2009, in which you request your client, the above-referenced inmate, be provided with a TTY device or access to an ASL interpreter. In addition, you request to receive copies of any communications between staff and inmate Bryant and a copy of the Institution Supplement regarding the administrative remedy process.

Although we do not presently possess a TTY device, we are in the process of securing the services of an interpreter.

In regard to your request for copies of all correspondence to be forwarded to you, we are unable to copy third parties on all correspondence, as it would simply be too much of an administrative burden. However, inmates do have access to a copy machine and Mr. Bryant may forward you any copies of correspondence he would like you to have.

A copy of the Institution Supplement COC 1330.16A, Informal Resolution of Inmate Complaints and Administrative Remedy Program, dated January 16, 2008, is enclosed. It is important to note that all Administrative Remedy filings must come from the inmate. The inmate may seek assistance from an outside source in filling out the form, however, the form will not be accepted if it is not received directly from the inmate (through his unit team). Additionally, if an attempt at informal resolution is not attempted by the inmate with his counselor or other unit team member, the remedy will be rejected. It is important to note a rejected remedy may ordinarily be resubmitted within an appropriate time frame.

I trust this addresses your concerns. Please contact Supervisory Attorney Jeff Campbell at 352/689-7380 with any further concerns.

Sincerely,

Scott A. Middlebrooks
Warden

**EXHIBIT 32**

194

# EXHIBIT 33

| | |
|---|---|
| **From:** | Jeff Campbell |
| **To:** | Gelfand, Andrew E. |
| **Subject:** | Re: Inmate David Bryant (No. 06704-016) |
| **Date:** | Thursday, December 10, 2009 3:25:19 PM |

There's no telling what my schedule will be like tomorrow.  If time permits, I'll try to drop by the visiting room tomorrow afternoon.  Good luck.

>>> "Gelfand, Andrew E." <Gelfanda@sullcrom.com> 12/10/2009 1:56 PM >>>
Dear Mr. Campbell,

My colleague, Timothea Letson, and I will be visiting our client David Bryant (06704-016) at USP Coleman I tomorrow morning.  If you are available tomorrow (in the early afternoon), we think it could be useful to discuss Mr. Bryant's situation as a deaf prisoner with you.  I'll be reachable by email or on my cell phone (917) 596-5348, if you would like to try to set up a time to meet.

Thanks,
Andrew

Andrew E. Gelfand
125 Broad St.
New York, New York 10004
Tel: (212) 558-4097
Fax: (212) 291-9298

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

This message is intended for official use and may contain SENSITIVE information. If this message contains SENSITIVE information, it should be properly delivered, labeled, stored, and disposed of according to policy."

**EXHIBIT 33**

# EXHIBIT 34

| From: | Jeff Campbell |
|---|---|
| To: | Gelfand, Andrew E. |
| Subject: | Re: Inmate David Bryant, Register No. 06704-016 |
| Date: | Tuesday, January 12, 2010 2:41:38 PM |

I will do my best to meet with you.  Download the form from www.bop.gov, policy is "Administrative Remedy Procedures."  I'll check on the progress on the machine.

>>> "Gelfand, Andrew E." <Gelfanda@sullcrom.com> 1/12/2010 11:33 AM >>>
Dear Mr. Campbell,

I write on behalf of inmate David Bryant, Register Number 06704-016, who is deaf and communicates in American Sign Language ("ASL").  Mr. Bryant requires assistance to communicate with prison staff and participate in the prison grievance process because ASL is a language with a complex grammatical structure and without a one-to-one correspondence with English.  On November 30, 2009, my colleague Matt Fitzwater wrote to you about:  (1) whether USP Coleman I is in the process of either obtaining a working TTY machine or hiring a qualified ASL interpreter to accommodate Mr. Bryant's communication needs; and (2) whether USP Coleman I would reconsider its denial of the reasonable accommodation of sending Matt a copy of any communication from prison officials to Mr. Bryant.  I have attached a copy of Matt's Nov. 30 letter for your convenience.  To date, we have not received a response.

My colleague, Timothea Letson, and I plan to visit Mr. Bryant at USP Coleman I on January 21, 2010.  We'd appreciate it if you could respond to Matt's letter as soon as is reasonably possible.  In addition, we request that the prison grant us the reasonable accommodation of sending us a copy of the prison's informal request for an administrative remedy form (BP-8).

When we visit the prison next week, we are available to meet with you to discuss these issues.  Matt also is available at any time.  You can reach him by telephone, (212) 558-1632, or email, fitzwaterm@sullcrom.com<mailto:fitzwaterm@sullcrom.com>.

Regards,
Andrew

Andrew E. Gelfand
125 Broad St.
New York, New York 10004
Tel: (212) 558-4097
Fax: (212) 291-9298

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

This message is intended for official use and may contain SENSITIVE information. If this message contains SENSITIVE information, it should be properly delivered, labeled, stored, and disposed

**EXHIBIT 34**

of according to policy."

**EXHIBIT 34**

199

# EXHIBIT 35

| From: | Jeff Campbell |
|---|---|
| To: | Gelfand, Andrew E. |
| Subject: | RE: Inmate David Bryant, Register No. 06704-016 |
| Date: | Wednesday, January 20, 2010 9:28:02 AM |

Unfortunately I learned yesterday that I will be undergoing dental surgery on that day and will be out.  I will follow up on your issue, though.  Thanks.

>>> "Gelfand, Andrew E." <Gelfanda@sullcrom.com> 1/19/2010 4:03 PM >>>
Mr. Campbell,

My colleagues, Timothea Letson and Deborah Golden, and I plan to be at USP Coleman I at 9 am on Thursday to visit with Mr. Bryant.  Is there a time that you would be available to meet that day?

Regards,
Andrew

-----Original Message-----
From: Jeff Campbell [mailto:j4campbell@bop.gov]
Sent: Tuesday, January 12, 2010 2:41 PM
To: Gelfand, Andrew E.
Subject: Re: Inmate David Bryant, Register No. 06704-016

I will do my best to meet with you.  Download the form from www.bop.gov,
policy is "Administrative Remedy Procedures."  I'll check on the progress on the machine.

>>> "Gelfand, Andrew E." <Gelfanda@sullcrom.com> 1/12/2010 11:33 AM >>>
Dear Mr. Campbell,

I write on behalf of inmate David Bryant, Register Number 06704-016, who is deaf and communicates in American Sign Language ("ASL").  Mr. Bryant requires assistance to communicate with prison staff and participate in the prison grievance process because ASL is a language with a complex grammatical structure and without a one-to-one correspondence with English.  On November 30, 2009, my colleague Matt Fitzwater wrote to you about:  (1) whether USP Coleman I is in the process of either obtaining a working TTY machine or hiring a qualified
ASL interpreter to accommodate Mr. Bryant's communication needs; and (2)
whether USP Coleman I would reconsider its denial of the reasonable accommodation of sending Matt a copy of any communication from prison officials to Mr. Bryant.  I have attached a copy of Matt's Nov. 30 letter for your convenience.  To date, we have not received a response.

My colleague, Timothea Letson, and I plan to visit Mr. Bryant at USP Coleman I on January 21, 2010.  We'd appreciate it if you could respond
to Matt's letter as soon as is reasonably possible.  In addition, we request that the prison grant us the reasonable accommodation of sending
us a copy of the prison's informal request for an administrative

**EXHIBIT 35**

remedy
form (BP-8).

When we visit the prison next week, we are available to meet with you
to discuss these issues.  Matt also is available at any time.  You can
reach him by telephone, (212) 558-1632, or email,
fitzwaterm@sullcrom.com< mailto:fitzwaterm@sullcrom.com >.

Regards,
Andrew

Andrew E. Gelfand
125 Broad St.
New York, New York 10004
Tel: (212) 558-4097
Fax: (212) 291-9298

This e-mail is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended
recipient, please delete the e-mail and notify us immediately.

This message is intended for official use and may
contain SENSITIVE information. If this message
contains SENSITIVE information, it should be
properly delivered, labeled, stored, and disposed
of according to policy."

This message is intended for official use and may
contain SENSITIVE information. If this message
contains SENSITIVE information, it should be
properly delivered, labeled, stored, and disposed
of according to policy."

**EXHIBIT 35**

# EXHIBIT 36



COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant _____     06704-016 _____     _____     _X̲_____
Inmate Name                             Register No.                  Qtrs./Unit              Inmate Signature

1.        Specific complaint (one 8 ½" x 11" continuation page may be attached) :
I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate
effectively with people who do not know ASL.  I am unable to participate effectively in the prison's work programs
because I am unable to understand or communicate with work managers and coordinators.

2.        What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?
I requested work in the commissary.

3.        What action does the inmate wish to be taken to correct the issue?
ASL interpreter for work programs in order to understand and communicate with work managers and coordinators.
As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :
As you are in special housing you will remain
unassigned, once released back to special the
compliand you must submit a cop-out to that
detail supervisor and at his/her discretion
whether they hire you or not.

_____ COUNSELOR          1/22/10        **Staff Circle One:**
Correctional Counselor        Date
                                                     (Informally Resolved)   Not Informally Resolved

**Unit Manager's Review**

_____          1/22/10
Unit Manager                     Date

Distribution by Correctional Counselor:
1.     If complaint is informally resolved, maintain original on file in the Unit.
2.     If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | _____ | _____ | _____ |
| Time: | 1000 | 1300 | _____ | _____ | _____ |
| Counselor: | ⟋ | ⟋ | _____ | _____ | _____ |

NY12528:416076.1

**EXHIBIT 36**

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | _Dvid Bryant_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.       Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I have difficulty understanding spoken English.  I am unable to understand and enjoy television because the closed-captioning is not turned on.

*Other inmates prevent me from keeping the closed-captioning on.*

2.       What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

*I have communicated with Case Manager Crotty, Counselor Dunn and have written to Warden Middlebrooks.*

3.       What action does the inmate wish to be taken to correct the issue?

That closed-captioning be enabled on a prison television available to me.  As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*As you are Housed in Special Housing you Do Not have access to the television.  Once released to the compound you will have access to closed captioning television.*

| _G. DUNN_ | _1/22/10_ | Staff Circle One: |
|---|---|---|
| Correctional Counselor COUNSELOR | Date | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| _R. Wright_ | _1/22/10_ |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.     If complaint is informally resolved, maintain original on file in the Unit.

2.     If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | _S_ | _S_ | | | |

NY12528:416066.1

**EXHIBIT 36**

205

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE: Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS: Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | _David Bryant_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and am unable to use a standard telephone. I am unable to communicate with anyone outside the prison, including my family and lawyers.

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I communicated with Case Manager Crafty and Counselor Dunn. My lawyers have written to Warden Middlebrooks and attorney Jeff Campbell.

3.      What action does the inmate wish to be taken to correct the issue?

The prison should get a TTY machine or a video phone, and allow use of relay service.

Correctional Counselor's Comments (including actual steps taken to resolve) :

WE CURRENTLY HAVE A TTY MACHINE AVAILABLE TO YOU WHILE HOUSED IN THE SPECIAL HOUSING UNIT. HOWEVER, YOU WILL BE AFFORDED A PHONE CALL EVERY 30 DAYS AS THE REST OF THE INMATES IN SHU ARE ALLOWED.

| G. DUNN IN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor COUNSELOR | Date | (Informally Resolved)   Not Informally Resolved |

| _Unit Manager signature_ | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.   If complaint is informally resolved, maintain original on file in the Unit.
2.   If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | _sig_ | _sig_ | | | |

NY12528:416049.1

**EXHIBIT 36**

206

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant                          06704-016
Inmate Name                           Register No.          Qtrs./Unit          Inmate Signature

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate. Since I am deaf, I am unable to hear even loud noises. I am unable to hear the prison's alarms.
I miss important warnings and announcements.

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

3.      What action does the inmate wish to be taken to correct the issue?

Strobe or vibrating alarms or a vibrating pager. As an alternative, a transfer to a prison with other deaf inmates and
with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

You are issued and in possession of brilated
hearing aids as well as batteries for your
hearing aids. USP can provide for and
accomodate your specific disability and
needs.

G. DUNN
Correctional Counselor                1/22/10          **Staff Circle One:**
CONUSELOR                             Date
                                                       (Informally Resolved)   Not Informally Resolved

**Unit Manager's Review**

Unit Manager                          1/22/10
                                      Date

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416066.1

**EXHIBIT 36**

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant _____   06704-016 _____   _____   _Signature_
Inmate Name                        Register No.            Qtrs./Unit          Inmate Signature

1.        Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

2.        What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

I have communicated with Nurse Delarosa, Dr. Tidwell and the psychologist.

3.        What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As per Health Services they have received and understand your written requests. You have the ability to read lips and write your requests the various Departments with favorable results.

G. DUNN
Correctional COUNSELOR _____   1/22/10 ____   Staff Circle One:
                                        Date              (Informally Resolved)   Not Informally Resolved

Unit Manager's Review

_signature_ _____   1/22/10 ____
Unit Manager                       Date

Distribution by Correctional Counselor:
1.   If complaint is informally resolved, maintain original on file in the Unit.
2.   If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416074.1

**EXHIBIT 36**

208



COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant                              06704-016
Inmate Name                               Register No.            Qtrs./Unit              Inmate Signature

1.        Specific complaint (one 8 ½" x 11" continuation page may be attached) :
I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

2.        What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?
I have communicated with educational staff.

3.        What action does the inmate wish to be taken to correct the issue?
ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :
As per the Education Department, "All resources and curriculum have been made available to you upon request. Also the Education Department makes frequent rounds in Special Housing to accommodate any educational needs while assigned there.

G. DUNN
COUNSELOR                              1/22/10
Correctional Counselor                 Date          Staff Circle One:
                                                     (Informally Resolved)   Not Informally Resolved

Unit Manager's Review
                                       1/22/10
Unit Manager                           Date

Distribution by Correctional Counselor:
1.    If complaint is informally resolved, maintain original on file in the Unit.
2.    If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416070.1

**EXHIBIT 36**

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | *David Bryant* |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to understand or communicate effectively with the prison's ~~staff~~.  Among other problems, this means that I cannot hear calls for line-up.

2.      What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

_____

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with the prison's ~~staff~~ and a vibrating pager for calls to line-up and other routine announcements.  That the prison's ~~staff~~ who knows ASL be assigned to my unit as much as possible.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*Printed call-outs by inmates are provided in each housing unit for the days moves. Routine times for movements and programs are provided in the inmates A+O handbook that is issued to the inmate upon orientation to the institution*

| Correctional Counselor **G. DUNN COUNSELOR** | 1/22/10 | Staff Circle One: |
|---|---|---|
| | Date | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| *Unit Manager* | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is **not** informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | _____ | _____ | _____ |
| Time: | 1000 | 1300 | _____ | _____ | _____ |
| Counselor: | *GD* | *GD* | _____ | _____ | _____ |

NY12528:416071.1

**EXHIBIT 36**

210

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | SHU | _David Bryant_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate, who uses the assistance of a hearing aid.  The prison, however, has failed to give me batteries for my hearing aid.  Thus far I have only received batteries of the wrong size.

2.    What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

I have ~~communicated with~~ Case Manager Crofty, the Doctor and I wrote to Warden Middlebrooks regarding my need for correct hearing aid batteries.

3.    What action does the inmate wish to be taken to correct the issue?

The prison should give me batteries for my hearing aid as they are needed.  The batteries need to be specific for hearing aids, eg. size 13 or size 675.

Correctional Counselor's Comments (including actual steps taken to resolve) :

Health Services has been notified of this. You have received size 13 batteries on two separate occassions which actually exceeds the allotted battery issue of every 6 months. This per Dr. Vargas, AHSA.

| G. DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | |

COUNSELOR

(Informally Resolved)   Not Informally Resolved

Unit Manager's Review

_(signature)_     1/22/10

| Unit Manager | Date |
|---|---|

Distribution by Correctional Counselor:

1.    If complaint is informally resolved, maintain original on file in the Unit.

2.    If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | ____ | ____ | ____ |
| Time: | 1000 | 1300 | ____ | ____ | ____ |
| Counselor: | _signature_ | _signature_ | ____ | ____ | ____ |

NY12528:416058.1

**EXHIBIT 36**

# EXHIBIT 37

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__   __06704-016__   __SHU__   __USP Coleman I__
LAST NAME, FIRST, MIDDLE INITIAL.   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators. I was not allowed to work before I was put in the Special Housing Unit ("SHU") and, should I be released from the SHU, I still would not be able to fill out the work assignment request form or effectively communicate with work managers and coordinators without an ASL interpreter.

For these reasons, I am requesting an ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

__2-4-10__
DATE

X _____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

_____   _____
DATE   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE   CASE NUMBER: 576335-F1

_____
CASE NUMBER

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE   RECIPIENT'S SIGNATURE (STAFF MEMBER)

**EXHIBIT 37**

213

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I requested work in the commisary.

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As you are in special housing you will remain unassigned, once released back to satca the compliand you must submit a cod-out to that detail supervisor and at his/her discretion whether they hire you or not.

| Correctional Counselor | 1/22/10 | Staff Circle One: |
|---|---|---|
| COUNSELOR | Date | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416076.1

**EXHIBIT 37**

214

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ___Bryant, David D.___ ___06704-016___ ___544___ ___USP Coleman I___
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT        INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate, who uses the assistance of a hearing aid. The prison has failed, however, to give me batteries for my hearing aid. Thus far I have only received batteries of the wrong size. Furthermore, I need to be given correctly sized batteries more often than once every six months because the batteries do not last nearly that long.

For these reasons, I am requesting that the prison give me batteries for my hearing aid on an as needed basis. The batteries need to be specific for hearing aids, e.g. size 13 or size 675.

___2-4-10___                                    _David Bryant_
DATE                                         SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.                      RCVD FEB 10 '10

_____                    _____
DATE                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _575644-F1_

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL    REG NO.    UNIT    INSTITUTION

SUBJECT: _____

_____     ✪     _____
DATE                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

**EXHIBIT 37**
215

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | SHU | _David Bryant_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.   Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate, who uses the assistance of a hearing aid. The prison, however, has failed to give me batteries for my hearing aid.  Thus far I have only received batteries of the wrong size.

2.   What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have communicated with Case Manager Crafty, the Doctor and I wrote to Warden Middlebrooks regarding my need for correct hearing aid batteries.

3.   What action does the inmate wish to be taken to correct the issue?

The prison should give me batteries for my hearing aid as they are needed.  The batteries need to be specific for hearing aids, eg. size 13 or size 675.

Correctional Counselor's Comments (including actual steps taken to resolve) :

Health Services has been notified of this. You have received size 13 batteries on two separate occassions which actually exceeds the allotted battery issue of every 6 months. This per Dr. Vargas, AHSA.

| G. DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| (signature) | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.   If complaint is informally resolved, maintain original on file in the Unit.

2.   If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | (initials) | (initials) | | | |

NY12528:416058.1

**EXHIBIT 37**

216

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ____Bryant, David D.____  ____06704-016____  ____5U4____  ____USP Coleman I____
  LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate, and I communicate in American Sign Language (ASL). I do not understand or effectively communicate with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental health professionals and pharmacists. Communication in written or spoken English, as opposed to ASL, is an ineffective way for me to communicate with these health professionals.

For these reasons I am requesting an ASL interpreter to help me communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

____2-4-10____
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCV'D FEB 10 '10

*See attached response.*

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 576536-F1

CASE NUMBER:

**Part C– RECEIPT**

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT:

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 37**

217

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

2.      What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

I have communicated with Nurse Deloroana, Dr. Tidwell and the psychologist.

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As per Health Services they have received and understand your written requests. You have the ability to read lips and write your requests the various Departments with favorable results.

| G. DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | (Informally Resolved)    Not Informally Resolved |

Unit Manager's Review

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416074.1

**EXHIBIT 37**

218

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__      __06704-016__      __5Hcl__      __USP Coleman I__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate. Since I'm deaf, I'm unable to hear audio based notices. I am unable to hear the prison's alarms. I miss important warnings and announcements, Even when I have working hearing aids.

For these reasons, I am requesting that the prison install strobes or vibrating alarms, or provide me with a vibrating pager. As an alternative, I request a transfer to a prison with other deaf inmates or programs for the deaf.

__2-4-10__
  DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*      RCVD FEB 10 '10

---

    DATE                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE            CASE NUMBER: __576338-F1__

                                       CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
    DATE                  RECIPIENT'S SIGNATURE (STAFF MEMBER)    BP-229(13)

**EXHIBIT 37**



COC 1330.16.A
January 16, 2008
Attachment A

### INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙ ∙

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant                         06704-016
_____            _____         _____
Inmate Name                      Register No.                    Qtrs./Unit                          Inmate Signature

1.       Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate.  Since I am deaf, I am unable to hear even loud noises.  I am unable to hear the prison's alarms.
I miss important warnings and announcements.

2.       What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

3.       What action does the inmate wish to be taken to correct the issue?

Strobe or vibrating alarms or a vibrating pager.  As an alternative, a transfer to a prison with other deaf inmates and
with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

You are issued and in possession of bilateral
hearing aids as well as batteries for your
hearing aids. USP1 can provide for and
accommodate your specific disability and
needs.

G. DUNN
_____            1/22/10              Staff Circle One:
Correctional Counselor          Date

                                                              ( Informally Resolved )    Not Informally Resolved

Unit Manager's Review

_____            1/22/10
Unit Manager                       Date

Distribution by Correctional Counselor:

1.       If complaint is informally resolved, maintain original on file in the Unit.

2.       If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416066.1

**EXHIBIT 37**

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__   __06704-016__   _SHU_   __USP Coleman I__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed captioning is not turned on. Other inmates prevent me from keeping the closed captioning on. I am currently being held in the Special Housing Unit because another inmate kicked me after I tried to turn on closed-captioning.

For these reasons, I am requesting that closed-captioning to be enabled on a prison television available to me. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE                                     SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RCVD FEB 10 '10

*See attached response.*

_____   DATE                         WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the day of this response.*
ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 576347-F1

                                           CASE NUMBER: _____
**Part C– RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____ DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)    BP-229
                                                                  APRIL 1

**EXHIBIT 37**

221

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | ~signature~ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

*Other inmates prevent me from keeping the closed-captioning on.*

2.    What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

*I have communicated with Case Manager Crotty, Counselor Dunn and have written to Warden Middlebrooks.*

3.    What action does the inmate wish to be taken to correct the issue?

That closed-captioning be enabled on a prison television available to me. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*AS YOU ARE HOUSED IN SPECIAL HOUSING YOU DO NOT HAVE ACCESS TO THE TELEVISION. ONCE RELEASED TO THE COMPOUND YOU WILL HAVE ACCESS TO CLOSED CAPTIONING TELEVISION.*

| G DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor **COUNSELOR** | Date | (Informally Resolved)   Not Informally Resolved |

**Unit Manager's Review**

| ~signature~ | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.    If complaint is informally resolved, maintain original on file in the Unit.

2.    If complaint is **not** informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | ~sig~ | ~sig~ | | | |

NY12528:416066.1

**EXHIBIT 37**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 5Hu | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand & communicate effectively with the people who do not know ASL and I have difficulty understanding spoken & written English. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs, in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.

RCVD FEB 10 '10

_____         _____
DATE                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576337-F1

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT        INSTITUTION

SUBJECT: _____

_____         _____
DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                          BP-229(13)
                                                                 APRIL 1982

**EXHIBIT 37**

223

COC 1330.16.A
January 16, 2008
Attachment A

### INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | |
|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit |

Inmate Signature

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have communicated with educational staff.

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As per the Education Department, "All resources and curriculum have been made available to you upon request. Also the Education Department makes frequent rounds in Special Housing to accommodate any educational needs which assigned there.

| G. DUNN COUNSELOR | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | (Informally Resolved)   Not Informally Resolved |

**Unit Manager's Review**

| | 1/22/10 | |
|---|---|---|
| Unit Manager | Date | |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416070.1

**EXHIBIT 37**

224

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__  __06704-016__  __Shu__  __USP Coleman I__
       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's COs. Among other problems, this means I cannot hear calls for line-ups. The printed call-outs and routine times for movements and programs listed in the inmate handbook are insufficient. Additionally, my day-to-day interactions with COs and other prison staff cannot be reduced to writing. For these reasons, I am requesting an ASL interpreter, with the to communicate prison's COs and a vibrating pager for calls to line-up and other announcements. I am also requesting that the prison CO who knows ASL be assigned to my unit as much as possible. In the alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

*See attached response.*

_____          _____
DATE                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER  576334-F1

                                              CASE NUMBER _____

**Part C– RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT        INSTITUTION

**EXHIBIT 37**

225

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:**  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's COs.  Among other problems, this means that I cannot hear calls for line-up.

2.      What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with the prison's COs and a vibrating pager for calls to line-up and other routine announcements.  That the prison's CO who knows ASL be assigned to my unit as much as possible.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*Printed Call-outs for inmates are provided in each housing unit for the days moves.  Routine times for movements and programs are provided in the inmates A+O handbook that is issued to the inmate upon orientation to the institution*

| G. DUNN COUNSELOR | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | (Informally Resolved)    Not Informally Resolved |

Unit Manager's Review

| [signature] | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.   If complaint is informally resolved, maintain original on file in the Unit.

2.   If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | [signature] | [signature] | | | |

NY12528:416071.1

**EXHIBIT 37**

U.S. DEPARTMENT OF JUSTICE                         **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__          __06704-016__     __S1k1__     __USP Coleman I__
        LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.            UNIT              INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and am unable to use a standard telephone.
While the prison has a TTY machine, I have been unable
to connect to a relay service, which is needed to
communicate with anyone outside the prison who does
not use a TTY, including my family and lawyers.
For these reasons, I am requesting that the prison
enable its TTY machine to connect to a relay service.

__2-4-10__                          _David Bryant_
     DATE                                SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*                    RCUD FEB 10 '10

_____                    _____
     DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: __576340-F1__

                                            CASE NUMBER: _____
**Part C– RECEIPT**
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.         UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
     DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                         BP-229(13)
                                                         APRIL 1982

**EXHIBIT 37**

227

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | _(signature)_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.     Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and am unable to use a standard telephone. I am unable to communicate with anyone outside the prison, including my family and lawyers.

2.     What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I communicated with Case Manager Crofty and Counselor Dunn. My lawyers have written to Warden Middlebrooks and attorney Jeff Campbell.

3.     What action does the inmate wish to be taken to correct the issue?

The prison should get a TTY machine or a video phone, and allow use of relay service.

Correctional Counselor's Comments (including actual steps taken to resolve) :

WE CURRENTLY HAVE A TTY MACHINE AVAILABLE TO YOU WHILE HOUSED IN THE SPECIAL HOUSING UNIT. HOWEVER, YOU WILL BE AFFORDED A PHONE CALL EVERY 30 DAYS AS THE REST OF THE INMATES IN SHU ARE ALLOWED.

| G. DUNN IN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor COUNSELOR | Date | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| _(signature)_ | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.     If complaint is informally resolved, maintain original on file in the Unit.

2.     If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | _(initials)_ | _(initials)_ | | | |

NY12528:416049.1

**EXHIBIT 37**

# EXHIBIT 38

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|-------|------------------|-----------|-----|---------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators. I was not allowed to work before I was spent in the Special Housing Unit ("SHU") and, should I be released from the SHU, I still would not be able to fill out the work assignment request form or effectively communicate with work managers and coordinators, without an ASL interpreter.

For these reasons, I am requesting an ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

| 2-4-10 | X [signature] |
|--------|---------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 576335-F1

                                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

**EXHIBIT 38**

**Response to Administrative Remedy Case Number: 576335-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010. You allege because you use sign language you are unable to communicate effectively with staff, specifically work managers and coordinators. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1). In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made. The response to Case No. 576344-F1 is due to you on March 2, 2010. You should wait for the response to that case. If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____
Scott A. Middlebrooks, Warden

_____
Date

**EXHIBIT 38**

231

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 5UY | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I do not understand or effectively communicate with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental health professionals and pharmacists. Communication in written or spoken English, as opposed to ASL, is an ineffective way for me to communicate with these health professionals.

For these reasons I am requesting an ASL interpreter to help me communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

| 2-4-10 | *[signature]* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

RCVD FEB 10 '20

*See attached response.*

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 576336-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|

BP-229(13)
APRIL 1982

**EXHIBIT 38**

**Response to Administrative Remedy Case Number: 576336-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010. You allege because you use sign language you are unable to communicate effectively with staff, specifically medical staff and healthcare providers. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1). In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made. The response to Case No. 576344-F1 is due to you on March 2, 2010. You should wait for the response to that case. If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____
Scott A. Middlebrooks, Warden

_____
Date

**EXHIBIT 38**

233

U.S. DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 5HU | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I request work and I communicate in American Sign Language (ASL). I cannot understand & communicate effectively with the people who do not know ASL and I have difficulty understanding spoken & written English. I am unable to participate in the prison's education programs and vocational programs because I cannot understand & communicate effectively with the instructors & other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs, in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10                                           *[signature]*
DATE                                             SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

_____                          _____
DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: 576337-F1

                                            CASE NUMBER: _____

**Part C– RECEIPT**

Return to _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____              ☆              _____
DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)
                                                                    BP-229(13)
USP LVN                                                             APRIL 1982

**EXHIBIT 38**

234

**Response to Administrative Remedy Case Number: 576337-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you use sign language you are unable to communicate effectively with staff, specifically education and vocational program staff. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made.  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.


_____          _____
Scott A. Middlebrooks, Warden                    Date


**EXHIBIT 38**

235

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ___Bryant, David D.___ ___06704-016___ ___5tel___ ___USP Coleman I___
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate. Since I'm deaf, I'm unable to hear loud noises. I am unable to hear the prison's alarms. I miss important warnings and announcements, even when I have working hearing aids.

For these reasons, I am requesting that the prison install strobes or vibrating alarms, or provide me with a vibrating pager. As an alternative, I request a transfer to a prison with other deaf inmates or programs for the deaf.

___2-4-10___                          ___[signature]___
     DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.                    RCVD FEB 10 '10

_____                    _____
      DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: **576338-F1**
                                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                    _____
      DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                              BP-229(13)

**EXHIBIT 38**

**Response to Administrative Remedy Case Number: 576338-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you are unable to hear prison alarms and miss important warnings.  Because you are deaf, you request to be providing with a vibrating pager.  You also request to be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and other prison staff (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a *vibrating pager for when announcements or warnings are made.*  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____
Scott A. Middlebrooks, Warden

_____
Date  2/11/2010

**EXHIBIT 38**

237

# EXHIBIT 39

125 BROAD STREET
NEW YORK, N.Y. 10004-2498

February 25, 2010

<u>Via email and U.S. Mail</u>

Warden Scott A. Middlebrooks
USP Coleman I
U.S. Penitentiary
P.O. Box 1023
Coleman, FL 33521
coa/publicinformation@bop.gov

         Re:    Responses to Requests for Administrative Remedy
                <u>Inmate David Bryant, 06704-016</u>

Dear Warden Middlebrooks:

        I am in receipt of your February 11, 2010 Responses to Administrative
Remedy for Case Numbers 576335-F1[1], 576336-F1[2], 57337-F1[3] and 57338-F1[4] and write
to clarify those Responses and the Administrative Remedy Appeals process.

---

[1]    In Request for Administrative Remedy Case Number 576335-F1, Mr. Bryant requests an
American Sign Language ("ASL") interpreter for work programs in order to understand and
communicate with work managers and coordinators, or alternatively, a transfer to a prison with
other deaf inmates and programs for the deaf.

[2]    In Request for Administrative Remedy Case Number 576336-F1, Mr. Bryant requests an ASL
interpreter to help him communicate with medical staff and healthcare providers, including mental
healthcare professionals and pharmacists, or alternatively, a transfer to a prison with other deaf
inmates and programs for the deaf.

[3]    In Request for Administrative Remedy Case Number 576337-F1, Mr. Bryant requests an ASL
interpreter for education programs and vocational programs in order to understand and
communicate effectively with the instructors and other students, or alternatively, a transfer to a
prison with other deaf inmates and programs for the deaf.

**EXHIBIT 39**

239

Warden Middlebrooks

-2-

As I understand it, you have consolidated the above referenced Requests for Administrative Remedy with Request for Administrative Remedy Case Number 576344-F1 and will respond to the consolidated Request for Administrative Remedy by March 2, 2010. At that time, if Mr. Bryant is unsatisfied with your Response, he may appeal the Response for the consolidated Administrative Remedy to the Bureau of Prisons' Southeast Regional Office. Any appeal of the consolidated Administrative Remedy will necessarily encompass Mr. Bryant's Requests for Administrative Remedy Case Numbers 576335-F1, 576336-F1, 57337-F1 and 57338-F1.

I am available by telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282, at any time to discuss the underlying issue of Mr. Bryant's need for effective communication and accommodations or to discuss the specific issues raised in this letter.

Respectfully yours,

Matthew S. Fitzwater /ATK

Matthew S. Fitzwater

cc:      Lisa M. Sunderman, Regional Counsel
         Southeast Regional Office
         Federal Bureau of Prisons
         3800 Camp Creek Parkway
         Building 2000
         Atlanta, GA  30331

         Jeff Campbell, Legal Counsel
         USP Coleman I
         U.S. Penitentiary
         P.O. Box 1023
         Coleman, FL  33521
         j4campbell@bop.gov

---

[4]   In Request for Administrative Remedy Case Number 576337-F1, Mr. Bryant requests the prison to install strobes or vibrating alarms or provide him with a vibrating pager. Alternatively, Mr. Bryant requests a transfer to a prison with other deaf inmates and programs for the deaf.

**EXHIBIT 39**

# EXHIBIT 40

U.S. DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____Bryant, David D._____   __06704-016__   __SHU__   __USP Coleman I__
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate, who uses the assistance of a hearing aid. The prison has failed, however, to give me batteries for my hearing aid. Thus far I have only received batteries of the wrong size. Furthermore, I need to be given correctly sized batteries more often than once every six months because the batteries do not last nearly that long.

For these reasons, I am requesting that the prison give me batteries for my hearing aid on an as needed basis. The batteries need to be specific for hearing aids, e.g. size 13 or size 675.

__2-4-10__                           _[signature]_
   DATE                           SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*

RCUD FEB 10 '10

_____                    _____
      DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: __575644-F1__

                                          CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG NO        UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
      DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 40**

**Response to Administrative Remedy Case No: 575644-F2**

This is in response to your Request for Administrative Remedy received in this office on February 10, 2010, in which you claim you have not received batteries for your hearing aids. You allege the batteries you have are not the right size for your hearing aids.

Investigation into this matter revealed you received two pairs of size 13 hearing aids batteries as scheduled. According to manufacture specifications these type of batteries last six months with normal regular use. You will continue to have your batteries changed as scheduled by your medical provider. Your next scheduled batteries exchange is scheduled for April 10, 2010.

Accordingly, this response is for **Informational Purposes** Only. If you are dissatisfied with this response, you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN: REGIONAL DIRECTOR, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

Scott A. Middlebrooks, Warden          Date  2/22/10

**EXHIBIT 40**

243

# EXHIBIT 41

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

From: **Bryant, David D.**     06704-016     SHU     USP Coleman I
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's COs. Among other problems, this means I cannot hear calls for lineups. The printed callouts and routine times for movements and programs listed in the inmate handbook are insufficient. Additionally, my day-to-day interactions with COs and other prison staff cannot be reduced to writing. For these reasons, I am requesting an ASL interpreter to communicate with the prison's COs and a vibrating pager for calls to line-up and other announcements. I am also requesting that the prison CO who knows ASL be reassigned to my unit as much as possible. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE                                  SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RCUD FEB 10 '10

See attached response.

_____                 _____
DATE                                   WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE             CASE NUMBER 576534-F1

                                      CASE NUMBER _____

**Part C- RECEIPT**
Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**EXHIBIT 41**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators. I was not allowed to work before I was placed in the Special Housing Unit ("SHU") and, should I be released from the SHU, I still would not be able to fill out the work assignment request form or effectively communicate with work managers and coordinators, without an ASL interpreter.

For these reasons, I am requesting an ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

| 2-4-10 | _[signature]_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576335-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

**EXHIBIT 41**

246

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand & communicate effectively with the people who do not know ASL and I have difficulty understanding, spoken or written English. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs, in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE                                                      SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

_____                    _____
DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 576337-F1
                                          CASE NUMBER: _____

**Part C– RECEIPT**

Return to _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____         ⊛              _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                            BP-229(13)
                                                                  APRIL 1982

**EXHIBIT 41**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 5Hd | USP Coleman I |
|-------|------------------|-----------|------|---------------|
| | LAST NAME, FIRST, MIDDLE INITIAL. | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate. Since I'm deaf, I'm unable to hear announcements. I am unable to hear the prison's alarms. I miss important warnings and announcements, even when I have working hearing aids.

For these reasons, I am requesting that the prison install strobes or vibrating alarms, or provide me with a vibrating pager. As an alternative, I request a transfer to a prison with other deaf inmates or programs for the deaf.

| 2-4-10 | _(signature)_ |
|--------|---------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

*See attached response.*            RCVD FEB 10 '10

_____          _____
DATE                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576338-F1

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL.      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          _____
DATE                               RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP-229(13)

**EXHIBIT 41**

248

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|-------|------------------|-----------|-----|---------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate. I communicate in American Sign Language (ASL). I cannot understand or effectively communicate with people who aren't fluent ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental health professionals and pharmacists. Communication in written or spoken English, as opposed to ASL, is an ineffective way for me to communicate with these health professionals.

For these reasons I am requesting an ASL interpreter to help me communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

*See attached response.*

| | | WARDEN OR REGIONAL DIRECTOR |
|---|---|---|
| DATE | | |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576336-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 41**

**Response to Administrative Remedy Case Number: 576334-F1**

This is in response to your Request for Administrative Remedy receipted in this office
on February 10, 2010, in which you request staff trained in American Sign Language
(ASL) be assigned to your housing unit. In addition, you request to be provided with a
vibrating pager to notify you of count time or a transfer to a facility housing hearing
impaired inmates.

Investigation of this matter revealed at the present time, there are no provisions in
policy to provide hearing impaired inmates with pagers or ASL trained staff. However,
you are provided with a hearing aid and new batteries for the device as needed. While
you maintain a vibrating pager is necessary to notify you of count time, you have never
failed to be present or stand for count, as evidenced by your lack of disciplinary history
for failure to stand count.

In regard to your request for a transfer, hearing impaired inmates maintain the same
care level as sight impaired inmates, and thus, are housed in Care Level 1-2 facilities,
as no specialized program is currently in place.

Accordingly, your request is **Denied**. If you are dissatisfied with this response, you may
appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn:
Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia
30331-6226, within twenty (20) calender days from the date of this response.


_____        _____
Scott A. Middlebrooks,  Warden          Date


**EXHIBIT 41**

250



U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Bryant, David D.**      06704-016      5141      USP Coleman I
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and am unable to use a standard telephone. While the prison now has a TTY machine, I have been unable to connect to a relay service, which is needed to communicate with anyone outside the prison who does not use a TTY, including my family and lawyers. For these reasons, I am requesting that the prison enable its TTY machine to connect to a relay service

2-4-10
DATE

_D. Bryant_
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_See attached response._      RCVD FEB 10 '10

_____      _____
DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: **576340-F1**

                                           CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT      INSTITUTION

SUBJECT _____

_____      _____
DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 41**

**Response to Administrative Remedy Case Number: 576340-F1**

This is in response to your Request for Administrative Remedy receipted in this office
on February 10, 2010, in which you request the use of a TTY machine for calls. You
wish to be connected to a relay service to make calls to non-hearing impaired contacts.

An investigation into your complaint revealed you have received several successful
calls using the TTY machine, and you have used a relay service.

Accordingly, this response is for **Informational Purposes** only. If you are dissatisfied
with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons,
Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW,
Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calender days from the
date of this response.

Scott A. Middlebrooks,  Warden

2/24/10
Date

**EXHIBIT 41**

252

# EXHIBIT 42

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|-------|------------------|-----------|-----|---------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on. Other inmates prevent me from keeping the closed captioning on. I am currently being held in the Special Housing Unit because another inmate kicked me after I tried to turn on closed-captioning.

For these reasons, I am requesting that closed-captioning to be enabled on a prison television available to me. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

*See attached response.*

DATE                                                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: 57634-F1

                                                   CASE NUMBER:

**Part C– RECEIPT**

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(
APRIL 1

**EXHIBIT 42**

254

**Response to Administrative Remedy Case Number:  576341-F1**

This is in response to your Request for Administrative Remedy receipted in this office on February 10, 2010, in which you request a television in your assigned housing unit be programmed for closed captioning so you can enjoy television viewing.  You also request to be transferred to an institution with other deaf inmates.

An investigation into your complaint revealed that prior to your placement in the Special Housing Unit (SHU), arrangements were being made for programming a television with closed captions.  However, SHU inmates are not permitted television privileges. Therefore, upon your release from SHU back to general population, you may request one of the unit televisions be programmed for closed caption viewing.

Your request for transfer to an institution with other deaf inmates and programs for the deaf is being addressed in Administrative Remedy Case No. 576334-F1 and, therefore, will not be addressed again in this response.

Based on our findings, your request for Administrative Remedy is  **DENIED.**  If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calender days from the date of this response.

_____        _____
Scott A. Middlebrooks,  Warden                   Date

**EXHIBIT 42**

# EXHIBIT 43

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Bryant, David D.__  __06704-016__  __SHU__  __USP Coleman 1__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My requests for an ASL interpreter to help me communicate with CCs, medical staff, mental healthcare workers, pharmacists, educational and vocational instructors, and work supervisors (detailed in the attached BP8s and BP9s) have been refused and the need for my requests have not been remedied. Also, my request for a vibrating pager so that I can properly to respond to prison alarms and other announcements (detailed in the attached BP8s and BP9s) has been refused and the need for my request has not been remedied.

These requests, which alternatively requested a transfer to a prison that accomodates deaf inmates, were consolidated by USP Coleman 1 and were rejected. As detailed in the attached letter, this appeal encompasses not only my Request for Administrative Remedy Case Number 576334-F1 but also my Requests for Administrative Remedy Case Numbers 576335-F1, 576336-F1, 576337-F1 and 57338-F1.

__3/11/2010__   _David D. Bryant_
DATE   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
SUBJECT: _____   LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

_____   _____
DATE   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN   PRINTED ON RECYCLED PAPER   BP-230(13)
JUNE 2002

**EXHIBIT 43**

257



125 BROAD STREET
NEW YORK, N.Y. 10004-2498

February 25, 2010

Via email and U.S. Mail

Warden Scott A. Middlebrooks
USP Coleman I
U.S. Penitentiary
P.O. Box 1023
Coleman, FL  33521
coa/publicinformation@bop.gov

Re:    Responses to Requests for Administrative Remedy
       Inmate David Bryant, 06704-016

Dear Warden Middlebrooks:

        I am in receipt of your February 11, 2010 Responses to Administrative Remedy for Case Numbers 576335-F1[1], 576336-F1[2], 57337-F1[3] and 57338-F1[4] and write to clarify those Responses and the Administrative Remedy Appeals process.

---

[1]     In Request for Administrative Remedy Case Number 576335-F1, Mr. Bryant requests an American Sign Language ("ASL") interpreter for work programs in order to understand and communicate with work managers and coordinators, or alternatively, a transfer to a prison with other deaf inmates and programs for the deaf.

[2]     In Request for Administrative Remedy Case Number 576336-F1, Mr. Bryant requests an ASL interpreter to help him communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists, or alternatively, a transfer to a prison with other deaf inmates and programs for the deaf.

[3]     In Request for Administrative Remedy Case Number 576337-F1, Mr. Bryant requests an ASL interpreter for education programs and vocational programs in order to understand and communicate effectively with the instructors and other students, or alternatively, a transfer to a prison with other deaf inmates and programs for the deaf.

**EXHIBIT 43**

Warden Middlebrooks

-2-

As I understand it, you have consolidated the above referenced Requests for Administrative Remedy with Request for Administrative Remedy Case Number 576344-F1 and will respond to the consolidated Request for Administrative Remedy by March 2, 2010.  At that time, if Mr. Bryant is unsatisfied with your Response, he may appeal the Response for the consolidated Administrative Remedy to the Bureau of Prisons' Southeast Regional Office.  Any appeal of the consolidated Administrative Remedy will necessarily encompass Mr. Bryant's Requests for Administrative Remedy Case Numbers 576335-F1, 576336-F1, 57337-F1 and 57338-F1.

I am available by telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282, at any time to discuss the underlying issue of Mr. Bryant's need for effective communication and accommodations or to discuss the specific issues raised in this letter.

Respectfully yours,

Matthew S. Fitzwater /ATK

Matthew S. Fitzwater

cc:      Lisa M. Sunderman, Regional Counsel
         Southeast Regional Office
         Federal Bureau of Prisons
         3800 Camp Creek Parkway
         Building 2000
         Atlanta, GA  30331

         Jeff Campbell, Legal Counsel
         USP Coleman I
         U.S. Penitentiary
         P.O. Box 1023
         Coleman, FL  33521
         j4campbell@bop.gov

---

[4]  In Request for Administrative Remedy Case Number 576337-F1, Mr. Bryant requests the prison to install strobes or vibrating alarms or provide him with a vibrating pager.  Alternatively, Mr. Bryant requests a transfer to a prison with other deaf inmates and programs for the deaf.

**EXHIBIT 43**

259

.S. DEPARTMENT OF JUSTICE                         **REQUEST FOR ADMINISTRATIVE REMEDY**
:eral Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__ _____ __06704-016__ _____ _5H4_ _____ __USP Coleman I__
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's COs. Among other problems, this means I cannot hear calls for lineups. The printed callouts and routine times for movements and programs listed in the inmate handbook are insufficient. Additionally, my day-to-day interactions with COs and other prison staff cannot be reduced to writing. For these reasons, I am requesting an ASL interpreter to communicate with the prison's COs and a vibrating pager for calls to line-up and other announcements. I am also requesting that the prison CO who knows ASL be reassigned to my unit as much as possible. In the alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf. ✗ [signature]

2-4-10
DATE                                                             SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

*See attached response.*

_____                    _____
DATE                                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: __576534-F1__

_____                    CASE NUMBER _____
Part C– RECEIPT
Return to: _____ _____ _____ _____ _____
            LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**EXHIBIT 43**



COC 1330.16.A
January 16, 2008
Attachment A

### INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant _____  06704-016 _____  _____  _Dave Bryant_
Inmate Name                     Register No.             Qtrs./Unit       Inmate Signature

1.       Specific complaint (one 8 ½" x 11" continuation page may be attached):

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate
effectively with people who do not know ASL. I am unable to understand or communicate effectively with the
prison's ~~COS~~. Among other problems, this means that I cannot hear calls for line-up.

2.       What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

_____

_____

3.       What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with the prison's ~~COS~~ and a vibrating pager for calls to line-up and other
routine announcements. That the prison's ~~COS~~ who knows ASL be assigned to my unit as much as possible. As
an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve):

_Printed call-outs for inmates are provided_
_in each housing unit for the days moves._
_Routine times for movements and programs_
_are provided in the inmates A+O handbook_
_that is issued to the inmate upon orientation to_
_the institution_

_G. DUNN_
_COUNSELOR_
Correctional Counselor _____  1/22/10 _____    Staff Circle One:
                                   Date

                                                 (**Informally Resolved**)    Not Informally Resolved

Unit Manager's Review

_____  1/22/10 _____
Unit Manager                         Date

Distribution by Correctional Counselor:

1.   If complaint is informally resolved, maintain original on file in the Unit.

2.   If complaint is <u>not</u> informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | _(sig)_ | _(sig)_ | | | |

NY12528:416071.1

**EXHIBIT 43**

**Response to Administrative Remedy Case Number: 576334-F1**

This is in response to your Request for Administrative Remedy receipted in this office on February 10, 2010, in which you request staff trained in American Sign Language (ASL) be assigned to your housing unit.  In addition, you request to be provided with a vibrating pager to notify you of count time or a transfer to a facility housing hearing impaired  inmates.

Investigation of this matter revealed at the present time, there are no provisions in policy to provide hearing impaired inmates with pagers or ASL trained staff.  However, you are provided with a hearing aid and new batteries for the device as needed.  While you maintain a vibrating pager is necessary to notify you of count time, you have never failed to be present or stand for count, as evidenced by your lack of disciplinary history for failure to stand count.

In regard to your request for a transfer, hearing impaired inmates maintain the same care level as sight impaired inmates, and thus, are housed in Care Level 1-2 facilities, as no specialized program is currently in place.

Accordingly, your request is **Denied**.  If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calender days from the date of this response.

Scott A. Middlebrooks,  Warden        2/24/10
                                       Date

**EXHIBIT 43**

262

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____ Bryant, David D. _____ 06704-016 ___ SHu ___ USP Coleman I
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators. I was not allowed to work before I was put in the Special Housing Unit ("SHU") and, should I be released from the SHU, I still would not be able to fill out the work assignment request form or effectively communicate with work managers and coordinators without an ASL interpreter.

For these reasons, I am requesting an ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.

RCVD FEB 10 '10

_____ DATE

_____ WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576335-F1

CASE NUMBER _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____ DATE

_____ RECIPIENT'S SIGNATURE (STAFF MEMBER)

**EXHIBIT 43**

263

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant                                    06704-016                        _____        _~~~~~_
Inmate Name                                   Register No.                    Qtrs./Unit                    Inmate Signature

1.       Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate

effectively with people who do not know ASL.  I am unable to participate effectively in the prison's work programs

because I am unable to understand or communicate with work managers and coordinators.

2.       What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

I requested work in the commisary.

3.       What action does the inmate wish to be taken to correct the issue?

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators.

As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

AS YOU ARE IN SPECIAL HOUSING YOU WILL REMAIN
UNASSIGNED. ONCE RELEASED BACK TO ____ THE
COMPOUND YOU MUST SUBMIT A COP-OUT TO THAT
DETAIL SUPERVISOR AND AT HIS/HER DISCRETION
WHETHER THEY HIRE YOU OR NOT.

_____                1/22/10              Staff Circle One:
Correctional Counselor              Date
COUNSELOR                                                    (Informally Resolved)    Not Informally Resolved

Unit Manager's Review

_____                1/22/10
Unit Manager                        Date

Distribution by Correctional Counselor:

1.   If complaint is informally resolved, maintain original on file in the Unit.

2.   If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | S— | S— | | | |

NY12528:416076.1

**EXHIBIT 43**

**Response to Administrative Remedy Case Number: 576335-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you use sign language you are unable to communicate effectively with staff, specifically work managers and coordinators.  You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made.  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.


_____                    _____
Scott A. Middlebrooks, Warden                        Date


**EXHIBIT 43**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David D.                06704-016        SHU      USP Coleman I
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT     INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate who communicate in American Sign Language (ASL). I do not understand or effectively communicate with people who are not fluent ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental health professionals and pharmacists. Communication in written or spoken English, as opposed to ASL, is an ineffective way for me to communicate with these health professionals.

For these reasons I am requesting an ASL interpreter to help me communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.

RCVD FEB 10 '10

DATE                                    WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: 576336-F1

**Part C– RECEIPT**
                                           CASE NUMBER
Return to:
        LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT:

DATE                           RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 43**

266

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have communicated with Nurse Delongana , Dr. Tidwell and that the psychologist.

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As per Health Services they have received and understand your written requests. You have the ability to read lips and write your requests the various Departments with favorable results.

| G. DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional COUNSELOR | Date | **Informally Resolved**    Not Informally Resolved |

**Unit Manager's Review**

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is <u>not</u> informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416074.1

**EXHIBIT 43**

267

**Response to Administrative Remedy Case Number: 576336-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010. You allege because you use sign language you are unable to communicate effectively with staff, specifically medical staff and healthcare providers. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1). In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made. The response to Case No. 576344-F1 is due to you on March 2, 2010. You should wait for the response to that case. If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.


_____          _____
Scott A. Middlebrooks, Warden                          Date


**EXHIBIT 43**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|-------|------------------|-----------|-----|---------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with the people who do not know ASL and I have difficulty understanding spoken or written English. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors, or other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs, in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE

*[signature]*
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

_____          _____
DATE                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576337-F1

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____          _____
DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
SEPL 1982

**EXHIBIT 43**

269

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:**  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:**  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant                              06704-016
Inmate Name                              Register No.                    Qus./Unit                                    Inmate Signature

1.       Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

2.       What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

I have communicated with educational staff.

3.       What action does the inmate wish to be taken to correct the issue?

ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As per the Education Department, "All resources and curriculum have been made available to you upon request. Also the Education Department makes frequent rounds in Special Housing to accommodate any educational needs while assigned there.

G. DUNN
COUNSELOR
Correctional Counselor                      1/22/10                    Staff Circle One:
                                             Date
                                                                     (Informally Resolved)   Not Informally Resolved

**Unit Manager's Review**

Unit Manager                                 1/22/10
                                             Date

Distribution by Correctional Counselor:

1.       If complaint is informally resolved, maintain original on file in the Unit.

2.       If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | S | S | | | |

NY12528:416070.1

**EXHIBIT 43**

**Response to Administrative Remedy Case Number: 576337-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010. You allege because you use sign language you are unable to communicate effectively with staff, specifically education and vocational program staff. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1). In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made. The response to Case No. 576344-F1 is due to you on March 2, 2010. You should wait for the response to that case. If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.


_____          _____
Scott A. Middlebrooks, Warden                    Date


**EXHIBIT 43**

271

U.S. DEPARTMENT OF JUSTICE                        **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 5Hcl | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate. Since I'm deaf, I am unable to hear verbal/vocal noises. I am unable to hear the prison's alarms. I miss important warnings and announcements, even when I have working hearing aids.

For these reasons, I am requesting that the prison install strobes or vibrating alarms, or provide me with a vibrating pager. As an alternative, I request a transfer to a prison with other deaf inmates or programs for the deaf.

| 2-4-10 | D--d D.Bryant |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

See attached response.                    RCVD FEB 10 '10

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 576338-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)

**EXHIBIT 43**

272

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.        Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate.  Since I am deaf, I am unable to hear even loud noises.  I am unable to hear the prison's alarms. I miss important warnings and announcements.

2.        What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

3.        What action does the inmate wish to be taken to correct the issue?

Strobe or vibrating alarms or a vibrating pager.  As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*You are issued and in possession of belated hearing aids as well as batteries for your hearing aids. USP can provide for and accommodate your specific disability and needs.*

| G. DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor COUNSELOR | Date | (Informally Resolved)    Not Informally Resolved |

Unit Manager's Review

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.        If complaint is informally resolved, maintain original on file in the Unit.

2.        If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416066.1

**EXHIBIT 43**

273

**Response to Administrative Remedy Case Number: 576338-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you are unable to hear prison alarms and miss important warnings.  Because you are deaf, you request to be providing with a vibrating pager.  You also request to be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and other prison staff (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a *vibrating pager for when announcements or warnings are made*.  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____          _____
Scott A. Middlebrooks, Warden                              Date

**EXHIBIT 43**

274

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David D          06704-016          SHU          USP Coleman 1
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My request for access to a television with closed captioning turned on or a transfer to a prison with programs for the deaf (detailed in the attached BP8 and BP9) has been refused and the need for my request has not been remedied. I should not be required, upon my release from the SHU, to have to request that a unit television be programmed for closed-caption viewing. Also, the response fails to address the safety issue for me from other inmates who do not want closed-captioning turned on. I am currently in the SHU because another inmate kicked me after I tried to turn on closed-captioning.

3/11/2010
DATE

David D Bryant
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAR 15 2010

_____          _____
DATE          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 576341-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____                    _____
DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          BP-230(13)
JUNE 2002

**EXHIBIT 43**

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on. Other inmates prevent me from keeping the closed-captioning on. I am currently being held in the Special Housing Unit because another inmate kicked me after I tried to turn on closed-captioning.

For these reasons, I am requesting that closed-captioning to be enabled on a prison television available to me. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

_See attached response._

DATE

WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the day of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 57634-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 43**



COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.    Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I have difficulty understanding spoken English.  I am unable to understand and enjoy television because the closed-captioning is not turned on. *Other inmates prevent me from keeping the closed-captioning on.*

2.    What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

*I have communicated with Case Manager Crotty, Counselor Dunn and have written to Warden Middlebrooks.*

3.    What action does the inmate wish to be taken to correct the issue?

That closed-captioning be enabled on a prison television available to me.  As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*AS YOU ARE HOUSED IN SPECIAL HOUSING YOU DO NOT HAVE ACCESS TO THE TELEVISION. ONCE RELEASED TO THE COMPOUND YOU WILL HAVE ACCESS TO CLOSED CAPTIONING TELEVISION.*

| G DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor COUNSELOR | Date | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.    If complaint is informally resolved, maintain original on file in the Unit.

2.    If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1200 | | | |
| Counselor: | | | | | |

NY12528:416066.1

**EXHIBIT 43**

277

**Response to Administrative Remedy Case Number: 576341-F1**

This is in response to your Request for Administrative Remedy receipted in this office on February 10, 2010, in which you request a television in your assigned housing unit be programmed for closed captioning so you can enjoy television viewing. You also request to be transferred to an institution with other deaf inmates.

An investigation into your complaint revealed that prior to your placement in the Special Housing Unit (SHU), arrangements were being made for programming a television with closed captions. However, SHU inmates are not permitted television privileges. Therefore, upon your release from SHU back to general population, you may request one of the unit televisions be programmed for closed caption viewing.

Your request for transfer to an institution with other deaf inmates and programs for the deaf is being addressed in Administrative Remedy Case No. 576334-F1 and, therefore, will not be addressed again in this response.

Based on our findings, your request for Administrative Remedy is **DENIED**. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calender days from the date of this response.

_____        _____
Scott A. Middlebrooks,  Warden                       Date

**EXHIBIT 43**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David D.          067C4-016     SHU     USP Coleman1
_____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate who uses the assistance of hearing aids. My request for hearing aids batteries (detailed in the attached BP8 and BP9) has been refused and the need for my request has not been remedied. My hearing aids allow me to hear sound, but they do not function properly without strong, working batteries. I need new batteries when the old ones weaken or die, not when I am "scheduled" to receive them. The response by Warden Middlebrooks to another request I made (Case No. 576334-F1) inconsistently claims that I receive new batteries for my hearing aids "as needed," but I do not.

3/11/2010
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_____
REGIONAL DIRECTOR

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _575644-R1_

**Part C - RECEIPT**

                                                             CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)
JUNE 2002

**EXHIBIT 43**

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball point pen. If attachments are needed, submit four copies. Additional instructions on reverse*

From: Bryant, David D.    06704-016    5HU    USP Coleman I
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate, who uses the assistance of a hearing aid. The prison has failed, however, to give me batteries for my hearing aid. Thus far I have only received batteries at the using site. Furthermore, I need to be given correctly sized batteries more often than once every six months because the batteries are not 125+ nearly that long.

For these reasons, I am requesting that the prison give me batteries for my hearing aid on an as needed basis. The batteries need to be specific for hearing aids, e.g. size 13 or size 675.

2-4-10
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.

RCVD FEB 10 '10

DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 575644-F1

CASE NUMBER:

**Part C– RECEIPT**

Return to: LAST NAME, FIRST, MIDDLE INITIAL   REG NO.   UNIT   INSTITUTION

SUBJECT:

DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

**EXHIBIT 43**

280

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant _____  06704-016 _____  SHU _____  _Dand Bryant_
Inmate Name                         Register No.               Qtrs./Unit        Inmate Signature

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached):

I am a deaf inmate, who uses the assistance of a hearing aid. The prison, however, has failed to give me batteries for my hearing aid. _Thus far I have only received batteries of the wrong size._

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?
_I have communicated with Case Manager Cofry, the Doctor and I wrote to Warden Middlebrooks regarding my need for correct hearing aid batteries._

3.      What action does the inmate wish to be taken to correct the issue?
The prison should give me batteries for my hearing aid as they are needed. _The batteries need to be specific for hearing aids, e.g. size 13 or size 675._

Correctional Counselor's Comments (including actual steps taken to resolve):
_"Health Services has been notified of this. You have received size 13 batteries on two separate occassions which actually exceeds the allotted battery issue of every 6 months. This per Dr. Vargas, AHSA."_

G. DUNN _____  1/22/10 _____  Staff Circle One:
Correctional Counselor                Date

(Informally Resolved)  Not Informally Resolved

Unit Manager's Review
_____  1/22/10 _____
Unit Manager                          Date

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | _____ | _____ | _____ |
| Time: | 1000 | 1300 | _____ | _____ | _____ |
| Counselor: | ~ | ~ | _____ | _____ | _____ |

NY12528:416058.1

**EXHIBIT 43**

**Response to Administrative Remedy Case No: 575644-F2**

This is in response to your Request for Administrative Remedy received in this office on February 10, 2010, in which you claim you have not received batteries for your hearing aids.  You allege the batteries you have are not the right size for your hearing aids.

Investigation into this matter revealed you received two pairs of size 13 hearing aids batteries as scheduled.  According to manufacture specifications these type of batteries last six months with normal regular use.  You will continue to have your batteries changed as scheduled by your medical provider.  Your next scheduled batteries exchange is scheduled for April 10, 2010.

Accordingly, this response is for **Informational Purposes** Only.  If you are dissatisfied with this response, you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN: REGIONAL DIRECTOR, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

Scott A. Middlebrooks, Warden          Date  2/22/10

**EXHIBIT 43**

282

# EXHIBIT 44

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type on use ball point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Bryant, David D.__ __C6704-016__ __SHU__ __USP Coleman 1__
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My requests for an ASL interpreter to help me communicate with CCs, medical staff, mental healthcare workers, pharmacists, educational and vocational instructors, and work supervisors (detailed in the attached BP8s and BP9s) have been refused and the need for my requests have not been remedied. Also, my request for a vibrating pager so that I can properly to respond to prison alarms and other announcements (detailed in the attached BP8s and BP9s) has been refused and the need for my request has not been remedied.

These requests, which alternatively requested a transfer to a prison that accomodates deaf inmates, were consolidated by USP Coleman 1 and were rejected. As detailed in the attached letter, this appeal encompasses not only my Request for Administrative Remedy Case Number 576334-F1 but also my Requests for Administrative Remedy Case Numbers 576335-F1, 576336 F1, 576337-F1 and 57338-F1.

__3/11/2010__ _____
DATE      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

_____      _____
DATE      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____      _____
DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN      BP-230(13)
JUNE 2002

**EXHIBIT 44**

284

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 15, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : DAVID BRYANT, 06704-016
      COLEMAN I USP    UNT: L/M    QTR: Z01-103UAD
      P.O. BOX 1023
      COLEMAN, FL 33521


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 576334-R1        REGIONAL APPEAL
DATE RECEIVED  : MARCH 15, 2010
SUBJECT 1      : OTHER NON-MAIL COMMUNICATION
SUBJECT 2      : TRANSFER - OTHER
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).  YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.


**EXHIBIT 44**

# EXHIBIT 45

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 22, 2010

<u>Via U.S. Mail</u>

Warden Joseph L. Norwood
USP VICTORVILLE
U.S. PENITENTIARY
P.O. BOX 5400
ADELANTO, CA  92301

Re:    Request for Accommodation to Administrative Remedy Process
       for Inmate David Bryant, 06704-016

Dear Warden Norwood:

Recently, David Bryant, Register Number 06704-016, was transferred to USP Victorville from USP Coleman I.  As I am sure you are aware, Mr. Bryant is deaf. He communicates in American Sign Language ("ASL") and, therefore, does not communicate effectively in written or spoken English.

I, in conjunction with three of my associates and the Washington Lawyers' Committee for Civil Rights and Urban Affairs, have been retained by Mr. Bryant to enforce his rights under Section 504 of the Rehabilitation Act, including, but not limited to, the rights of reasonable accommodation for his disability and effective communication.  Mr. Bryant should be provided the following accommodations at USP Victorville (to the extent they have not already been provided):

1. <u>Access to a working teletypewriter ("TTY") or videophone</u>.  Mr. Bryant cannot communicate effectively using a regular telephone.  He needs regular access to a working TTY or videophone to communicate with anyone outside the prison, including family members and his attorneys.

2. <u>Working hearing aid batteries</u>. Mr. Bryant uses hearing aids that allow him to hear some sound and as a result communicate more effectively.

**EXHIBIT 45**

287

Warden Joseph L. Norwood                                                    -2-

However, in order for the hearing aids to be of any assistance, he must be provided working batteries. At USP Coleman I, Mr. Bryant was not provided working hearing aid batteries for months at a time and as a result his hearing aids often could not function or function properly.

3. <u>Access to closed-captioned television.</u> USPs Hazelton and Coleman I had televisions equipped with closed-captioning, but the other prisoners prevented Mr. Bryant from using it. In at least one instance, Mr. Bryant was prevented from using the closed-captioning by means of physical violence. Mr. Bryant should be given access to closed-captioning and protected from violence when granted such access.

4. <u>A qualified ASL interpreter to enable him to communicate with COs, medical staff, mental healthcare workers, pharmacists, educational and vocational instructors, and work supervisors.</u> Mr. Bryant cannot effectively write or communicate in English. Mr. Bryant's day-to-day interactions with members of the prison staff cannot be effectively reduced to writing and, without an ASL interpreter, Mr. Bryant cannot take advantage of the services to which he is entitled.

5. <u>A vibrating pager to alert him to prison alarms and other announcements.</u> Mr. Bryant cannot hear alarms, verbal safety warnings, and other announcements possibly subjecting him to physical danger. A vibrating pager would alert Mr. Bryant to these auditory warnings and announcements.

Mr. Bryant sought similar accommodations from both USP Hazelton and USP Coleman I. Mr. Bryant was working through the administrative remedy process at each prison, but was transferred before he could complete the process. Currently, Mr. Bryant is awaiting responses to three BP-10s he filed on March 12.

I also request that as per your obligations under § 10(b) of the Rehabilitation Act and Program Statement ("PS") 1330.16, Mr. Bryant be given the reasonable accommodation of having a copy of any communications from you or any other employee of the Bureau of Prisons to him also be sent to me, his counsel, via email or facsimile. Additionally, I request that a copy of the USP Victorville's Institutional Supplement be sent to me.

Alternatively, USP Victorville could hire a qualified ASL interpreter to assist Mr. Bryant in reviewing any communications he receives from you or other employees of the Bureau of Prisons—including responses to his administrative remedies, understanding the relevant portion of PS 1330.16, and completing any subsequent forms

**EXHIBIT 45**

Warden Joseph L. Norwood                                              -3-

he must submit—or to assist Mr. Bryant in communications related to any medical care
or treatment he may require.

   I am available by telephone, (212) 558-1632, email,
fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282, at any time to discuss the
underlying issue of Mr. Bryant's need for accommodations so that we may resolve these
issues.

                                        Respectfully yours,



                                        Matthew S. Fitzwater

cc:     BOP Associate Gen. Counsel Paul W. Layer
        Office of General Counsel
        320 1st Street, NW
        7th Floor
        Washington, DC 20534

        Harlan Penn, Regional Counsel
        Western Regional Office
        7338 Shoreline Drive
        Stockton, CA 95219

**EXHIBIT 45**

# EXHIBIT 46

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

USP Victorville

| From: | Bryant, David D. | 06704-016 | | USP Coleman I |
|-------|-------------------|-----------|------|---------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** The complaint specified in my BP-8 submitted March 29, 2010, has not been corrected. I am a deaf inmate and communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to thwart my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request: (a) access to a working TTY or videophone that connects to a relay service on the same basis as other prisoners are permitted access to telephones; (b) working hearing aid batteries on an as-needed basis; (c) safe access to closed-captioning TV; (d) a qualified ASL interpreter to enable me to communicate with CO's, medical staff, mental health care workers, hearings, educational & vocational instructors, and while experiencing (and (e) a vibrating pager to alert me to prison alarms and other announcements.

| 4-1-10 | | _____ |
|--------|--|---------------|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

RECEIVED
2010 APR 15 PM 3:09
WARDEN'S OFFICE
USP VICTORVILLE

| _____ | | _____ |
|---------------|--|---------------|
| DATE | | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

| ORIGINAL: RETURN TO INMATE | CASE NUMBER: 585418-F1 |
|----------------------------|------------------------|

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|--|----------------------------------|----------|------|-------------|

SUBJECT: _____

| _____ | | _____ |
|---------------|--|---------------|
| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

USP LVN

**EXHIBIT 46**

291

EXHIBIT 47

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments, must be submitted with this appeal.

From: ___Bryant, David___ ___06704-016___ ___2-B___ ___USP Victorville___
   LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My requests for an ASL interpreter to help me communicate with (Drs, medical staff, mental healthcare workers, pharmacists, educational and vocational instructors, and work supervisors (detailed in the attached BP-9s and BP-8s) have been refused and the need for my requests has not been received. Also, my request for a vibrating pager so that I can properly respond to prison alarms and other announcements (detailed in the attached BP-9 and BP-8) has been refused and the need for my request has not been remedied. These requests, which alternatively requested a transfer to a prison that better accommodates deaf inmates, were consolidated by USP Coleman I (see attached) and rejected. I appealed the consolidated requests, but my BP-10 was rejected because of the prison's consolidation. Further, I was transferred in the interim and received the rejection on or about April 14,

___4-15-10___ 2010. I now submit a BP-11 for this issue.   _[signature]_
   DATE                                                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____   _____
   DATE                                       GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**

                                                              CASE NUMBER: _____

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____        _____
   DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

**EXHIBIT 47**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David D.    06704-016    SHU    USP Coleman 1
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My requests for an ASL interpreter to help me communicate with CCs, medical staff, mental healthcare workers, pharmacists, educational and vocational instructors, and work supervisors (detailed in the attached BP8s and BP9s) have been refused and the need for my requests have not been remedied. Also, my request for a vibrating pager so that I can properly to respond to prison alarms and other announcements (detailed in the attached BP8s and BP9s) has been refused and the need for my request has not been remedied.

These requests, which alternatively requested a transfer to a prison that accomodates deaf inmates, were consolidated by USP Coleman 1 and were rejected. As detailed in the attached letter, this appeal encompasses not only my Request for Administrative Remedy Case Number 576334-F1 but also my Requests for Administrative Remedy Case Numbers 576335-F1, 576336-F1, 576337-F1 and 57338-F1.

3/11/2010    _____
DATE         SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                    _____
DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C - RECEIPT**

                                            CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                    _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                     BP-230(13)
                                            JUNE 2002

**EXHIBIT 47**

294

125 BROAD STREET
NEW YORK, N.Y. 10004-2498

February 25, 2010

Via email and U.S. Mail

Warden Scott A. Middlebrooks
USP Coleman I
U.S. Penitentiary
P.O. Box 1023
Coleman, FL  33521
coa/publicinformation@bop.gov

Re:    Responses to Requests for Administrative Remedy
       Inmate David Bryant, 06704-016

Dear Warden Middlebrooks:

I am in receipt of your February 11, 2010 Responses to Administrative Remedy for Case Numbers 576335-F1[1], 576336-F1[2], 57337-F1[3] and 57338-F1[4] and write to clarify those Responses and the Administrative Remedy Appeals process.

---

[1]    In Request for Administrative Remedy Case Number 576335-F1, Mr. Bryant requests an American Sign Language ("ASL") interpreter for work programs in order to understand and communicate with work managers and coordinators, or alternatively, a transfer to a prison with other deaf inmates and programs for the deaf.

[2]    In Request for Administrative Remedy Case Number 576336-F1, Mr. Bryant requests an ASL interpreter to help him communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists, or alternatively, a transfer to a prison with other deaf inmates and programs for the deaf.

[3]    In Request for Administrative Remedy Case Number 576337-F1, Mr. Bryant requests an ASL interpreter for education programs and vocational programs in order to understand and communicate effectively with the instructors and other students, or alternatively, a transfer to a prison with other deaf inmates and programs for the deaf.

**EXHIBIT 47**

Warden Middlebrooks

-2-

As I understand it, you have consolidated the above referenced Requests for Administrative Remedy with Request for Administrative Remedy Case Number 576344-F1 and will respond to the consolidated Request for Administrative Remedy by March 2, 2010. At that time, if Mr. Bryant is unsatisfied with your Response, he may appeal the Response for the consolidated Administrative Remedy to the Bureau of Prisons' Southeast Regional Office. Any appeal of the consolidated Administrative Remedy will necessarily encompass Mr. Bryant's Requests for Administrative Remedy Case Numbers 576335-F1, 576336-F1, 57337-F1 and 57338-F1.

I am available by telephone, (212) 558-1632, email, fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282, at any time to discuss the underlying issue of Mr. Bryant's need for effective communication and accommodations or to discuss the specific issues raised in this letter.

Respectfully yours,

*Matthew S. Fitzwater* /ATK

Matthew S. Fitzwater

cc:     Lisa M. Sunderman, Regional Counsel
        Southeast Regional Office
        Federal Bureau of Prisons
        3800 Camp Creek Parkway
        Building 2000
        Atlanta, GA  30331

        Jeff Campbell, Legal Counsel
        USP Coleman I
        U.S. Penitentiary
        P.O. Box 1023
        Coleman, FL  33521
        j4campbell@bop.gov

---

[4]     In Request for Administrative Remedy Case Number 576337-F1, Mr. Bryant requests the prison to install strobes or vibrating alarms or provide him with a vibrating pager. Alternatively, Mr. Bryant requests a transfer to a prison with other deaf inmates and programs for the deaf.

**EXHIBIT 47**

UNITED STATES PENITENTIARY (USP)
LEAVENWORTH, KANSAS

.S. DEPARTMENT OF JUSTICE
deral Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__      __06704-016__    ~~SHU~~    USP Coleman I
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with the prison's COs. Among other problems, this means I cannot hear calls for lineup. The printed callouts and routine times for movements and programs listed in the inmate handbook are insufficient. Additionally, my day-to-day interactions with COs and other prison staff cannot be reduced to writing. For these reasons, I am requesting an ASL interpreter to communicate with the prison's COs and a vibrating pager for calls to line-up and other announcements. I am also requesting that the prison CO who knows ASL be reassigned to my unit as much as possible. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

*See attached response.*

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 576334-F

                                              CASE NUMBER:

**Part C– RECEIPT**

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**EXHIBIT 47**

297

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
| --- | --- | --- | --- |
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to understand or communicate effectively with the prison's CCS.  Among other problems, this means that I cannot hear calls for line-up.

2.      What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?


3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with the prison's CCS and a vibrating pager for calls to line-up and other routine announcements.  That the prison's CCS who knows ASL be assigned to my unit as much as possible.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*Printed call-outs for inmates are provided in each housing unit for the days moves. Routine times for movements and programs are provided in the inmates A+O handbook that is issued to the inmate upon orientation to the institution*

| | | Staff Circle One: |
| --- | --- | --- |
| Correctional Counselor  G. DUNN  COUNSELOR | 1/22/10  Date | (Informally Resolved)    Not Informally Resolved |

Unit Manager's Review

| | |
| --- | --- |
| Unit Manager | 1/22/10  Date |

Distribution by Correctional Counselor:

1.    If complaint is informally resolved, maintain original on file in the Unit.

2.    If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
| --- | --- | --- | --- | --- | --- |
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416071.1

**EXHIBIT 47**

298

**Response to Administrative Remedy Case Number:  576334-F1**

This is in response to your Request for Administrative Remedy receipted in this office on February 10, 2010, in which you request staff trained in American Sign Language (ASL) be assigned to your housing unit.  In addition, you request to be provided with a vibrating pager to notify you of count time or a transfer to a facility housing hearing impaired  inmates.

Investigation of this matter revealed at the present time, there are no provisions in policy to provide hearing impaired inmates with pagers or ASL trained staff.  However, you are provided with a hearing aid and new batteries for the device as needed.  While you maintain a vibrating pager is necessary to notify you of count time, you have never failed to be present or stand for count, as evidenced by your lack of disciplinary history for failure to stand count.

In regard to your request for a transfer, hearing impaired inmates maintain the same care level as sight impaired inmates, and thus, are housed in Care Level 1-2 facilities, as no specialized program is currently in place.

Accordingly, your request is **Denied**.  If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calender days from the date of this response.

Scott A. Middlebrooks,  Warden                          2/24/10
                                                        Date

**EXHIBIT 47**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__   __06704-016__   __5Hu__   __USP Coleman I__
     LAST NAME, FIRST, MIDDLE INITIAL.   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with people who do not know ASL. I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators. I was not allowed to work before I was sent in the that Special Housing Unit ("SHU") and, should I be not released from the SHU, I still would not be able to fill out the work assignment request form or effectively communicate with work managers and coordinators without an ASL interpreter.

For these reasons, I am requesting an ASL interpreter for work programs in order to understand and communicate with work managers and coordinators. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

__2-4-10__
DATE

X _____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

_____   _____
DATE   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE   CASE NUMBER: __576335-F1__

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE   RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**EXHIBIT 47**

300

COC 1330.16.A
January 16, 2008
Attachment A

### INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:**  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | _(signature)_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.     Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to participate effectively in the prison's work programs because I am unable to understand or communicate with work managers and coordinators.

2.     What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I requested work in the commissary.

3.     What action does the inmate wish to be taken to correct the issue?

ASL interpreter for work programs in order to understand and communicate with work managers and coordinators.

As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As you are in Special Housing you will remain unassigned, once released back to _____ the compound you must submit a cop-out to that detail supervisor and at his/her discretion whether they hire you or not.

| _(signature)_ COUNSELOR | 1/22/10 | **Staff Circle One:** |
|---|---|---|
| Correctional Counselor | Date | (**Informally Resolved**)    Not Informally Resolved |

Unit Manager's Review

| _(signature)_ | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.     If complaint is informally resolved, maintain original on file in the Unit.

2.     If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | _(signature)_ | _(signature)_ | | | |

NY12528:416076.1

**EXHIBIT 47**

301

**Response to Administrative Remedy Case Number: 576335-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you use sign language you are unable to communicate effectively with staff, specifically work managers and coordinators.  You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made.  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.


_____               _____
Scott A. Middlebrooks, Warden                Date


**EXHIBIT 47**

302

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bryant, David D.__ _____ __06704-016__ ___ _SHU_ ____ __USP Coleman I__
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT           INSTITUTION

**Part A– INMATE REQUEST**

I am a deaf inmate who communicates in American Sign Language (ASL). I cannot understand or effectively communicate with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental health professionals and pharmacists. Communication in written or spoken English, as opposed to ASL, is an ineffective way for me to communicate with these health professionals.

For these reasons I am requesting an ASL interpreter to help me communicate with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

__2-4-10__
DATE                                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

See attached response.

                                                         RCVD FEB 10 '10

_____              _____
        DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE              CASE NUMBER: __576336-F1__

                                        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT      INSTITUTION

SUBJECT: _____

_____              _____
        DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                                    BP-229(13)
                                                                    APRIL 1982

**EXHIBIT 47**

303

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I cannot understand or communicate effectively with people who do not know ASL. I am unable to understand or communicate effectively with medical staff and healthcare providers, including mental healthcare professionals and pharmacists.

2.      What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have communicated with Nurse Delonoana, Dr. Tidwell and the psychologist.

3.      What action does the inmate wish to be taken to correct the issue?

ASL interpreter for communications with medical staff and healthcare providers, including mental healthcare professionals and pharmacists. As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

As per Health Services they have received and understand your written requests. You have the ability to read lips and write your requests the various Departments with favorable results.

| G. DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | (Informally Resolved)   Not Informally Resolved |

**Unit Manager's Review**

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | | | | | |

NY12528:416074.1

**EXHIBIT 47**

304

**Response to Administrative Remedy Case Number: 576336-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you use sign language you are unable to communicate effectively with staff, specifically medical staff and healthcare providers. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made.  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____          _____
Scott A. Middlebrooks, Warden                          Date

**EXHIBIT 47**

U.S. DEPARTMENT OF JUSTICE                          **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 5H1 | USP Coleman I |
|-------|------------------|-----------|-----|---------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language (ASL). I cannot understand or communicate effectively with the people who do not know ASL and I have difficulty understanding spoken or written English. I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

For these reasons, I am requesting an ASL interpreter for the education programs and vocational programs, in order to understand and communicate effectively with the instructors and other students. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

| 2-4-10 | *David Bryant* |
|--------|----------------|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

*See attached response.*

RCVD FEB 10 '10

| _____ | _____ |
|---------------|---------------------------|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: 576337-F1

                                               CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG NO      UNIT    INSTITUTION

SUBJECT: _____

| _____ | ⊛ | _____ | BP-229(13) |
|---------------|---|---------------------------|------------|
| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | APRIL 1982 |

**EXHIBIT 47**

306

COC 1330.16.A
January 16, 2008
Attachment A

INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

David Bryant _____   06704-016 _____   _____   _____
Inmate Name                         Register No.        Qtrs./Unit     Inmate Signature

1.     Specific complaint (one 8 ½" x 11" continuation page may be attached) :
I am a deaf inmate and I communicate in American Sign Language ("ASL").  I cannot understand or communicate effectively with people who do not know ASL.  I am unable to participate in the prison's education programs and vocational programs because I cannot understand or communicate effectively with the instructors or other students.

2.     What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?
I have communicated with educational staff.

3.     What action does the inmate wish to be taken to correct the issue?
ASL interpreter for the education programs and vocational programs in order to understand and communicate effectively with the instructors and other students.  As an alternative, a transfer to a prison with other deaf inmates and programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :
As per the Education Department, "All resources and curriculum have been made available to you upon request. Also the Education Department makes frequent rounds in Special Housing to accommodate any educational needs while assigned there.

G. DUNN
COUNSELOR
Correctional Counselor            1/22/10
                                    Date

Staff Circle One:
(Informally Resolved)   Not Informally Resolved

Unit Manager's Review
_____   1/22/10
Unit Manager    Date

Distribution by Correctional Counselor:
1.   If complaint is informally resolved, maintain original on file in the Unit.
2.   If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1300 | | | |
| Counselor: | S | S | | | |

NY12528:416070.1

**EXHIBIT 47**

307

**Response to Administrative Remedy Case Number: 576337-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010. You allege because you use sign language you are unable to communicate effectively with staff, specifically education and vocational program staff. You request to be assigned an interpreter or be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and *other prison staff* (Case No. 576334-F1). In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a vibrating pager for when announcement or warnings are made. The response to Case No. 576344-F1 is due to you on March 2, 2010. You should wait for the response to that case. If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____          _____
Scott A. Middlebrooks, Warden          Date

**EXHIBIT 47**

U.S. DEPARTMENT OF JUSTICE            **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | 54ll | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate. Since I am deaf, I am unable to use a telephone normally. I am unable to hear the prison's alarms. I miss important warnings and announcements, even when I have working hearing aids.

For these reasons, I am requesting that the prison install strobes or vibrating alarms, or provide me with a vibrating pager. As an alternative, I request a transfer to a prison with other deaf inmates or programs for the deaf.

2-4-10
DATE                                          SIGNATURE OF REQUESTER

---

**Part B– RESPONSE**

See attached response.           RCVD FEB 10 '10

---

DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE              CASE NUMBER: 576338-F1

                                       CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)       BP-229(13)

**EXHIBIT 47**

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.      Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate.  Since I am deaf, I am unable to hear even loud noises.  I am unable to hear the prison's alarms. I miss important warnings and announcements.

2.      What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

3.      What action does the inmate wish to be taken to correct the issue?

Strobe or vibrating alarms or a vibrating pager.  As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*You are issued and in possession of bilateral hearing aids as well as batteries for your hearing aids. USP can provide for and accommodate your specific disability and needs.*

| G. DUNN | | |
|---|---|---|
| Correctional Counselor COUNSELOR | 1/22/10 Date | Staff Circle One: |
| | | (Informally Resolved)   Not Informally Resolved |

Unit Manager's Review

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.      If complaint is informally resolved, maintain original on file in the Unit.

2.      If complaint is <u>not</u> informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | | | |
| Time: | 1000 | 1310 | | | |
| Counselor: | | | | | |

NY12528:416066.1

**EXHIBIT 47**

310

**Response to Administrative Remedy Case Number: 576338-F1**

This is in response to your request for Administrative Remedy receipted on February 10, 2010.  You allege because you are unable to hear prison alarms and miss important warnings.  Because you are deaf, you request to be providing with a vibrating pager.  You also request to be transferred to another institution with deaf inmates and programs for the deaf.

Investigation of this matter reveals you currently have an Administrative Remedy pending regarding a request for an interpreter to assist you with communicating with correctional officers and other prison staff (Case No. 576334-F1).  In this same case, you also request a transfer to another institution with deaf inmates and programs for the deaf and a *vibrating pager for when announcements or warnings are made*.  The response to Case No. 576344-F1 is due to you on March 2, 2010.  You should wait for the response to that case.  If you are not satisfied with the response to Case No. 576344-F1, you may file an appeal through the appropriate procedures.

Accordingly, this case is closed as **REPETITIVE** of a previous filing. If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calendar days from the date of this response.

_____          2/11/2010
Scott A. Middlebrooks, Warden                   Date

**EXHIBIT 47**

311

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 15, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : DAVID BRYANT, 06704-016
      COLEMAN I USP    UNT: L/M    QTR: Z01-103UAD
      P.O. BOX 1023
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 576334-R1       REGIONAL APPEAL
DATE RECEIVED   : MARCH 15, 2010
SUBJECT 1       : OTHER NON-MAIL COMMUNICATION
SUBJECT 2       : TRANSFER - OTHER
INCIDENT RPT NO :

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).  YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.


**EXHIBIT 47**

312

U.S. Department of Justice                                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Bryant  David _____ 06-104-016 _____ 2-B _____ USP Victorville
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My request for hearing aid batteries (detailed in the attached BP-9 and BP-8) has been refused. I didn't receive a response to my BP-10, filed March 13, 2010, and the need for my request has not been remedied. My hearing aids allow me to hear some sound, but they do not function properly without working batteries.

4-13-10 _____            _____
       DATE                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

APR 2 0 2010

Administrative Remedy Section
Federal Bureau of Prisons

_____            _____
       DATE                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

**Part C - RECEIPT**

                                                   CASE NUMBER: _____

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____            _____
       DATE                                 SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

**EXHIBIT 47**

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Bryant, David D.__   __06704-016__   __SHU__   __USP Coleman I__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate who uses the assistance of hearing aids. My request for hearing aids batteries (detailed in the attached BP8 and BP9) has been refused and the need for my request has not been remedied. My hearing aids allow me to hear sound, but they do not function properly without strong, working batteries. I need new batteries when the old ones weaken or die, not when I am "scheduled" to receive them. The response by Warden Middlebrooks to another request I made (Case No 576334-F1) inconsistently claims that I receive new batteries for my hearing aids "as needed," but I do not.

__3/11/2010__
DATE

__David Bryant__
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: __575644-R1__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN   PRINTED ON RECYCLED PAPER   BP-230(13) JUNE 2002

**EXHIBIT 47**

314

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse*

| From: | Bryant, David D. | 06704-016 | 5H4 | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate, who uses the assistance of a hearing aid. The prison has failed, however, to give me batteries for my hearing aid. Thus far I have only received batteries of the wrong size. Furthermore, I need to be given correctly sized batteries more often than once every six months because the batteries do not last nearly that long.

For these reasons, I am requesting that the prison give me batteries for my hearing aid on an as needed basis. The batteries need to be specific for hearing aids, e.g. size 13 or size 675.

| 2-4-10 | ~~David D Bryant~~ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

See attached response.                    RCVD FEB 10 '10

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 575644-F1

CASE NUMBER:

**Part C– RECEIPT**

Return to:

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT:

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

**EXHIBIT 47**

315

COC 1330.16.A
January 16, 2008
Attachment A

### INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | SHU | ~~David Bryant~~ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1. Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate, who uses the assistance of a hearing aid. The prison, however, has failed to give me batteries for my hearing aid. Thus far I have only received batteries of the wrong size.

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have ~~communicated with~~ Case Manager Contry, the Doctor and I wrote to Warden Middlebrooks regarding my need for correct hearing aid batteries.

3. What action does the inmate wish to be taken to correct the issue?

The prison should give me batteries for my hearing aid as they are needed. The batteries need to be specific for hearing aids, e.g. size 13 or size 675.

Correctional Counselor's Comments (including actual steps taken to resolve) :

Health Services has been notified of this. You have received size 13 batteries on two separate occassions which actually exceeds the allotted battery issue of every 6 months. This per Dr. Vargas, AHSA.

| G. DUNN COUNSELOR | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor | Date | |

(Informally Resolved) Not Informally Resolved

**Unit Manager's Review**

| _____ | 1/22/10 |
|---|---|
| Unit Manager | Date |

**Distribution by Correctional Counselor:**

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is <u>not</u> informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/21/10 | _____ | _____ | _____ |
| Time: | 1000 | 1300 | _____ | _____ | _____ |
| Counselor: | | | _____ | _____ | _____ |

NY12528:416058.1

**EXHIBIT 47**

316

**Response to Administrative Remedy Case No:  575644-F2**

This is in response to your Request for Administrative Remedy received in this office on February 10, 2010, in which you claim you have not received batteries for your hearing aids.  You allege the batteries you have are not the right size for your hearing aids.

Investigation into this matter revealed you received two pairs of size 13 hearing aids batteries as scheduled.  According to manufacture specifications these type of batteries last six months with normal regular use.  You will continue to have your batteries changed as scheduled by your medical provider.  Your next scheduled batteries exchange is scheduled for April 10, 2010.

Accordingly, this response is for **Informational Purposes** Only.  If you are dissatisfied with this response, you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN: REGIONAL DIRECTOR, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

Scott A. Middlebrooks, Warden                 2/22/10
                                              Date

**EXHIBIT 47**

317

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Bryant, David     06704-016     2B     USP Victorville

       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My request for access to closed-captioned television (detailed in the attached BP-9 and BP-8) has been refused and the need for my request has not been remedied. I did not receive a response my BP-10, filed 3/12/2010. Please note, the response to the BP-9 fails to address the safety issues for me from other inmates who do not want closed-captioning turned on. I was put in the SHU at USP Coleman because another inmate kicked me after I tried to turn on closed-captioning.

4-19-10

DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

APR 2 0 2010

Administrative Remedy Section
Federal Bureau of Prisons

_____          _____
DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____          _____          _____          _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          _____
DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER          BP-231(13) JUNE 2002

**EXHIBIT 47**

318

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David D    06704-016    SHU    USP Coleman 1
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My request for access to a television with closed captioning turned on or a transfer to a prison with programs for the deaf (detailed in the attached BP8 and BP9) has been refused and the need for my request has not been remedied. I should not be required, upon my release from the SHU, to have to request that a unit television be programmed for closed-caption viewing. Also, the response fails to address the safety issue for me from other inmates who do not want closed-captioning turned on. I am currently in the SHU because another inmate kicked me after I tried to turn on closed-captioning.

3/11/2010
DATE      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAR 15 2010

DATE          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 576341-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002
USP LVN

**EXHIBIT 47**

319

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bryant, David D. | 06704-016 | SHU | USP Coleman I |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on. Other inmates prevent me from keeping the closed captioning on. I am currently being held in the Special Housing Unit because another inmate kicked me after I tried to turn on closed-captioning.

For these reasons, I am requesting that closed-captioning to be enabled on a prison television available to me. As an alternative, I request a transfer to a prison with other deaf inmates and programs for the deaf.

2-4-10
DATE                                            SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RCVD FEB 10 '10

See attached response.

DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 57634-F1

                                             CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

DATE                                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229
APRIL 1

**EXHIBIT 47**

320

COC 1330.16.A
January 16, 2008
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.13 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| David Bryant | 06704-016 | | |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.     Specific complaint (one 8 ½" x 11" continuation page may be attached) :

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. I am unable to understand and enjoy television because the closed-captioning is not turned on.

*Other inmates prevent me from keeping the closed-captioning on.*

2.     What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

*I have communicated with Case Manager Crotty, Counselor Dunn and have written to Warden Middlebrooks.*

3.     What action does the inmate wish to be taken to correct the issue?

That closed-captioning be enabled on a prison television available to me. As an alternative, a transfer to a prison with other deaf inmates and with programs for the deaf.

Correctional Counselor's Comments (including actual steps taken to resolve) :

*As you are housed in Special Housing you do not have access to the television. Once released to the compound you will have access to closed captioning television.*

| G DUNN | 1/22/10 | Staff Circle One: |
|---|---|---|
| Correctional Counselor COUNSELOR | Date | (Informally Resolved)    Not Informally Resolved |

Unit Manager's Review

| | 1/22/10 |
|---|---|
| Unit Manager | Date |

Distribution by Correctional Counselor:

1.    If complaint is informally resolved, maintain original on file in the Unit.

2.    If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 1/21/10 | 1/2./10 | | | |
| Time: | 1000 | 1200 | | | |
| Counselor: | | | | | |

NY12528:416066.1

**EXHIBIT 47**

**Response to Administrative Remedy Case Number: 576341-F1**

This is in response to your Request for Administrative Remedy receipted in this office
on February 10, 2010, in which you request a television in your assigned housing unit
be programmed for closed captioning so you can enjoy television viewing.  You also
request to be transferred to an institution with other deaf inmates.

An investigation into your complaint revealed that prior to your placement in the Special
Housing Unit (SHU), arrangements were being made for programming a television with
closed captions.  However, SHU inmates are not permitted television privileges.
Therefore, upon your release from SHU back to general population, you may request
one of the unit televisions be programmed for closed caption viewing.

Your request for transfer to an institution with other deaf inmates and programs for the
deaf is being addressed in Administrative Remedy Case No. 576334-F1 and, therefore,
will not be addressed again in this response.

Based on our findings, your request for Administrative Remedy is  **DENIED**.  If you are
dissatisfied with this response, you may appeal by filing a BP-DIR-10 to the Bureau of
Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek
Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226, within twenty (20) calender
days from the date of this response.

_____          _____
Scott A. Middlebrooks,  Warden                    Date

**EXHIBIT 47**

322

# EXHIBIT 48

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _Bryant, David_ _06704-016_ _2-B_ _USP Victorville_
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My requests for an ASL interpreter to help me communicate with COs, medical staff, mental healthcare workers, pharmacists, educational and vocational instructors, and work supervisors (detailed in the attached BP-9s and BP-8s) have been refused and the need for my requests has not been remedied. Also, my request for a vibrating pager so that I can properly respond to prison alarms and other announcements (detailed in the attached BP-9 and BP-8) has been refused and the need for my request has not been remedied. These requests, which alternatively requested a transfer to a prison that better accommodates deaf inmates, were consolidated by USP Coleman I (see attached) and rejected. I appealed the consolidated requests, but my BP-10 was rejected because of the prison's consolidation. Further, I was transferred in the interim and received the rejection on or about April 14, 2010. I now submit a BP-11 for this issue.

_4-18-10_
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

# RECEIVED

### APR 2 0 2010

**Administrative Remedy Section**
**Federal Bureau of Prisons**

_____ DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____ DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN      PRINTED ON RECYCLE PAPER      BP-231(13)

**EXHIBIT 48**

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 7, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID BRYANT, 06704-046
      VICTORVILLE USP    UNIT: 2 B    QTR: B23-121L
      P.O. BOX 5400
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 576334-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : APRIL 20, 2010
SUBJECT 1       : OTHER NON-MAIL COMMUNICATION
SUBJECT 2       : TRANSFER - OTHER
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REMARKS         : YOU MUST RESUBMIT THIS APPEAL TO THE REGION.

**EXHIBIT 48**

325

# EXHIBIT 49

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David D    06704-016    SHU    USP Coleman 1
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My request for access to a television with closed captioning turned on or a transfer to a prison with programs for the deaf (detailed in the attached BP8 and BP9) has been refused and the need for my request has not been remedied. I should not be required, upon my release from the SHU, to have to request that a unit television be programmed for closed-caption viewing. Also, the response fails to address the safety issue for me from other inmates who do not want closed-captioning turned on. I am currently in the SHU because another inmate kicked me after I tried to turn on closed-captioning.

3/11/2010
DATE                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAR 15 2010

DATE                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE           CASE NUMBER: 576341-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

PRINTED ON RECYCLED PAPER

**EXHIBIT 49**

327

Regional Administrative Remedy Appeal No. 576341-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted March 15, 2010. You claim the current television viewing schedule in your housing unit at the Federal Correctional Complex, Coleman, Florida, is not programmed for closed captioning so you can enjoy television viewing. As relief, you request staff provide one of the current televisions for closed captioned and transfer you to an institution for deaf inmates.

We have reviewed your complaint and determined the Warden's response adequately addresses your concerns. As you were previously informed, the unit team has established a permanent television viewing schedule for closed captions. You were also informed by the institution that your request regarding a transfer to another institution would be addressed in Administrative Remedy case number 576334-F1. However, you have been transferred to the United States Penitentiary, Victorville, California. Finally, you fail to present information to this office which warrants further consideration.

Accordingly, this Regional Administrative Remedy Appeal is partially granted. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

_4/23/10_
_____
Date

_____
Regional Director, SERO

**EXHIBIT 49**

# EXHIBIT 50

**U.S. Department of Justice**                                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Bryant David                    06704-016      2B        USP Victorville
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding Spoken English. My request for access to closed-captioned television (detailed in the attached BP-9 and BP-8) has been refused and the need for my request has not been remedied. I did not receive a response my BP-10, filed 3/12/2010. Please note, the response to the BP-9 fails to address the safety issues for me from other inmates who do not want closed-captioning turned on. I was put in the SHU at USP Coleman because another inmate kicked me after I tried to turn on closed-captioning.

4-14-10                                    _David Bryant_
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

APR 2 0 2010

Administrative Remedy Section
Federal Bureau of Prisons

---

_____                    _____
DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C - RECEIPT**

                                                   CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                    _____
DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

                                                                       BP-231(13)

**EXHIBIT 50**

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 7, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID BRYANT, 06704-016
      VICTORVILLE USP      UNT: 2 B    QTR: B23-121L
      P.O. BOX 5400
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 576341-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : APRIL 20, 2010
SUBJECT 1      : OTHER OPERATIONS
SUBJECT 2      : TRANSFER - OTHER
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM AND A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.


**EXHIBIT 50**

331

# EXHIBIT 51

U.S. Department of Justice                          **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Bryant, David D.                    C6704-016        SHU          USP Coleman1
     LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT         INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate who uses the assistance of hearing aids. My request for hearing aids batteries (detailed in the attached BP8 and BP9) has been refused and the need for my request has not been remedied. My hearing aids allow me to hear sound, but they do not function properly without strong, working batteries. I need new batteries when the old ones weaken or die, not when I am "scheduled" to receive them. The response by Warden Middlebrooks to another request I made (Case No 576334-F1) inconsistently claims that I receive new batteries for my hearing aids "as needed," but I do not.

3/11/2010                               _[signature]_
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                                          _____
    DATE                                                  REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _575644-R1_

**Part C - RECEIPT**
                                              CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                    ⊛                 _____
    DATE                     PRINTED IN RECYCLED PAPER   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                              BP-230(13)
                                                                    JUNE 2002

**EXHIBIT 51**

Regional Administrative Remedy Appeal No:   575644-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted March 15, 2010.  You allege you wear a hearing aid and need to be provided replacement batteries when your old ones weaken.  You further claim you are a deaf mute and need your hearing aid to hear sound.  As relief, you request to be provided replacement batteries as needed.

A review of your medical records revealed you were issued two size 13 replacement hearing aid batteries on December 10, 2009.  Further investigation revealed you were transferred to USP Victorville on March 18, 2010.  Although you were scheduled to receive replacement batteries while you were housed at USP Coleman I, you should refer to the Health Services Unit at your current institution to determine their local policy as to how and when replacement batteries will be issued to you.

Accordingly, this response is for informational purposes only.  If dissatisfied with this response, you may appeal to the Office of General Counsel.  Your appeal must be received in the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC, 20534, within 30 calendar days of the date of this response.

_____          _____
Date                                                   Regional Director, SERO

**EXHIBIT 51**

334

# EXHIBIT 52

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Bryant David   06704-016   J-B   USP Victorville
    LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I have difficulty understanding spoken English. My request for hearing aid batteries (detailed in the attached BP-9 and BP-8) has been refused. I didn't receive a response to my BP-10, filed March 12, 2010, and the need for my request has not been remedied. My hearing aids allow me to hear some sound, but they do not function properly without working batteries.

4-18-10
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

APR 20 2010

Administrative Remedy Section
Federal Bureau of Prisons

_____ DATE _____    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____ DATE _____    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)

**EXHIBIT 52**

336

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 7, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DAVID BRYANT, 06704-116
      VICTORVILLE USP    UNT: 2 B    QTR: B23-121L
      P.O. BOX 5400
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 575644-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : APRIL 20, 2010
SUBJECT 1      : NON-MEDICATION/PRESCRIPTIONS-BED BOARDS, IDLES, ETC.
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM AND A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : ALL FOUR PAGES OF THE BP-11 MUST BE LEGIBLE.
                 CONSIDER WRITING ON EACH PAGE WITH THE SAME
                 WORDING.


**EXHIBIT 52**

# EXHIBIT 53

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Bryant, David | 06704-016 | 2-B | USP Victorville |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

It has been more than 20 days since I submitted a BP-9 on April 5, 2010 and I have not received a response. My complaint also has not been remedied.

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BoP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to frustrate my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request (a) working hearing aid batteries on an as needed basis; (b) safe access to closed-captioning TV; (c) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, pharmacists, education and vocational instructors, and work supervisors; and (d) a vibrating pager to alert me to prison alarms and other announcements.

_____    _____
DATE                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____    _____
DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____    _____
DATE                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

**EXHIBIT 53**

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Bryant, David D.                    06704-016                                                    USP Victorville
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT              ~~USP Coleman I~~ INSTITUTION

**Part A– INMATE REQUEST** The complaint specified in my BP-8 submitted March 29, 2010, has not been remedied. I am a deaf inmate and communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to thwart my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance procedures be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request: (a) access to a working TTY or videophone that connects to a relay service on the same basis as other prisoners are permitted access to telephones; (b) working hearing aid batteries on an as needed basis; (c) safe access to closed-captioning TV; (d) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, phone assists, educational & vocational instructors, and while experiencing medical issues; (e) a vibrating pager to alert me to prison alarms and other announcements.

4-__-10
DATE

_____ (signature)
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
2010 APR 15   PM 3:09
WARDEN'S OFFICE
USP VICTORVILLE

_____                                    _____
         DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                  CASE NUMBER: 585 48-F1

                                                            CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.              UNIT              INSTITUTION

SUBJECT: _____

_____           ⊗           _____
         DATE                                  RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                                              BP-229(13)
USP LVN                                                                       APRIL 1982

**EXHIBIT 53**

# EXHIBIT 54

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Bryant, David D.      06704-016      USP Victorville ~~USP Coleman I~~
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST** The complaint specified in my BP-8 submitted March 29, 2010 has not been remedied. I am a deaf inmate and communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to thwart my completion of the remedy process. The transfer has not remedied my need for accommodations and was in attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request: (a) access to a working TTY or videophone that connects to a relay service on the same basis as other prisoners are permitted access to telephones, (b) working hearing aid batteries on an as needed basis; (c) safe access to closed-captioning TV, (d) a qualified ASL interpreter to enable me to communicate with CO's, medical staff, mental health care workers, psychiatrists, educational & vocational instructors, and while disciplinary; and (e) a vibrating pager to alert me to prison alarms and other announcements.

4-1-10
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED 2010 APR 15 PM 3:09 WARDEN'S OFFICE USP VICTORVILLE

_____      _____
DATE      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 585 48-F1

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____      _____
DATE      RECIPIENT'S SIGNATURE (STAFF MEMBER)

**EXHIBIT 54**
342

**Request for Administrative Remedy**
**Case No.: 585748-F1**

This is in response to your Request for Administrative Remedy, received on April 15, 2010. In your request, you state prior to your transfer, you were seeking accommodation for your disability through the Administrative Remedy Process. As relief, you request your previous grievances be allowed to go forward and that you not be transferred again during the remedy process. You also request the same relief you were seeking at the previous institution.

A review of your request revealed you were designated to USP Victorville on March 18, 2010. You have a medical duty status of Total Deafness. Since November, 2008, nineteen Administrative Remedy submissions were filed at previous institutions. Currently, two Administrative Remedy appeals are pending responses in the South East Regional Office. Specifically, responses to Remedy No. 575644-R1 and Remedy No. 576341-R1 are due on May 14, 2010. Therefore, it appears your Administrative Remedy submissions at previous institutions were, and continue to be, addressed.

You have specifically requested the following accommodations at USP Victorville: (a) telephone access through a tele-typewriter (TTY) or videophone; (b) working hearing aid batteries on an as-needed basis; (c) access to closed-captioned television; (d) a qualified interpreter in order to communicate with staff; and (e) a vibrating pager to alert you to prison alarms and other announcements.

Each of these requests are addressed as follows: (a) Your Unit Manager has a TTY/Video phone inside the Unit Team area for your use. A schedule has been set for you to utilize the equipment on Monday afternoons and Friday mornings; (b) Health Services staff have advised that on April 20, 2010, you turned in your hearing aid, stating it wasn't working. A consultation request has been submitted for you to be seen by an Ear, Nose and Throat (ENT) Specialist. You will be advised on the outcome of this request; (c) A television has been set with the closed-captioned for your viewing, inside your assigned unit; (d) There are no provisions in policy to provide hearing impaired inmates with pagers or ASL trained staff. However, you are provided with a hearing aid and new batteries for the device as needed; (e) You attended Admission and Orientation (A&O), and were provided an inmate handbook when you arrived at the institution. The inmate handbook provides the official count, meals, and movement times. In the event there is an unscheduled count or movement time, you will be alerted by staff. All fire alarms in the institution are equipped with a visual device (strobe lighting) to alert the hearing impaired.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only. If you are dissatisfied with your response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton, CA 95219, within twenty (20) calendar days from the date of this response.

_____                    ___5/4/10___
Francisco J. Quintana, Warden                       Date

**EXHIBIT 54**

# EXHIBIT 55

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Bryant, David D. | 06704-016 | | USP Victorville |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I submitted the attached BP-9, dated April 1, and submitted a BP-10 before I received the attached late response to my BP-9. Even though I properly submitted the BP-10 on May 4, 2010, I am submitting this additional BP-10.

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to frustrate my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request (a) working hearing aid batteries on an as needed basis; (b) safe access to closed-captioning TV; (c) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, pharmacists, education and vocational instructors, and work supervisors; and (d) a vibrating pager to alert me to prison alarms and other announcements. The Warden's response does not adequately address these needs for accommodation.

5-24-10
DATE                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 585748-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                    BP-230(13)
JUNE 2002

**EXHIBIT 55**

345

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Bryant, David D.**    06704-016          ~~USP Coleman I~~   *USP Victorville*
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT       INSTITUTION

**Part A- INMATE REQUEST** The complaint specified in my BP-8 submitted March 29, 2010, has not been cancelled. I am a deaf inmate and communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to thwart my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request: (a) access to a working TTY or videophone that connects to a relay service on the same basis as other prisoners are permitted access to telephones; (b) working hearing aid batteries on an as-needed basis; (c) safe access to closed-captioning TV; (d) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, pharmacists, educational & vocational instructors, and while religious; and (e) a vibrating pager to alert me to prison alarms and other announcements.

4-1-10
DATE                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
2010 APR 15 PM 3:09
WARDEN'S OFFICE
USP VICTORVILLE

_____              _____
DATE                       WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 585418-F1

                                         CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____        ⊛        _____
DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP-LVN                                     BP-229(13)
                                             APRIL 1982

**EXHIBIT 55**

**Request for Administrative Remedy**
**Case No.: 585748-F1**

This is in response to your Request for Administrative Remedy, received on April 15, 2010. In your request, you state prior to your transfer, you were seeking accommodation for your disability through the Administrative Remedy Process. As relief, you request your previous grievances be allowed to go forward and that you not be transferred again during the remedy process. You also request the same relief you were seeking at the previous institution.

A review of your request revealed you were designated to USP Victorville on March 18, 2010. You have a medical duty status of Total Deafness. Since November, 2008, nineteen Administrative Remedy submissions were filed at previous institutions. Currently, two Administrative Remedy appeals are pending responses in the South East Regional Office. Specifically, responses to Remedy No. 575644-R1 and Remedy No. 576341-R1 are due on May 14, 2010. Therefore, it appears your Administrative Remedy submissions at previous institutions were, and continue to be, addressed.

You have specifically requested the following accommodations at USP Victorville: (a) telephone access through a tele-typewriter (TTY ) or videophone; (b) working hearing aid batteries on an as-needed basis; (c) access to closed-captioned television; (d) a qualified interpreter in order to communicate with staff; and (e) a vibrating pager to alert you to prison alarms and other announcements.

Each of these requests are addressed as follows: (a)  Your Unit Manager has a TTY/Video phone inside the Unit Team area for your use. A schedule has been set for you to utilize the equipment on Monday afternoons and Friday mornings; (b) Health Services staff have advised that on April 20, 2010, you turned in your hearing aid, stating it wasn't working. A consultation request has been submitted for you to be seen by an Ear, Nose and Throat (ENT) Specialist. You will be advised on the outcome of this request; (c) A televison has been set with the closed-captioned for your viewing, inside your assigned unit; (d)  There are no provisions in policy to provide hearing impaired inmates with pagers or ASL trained staff. However, you are provided with a hearing aid and new batteries for the device as needed;  (e) You attended Admission and Orientation (A&O), and were provided an inmate handbook when you arrived at the institution. The inmate handbook provides the official count, meals, and movement times. In the event there is an unscheduled count or movement time, you will be alerted by staff. All fire alarms in the institution are equipped with a visual device (strobe lighting) to alert the hearing impaired.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only. If you are dissatisfied with your response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton, CA 95219, within twenty (20) calendar days from the date of this response.

_____                    ___5/4/10___
Francisco J. Quintana, Warden                           Date

**EXHIBIT 55**

# EXHIBIT 56

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Bryant, David D. | 06704-016 | | USP Victorville |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I submitted the attached BP-9, dated April 1, and submitted a BP-10 before I received the attached late response to my BP-9. Even though I properly submitted the BP-10 on May 4, 2010, I am submitting this additional BP-10.

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to frustrate my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request (a) working hearing aid batteries on an as needed basis; (b) safe access to closed-captioning TV; (c) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, pharmacists, education and vocational instructors, and work supervisors; and (d) a vibrating pager to alert me to prison alarms and other announcements. The Warden's response does not adequately address these needs for accommodation.

5-24-10
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
MAY 2 6
REGIONAL DIRECTOR
WRO

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 585748-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)
JUNE 2002

**EXHIBIT 56**

585748-R1                    BRYANT, David                    06704-016
FCC Victorville


This is in response to your Regional Administrative Remedy Appeal
of the Warden's decision dated May 4, 2010.  You are requesting
accommodations for your disability.  In addition, you state your
transfer was retaliatory and you request that you remain at this
facility to complete the administrative remedy process.

A review of your request reveals you arrived at USP Victorville on
March 18, 2010.  You stated you were transferred after you had
submitted a remedy and before you received a response.  Program
Statement 1330.16, <u>Administrative Remedy Program</u>, requires the
facility or regional office to complete the investigation and the
response in a timely manner regardless if the inmate has left the
institution or the region.  To clarify, although you were transferred
to another region, your remedies will be investigated and you will
receive a response if they met the submission criteria.

The Warden's response addressed each issue you listed in your BP-9.
We concur with the Warden's response.  As a follow-up to your hearing
aid concerns (b), Health Services notified you of your approval to
have a consult with an Ear, Nose, and Throat Specialist.  If you
need batteries for your hearing aide, notify Health Services and
you will receive those free of charge.  Our review reveals the
institution is meeting your needs.

This response is provided for informational purposes.  If
dissatisfied with this response, you may appeal to the Office of
the General Counsel, Bureau of Prisons, 320 First Street, NW,
Washington, DC 20534.  Your appeal must be received in the General
Counsel's Office within 30 calendar days of the date of this response.


_____              _____
      Date                            Robert E. McFadden, Regional Director


**EXHIBIT 56**

350

# EXHIBIT 57

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _Bryant, David_ _____   _C61C4-016_ _____   _____   _USP Victorville_
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL**

I am a deaf inmate and I communicate in American Sign Language ("ASL").  I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability.  To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to frustrate my completion of the remedy process.  The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.  Futhermore, my requests for accommodations at USP Victorville have been refused and my need for accommodations has not been remedied.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process.  Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred.  I request (a) working hearing aid batteries on ~~are~~ an as needed basis; (b) safe access to closed-captioning TV; (c) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, pharmacists, education and vocational instructors, and work supervisors; and (d) a vibrating pager to alert me to prison alarms and other announcements.  The Warden's and the Western Regional Director's responses do not adequately address these needs for accommodation.

_____　　　　　　　　　　_Dave Bryant_
　　　　　DATE　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____　　　　　　　　　_____
　　　　　DATE　　　　　　　　　　　　　　　　　GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE　　　　　　　　　　CASE NUMBER: _____

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____　　　　　　　　_____
　　　　　DATE　　　　　　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

**EXHIBIT 57**

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Bryant, David D. | 06704-016 | | USP Victorville |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I submitted the attached BP-9, dated April 1, and submitted a BP-10 before I received the attached late response to my BP-9. Even though I properly submitted the BP-10 on May 4, 2010, I am submitting this additional BP-10.

I am a deaf inmate and I communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that end, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to frustrate my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request (a) working hearing aid batteries on an as needed basis; (b) safe access to closed-captioning TVs; (c) a qualified ASL interpreter to enable me to communicate with COs, medical staff, mental healthcare workers, pharmacists, education and vocational instructors, and work supervisors; and (d) a vibrating pager to alert me to prison alarms and other announcements. The Warden's response does not adequately address these needs for accommodation.

5-24-10
DATE                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 585748K

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002
USP LVN

**EXHIBIT 57**

353

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Bryant, David D.**          **06704-016**          USP Victorville
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
~~USP Coleman I~~

**Part A- INMATE REQUEST** The complaint specified in my BP-8 submitted March 29, 2010, has not been remedied. I am a deaf inmate and communicate in American Sign Language ("ASL"). I do not communicate effectively in written or spoken English and have been seeking accommodations for my disability. To that aid, I was working through the BOP's administrative remedy process when I was transferred from USP Coleman I to USP Victorville. I believe this transfer was retaliatory and done to try to abort my completion of the remedy process. The transfer has not remedied my need for accommodations and was an attempt to frustrate my use of the remedy process and my ability to communicate with my attorneys.

I request that my previous grievance processes be allowed to go forward and that I not be transferred again during the remedy process. Also, because the transfer has not remedied my need for accommodations, I request the same relief I was seeking before I was transferred. I request: (a) access to a working TTY or videophone that connects to a relay service on the same basis as other prisoners are permitted access to telephones; (b) working hearing aid batteries on an as-needed basis; (c) safe access to closed-captioning TV; (d) a qualified ASL interpreter to enable me to communicate with CO's, medical staff, mental healthcare workers, at meetings, educational & vocational instruction, and at disciplinary meetings; and (e) a vibrating pager to alert me to prison alarms and other announcements.

4-1-10   DATE          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED 2010 APR 15 PM 3:09 WARDEN'S OFFICE USP VICTORVILLE

_____ DATE          WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*
ORIGINAL: RETURN TO INMATE          CASE NUMBER: 585418-F1

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____ DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229(13) APRIL 1982

**EXHIBIT 57**
354

**Request for Administrative Remedy**
**Case No.: 585748-F1**

This is in response to your Request for Administrative Remedy, received on April 15, 2010. In your request, you state prior to your transfer, you were seeking accommodation for your disability through the Administrative Remedy Process. As relief, you request your previous grievances be allowed to go forward and that you not be transferred again during the remedy process. You also request the same relief you were seeking at the previous institution.

A review of your request revealed you were designated to USP Victorville on March 18, 2010. You have a medical duty status of Total Deafness. Since November, 2008, nineteen Administrative Remedy submissions were filed at previous institutions. Currently, two Administrative Remedy appeals are pending responses in the South East Regional Office. Specifically, responses to Remedy No. 575644-R1 and Remedy No. 576341-R1 are due on May 14, 2010. Therefore, it appears your Administrative Remedy submissions at previous institutions were, and continue to be, addressed.

You have specifically requested the following accommodations at USP Victorville: (a) telephone access through a tele-typewriter (TTY ) or videophone; (b) working hearing aid batteries on an as-needed basis; (c) access to closed-captioned television; (d) a qualified interpreter in order to communicate with staff; and (e) a vibrating pager to alert you to prison alarms and other announcements.

Each of these requests are addressed as follows: (a)  Your Unit Manager has a TTY/Video phone inside the Unit Team area for your use. A schedule has been set for you to utilize the equipment on Monday afternoons and Friday mornings; (b) Health Services staff have advised that on April 20, 2010, you turned in your hearing aid, stating it wasn't working. A consultation request has been submitted for you to be seen by an Ear, Nose and Throat (ENT) Specialist. You will be advised on the outcome of this request; (c) A television has been set with the closed-captioned for your viewing, inside your assigned unit; (d)  There are no provisions in policy to provide hearing impaired inmates with pagers or ASL trained staff. However, you are provided with a hearing aid and new batteries for the device as needed; (e) You attended Admission and Orientation (A&O), and were provided an inmate handbook when you arrived at the institution. The inmate handbook provides the official count, meals, and movement times. In the event there is an unscheduled count or movement time, you will be alerted by staff. All fire alarms in the institution are equipped with a visual device (strobe lighting) to alert the hearing impaired.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only. If you are dissatisfied with your response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton, CA 95219, within twenty (20) calendar days from the date of this response.

_____
Francisco J. Quintana, Warden

_____5/4/10_____
Date

**EXHIBIT 57**

355

585748-R1                BRYANT, David                06704-016
FCC Victorville


This is in response to your Regional Administrative Remedy Appeal
of the Warden's decision dated May 4, 2010.  You are requesting
accommodations for your disability.  In addition, you state your
transfer was retaliatory and you request that you remain at this
facility to complete the administrative remedy process.

A review of your request reveals you arrived at USP Victorville on
March 18, 2010.  You stated you were transferred after you had
submitted a remedy and before you received a response.  Program
Statement 1330.16, Administrative Remedy Program, requires the
facility or regional office to complete the investigation and the
response in a timely manner regardless if the inmate has left the
institution or the region.   To clarify, although you were transferred
to another region, your remedies will be investigated and you will
receive a response if they met the submission criteria.

The Warden's response addressed each issue you listed in your BP-9.
We concur with the Warden's response.  As a follow-up to your hearing
aid concerns (b), Health Services notified you of your approval to
have a consult with an Ear, Nose, and Throat Specialist.  If you
need batteries for your hearing aide, notify Health Services and
you will receive those free of charge.  Our review reveals the
institution is meeting your needs.

This response is provided for informational purposes.  If
dissatisfied with this response, you may appeal to the Office of
the General Counsel, Bureau of Prisons, 320 First Street, NW,
Washington, DC 20534.  Your appeal must be received in the General
Counsel's Office within 30 calendar days of the date of this response.


_____              _____
6·3o·10                              Robert E. McFadden, Regional Director
        Date


**EXHIBIT 57**

356

# EXHIBIT 58

9-6-10
7MR2:05P

MUL TIPTON

① Did you ask to come to SHU? NO

For your own Protection? NO
David Bryant-Dean

LA's office was get me
go to SHU, then I Don't
understand that why, LA office
said that compound Danger
call me. I said stop
frivolous and malicious. Also
I never never Trouble with
everything by compound
Danger.

② Did MUL TIPTON the compound
find out what
you are in
Prison For? NO-
David Bryant-Dear
I Don't Know),
I am inmate in prison AI9T
Trouble with nothing, I only
respect By prison Also I must
focus my responsible By my
right way go to Back to
unit

EXHIBIT 58
358



Mr. tipton
you are in

SHU

under a Protective

③ Custody investigation
David Bryant-Deason
I never said that
Protective so I am
fine everything, I never
Never fight and not hurt
I must sober back to
my work not problem

④ I will let Lt. Halsted
know you want to so to
general.

EXHIBIT 58
359

# EXHIBIT 59

Mr. Tipton        Someone  Dropped    8-11-10
                                      Time 3:45p

              A  note  on  you

          Saying  you  had

          to  go  to  SHU.

          SIS  has  to

          investigate  it.

I am Deaf   I Never Note ~~About~~ shu and
          Also I Never said that shu
          other Inmate WAS NOTE MALicious
          To me-they stop Blame to me
          they I NOT WANT go to Shu
          Stop Lie to About ~~sos~~ SIS

   Mr Tipton      SIS has to check
                  it out.

---

**EXHIBIT 59**

361

# EXHIBIT 60

125 BROAD STREET
NEW YORK, N.Y. 10004-2498

August 17, 2010

<u>Via U.S. Mail</u>

Warden Francisco J. Quintana
USP VICTORVILLE
U.S. PENITENTIARY
P.O. BOX 5400
Adelanto, CA  92301

Re:   <u>Inmate David Bryant, 06704-016</u>

Dear Warden Quintana:

I represent David Bryant, Register Number 06704-016, and am writing to express my continuing concerns with USP Victorville's failure to accommodate Mr. Bryant's deafness.  Mr. Bryant's placement in the Special Housing Unit (the "SHU") where he has significantly reduced privileges from both the general population and compared to other hearing inmates in the SHU, is very troubling – especially considering that his placement in the SHU appears to be the result of the prison's failure to provide Mr. Bryant with a qualified American Sign Language ("ASL") interpreter.

As you know from previous letters from me and my colleagues and the administrative remedy forms Mr. Bryant has filed, Mr. Bryant is deaf.  He communicates in ASL, a language of hand signals that is *distinct and different* from English, and, therefore, he does not communicate effectively in written English.  Additionally, he requires a teletypewriter ("TTY") to communicate via telephone.  When my colleague Andrew Gelfand and I visited Mr. Bryant on July 25, 2010, we learned that Mr. Bryant had been placed in the SHU on or around July 23, 2010.  To my knowledge, Mr. Bryant is still in the SHU, where, amongst other general privilege restrictions, he has no access to a TTY despite the fact that hearing prisoners in the same position have access to telephones.  Mr. Bryant did not – and still does not – know why he was put in the SHU.

Mr. Gelfand spoke with Counselor Ferguson on July 27, 2010, to determine why Mr. Bryant was put in the SHU.  Counselor Ferguson told Mr. Gelfand to speak to Unit Manager Tipton.  On July 29, 2010, Unit Manager Tipton told Mr. Gelfand that if Mr. Bryant signed a release form, Unit Manager Tipton would then be able to provide Mr. Gelfand information regarding Mr. Bryant's placement in the SHU.  Mr. Gelfand followed Unit Manager Tipton's instructions and sent him a release for Mr. Bryant's signature on July 30, 2010.

**EXHIBIT 60**

Warden Francisco J. Quintana                                                   -2-

After receiving the requested release form, however, Unit Manager Tipton told Mr. Gelfand on August 6, 2010, that there was a "misunderstanding" because he could not deal with attorneys, nor provide updates on Mr. Bryant's status. Unit Manager Tipton also said that Mr. Bryant "knows why he is in the SHU" because Mr. Bryant writes and reads lips "very well" and that he could write to his attorneys to tell us why he is in the SHU. Mr. Gelfand reminded Unit Manager Tipton that Mr. Bryant did not know why he was in the SHU when we visited him on July 25, 2010. Mr. Gelfand also reminded Unit Manager Tipton that it was Unit Manager Tipton's suggestion to have Mr. Bryant sign the release form. Unit Manager Tipton agreed to follow up with Mr. Bryant to see if he consented to the release of this information. To date, we have not heard further from Unit Manager Tipton.

Mr. Bryant recently sent me by mail a set of handwritten notes passed between himself and Unit Manager Tipton. These notes are dated August 6, 2010 – the same date on which we had our last communication with Unit Manager Tipton in which he informed Mr. Gelfand that Mr. Bryant writes and reads lips "very well." I am attaching these handwritten notes as they clearly demonstrate that Mr. Bryant does not communicate effectively in written English. In this handwritten exchange, Unit Manager Tipton attempted to ask Mr. Bryant if Mr. Bryant had asked to be placed in the SHU "for [his] own protection." When Mr. Bryant denied making such a request, Unit Manager Tipton told Mr. Bryant that he was in the SHU "under a Protective Custody Investigation" and that he would tell his superiors that Mr. Bryant "want[s] to go to Compound."

From these notes, it appears that USP Victorville is under the mistaken impression that Mr. Bryant requested to be put in the SHU for his own protection. This is but the latest instance of a troubling trend at USP Victorville and other federal prisons in which Mr. Bryant has been incarcerated. Mr. Bryant requests the accommodations which he is due under the law for his deafness, and the prison responds by putting him in the SHU, denying him access to his attorneys, and wrongly claiming that his deafness is not a barrier to communication. This latest apparent miscommunication would never have occurred if the prison had provided Mr. Bryant a qualified ASL interpreter to communicate with prison staff as required under the Rehabilitation Act.

I again request that Mr. Bryant be provided with a qualified ASL interpreter to help him communicate with prison staff and the other reasonable accommodations to which he is entitled under the Act. Mr. Bryant's deafness is a significant and real barrier to communication, and he should not be subjected to unjust punishment in the SHU because the prison refuses to provide him the reasonable accommodations the law requires. In addition, if he has not already been moved, Mr. Bryant should be moved to the general population as soon as possible.

**EXHIBIT 60**

Warden Francisco J. Quintana                                                            -3-

        I am available by telephone, (212) 558-1632, email,
fitzwaterm@sullcrom.com, or facsimile, (212) 291-9282, at any time to discuss this
issue, including Mr. Bryant's ongoing need of accommodations for his deafness.

                                                        Respectfully Yours,

                                                        Matthew S. Fitzwater

(Enclosure)

cc:     Gen. Counsel Kathleen M. Kenney
        Office of General Counsel
        320 1st St., NW, 7th Floor
        Washington, D.C. 20534

        Associate Gen. Counsel Paul W. Layer
        Office of General Counsel
        320 1st St., NW, 7th Floor
        Washington, D.C. 20534

        Harlan Penn, Regional Counsel
        Western Regional Office
        7338 Shoreline Drive
        Stockton, CA 95219

**EXHIBIT 60**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV11- 254 MRP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Adam S. Paris (SBN 190693)
Rory P. Culver (SBN 271868)
1888 Century Park East
Los Angeles, California 90067
Tel.: (310) 712-6600; Fax: (310) 712-8800

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Bryant<br><br>PLAINTIFF(S)<br><br>v.<br><br>U.S. Bureau of Prisons, Harley G. Lappin, Robert E. McFadden, and Francisco J. Quintana, in their official capacities<br><br>_See Attachment_<br><br>DEFENDANT(S). | **CASE NUMBER**<br><br>CV11 0254 MRP (DTBx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): <u>United States Bureau of Prisons, Harley G. Lappin, Robert E. McFadden, and Francisco J. Quintana</u>

A lawsuit has been filed against you.

Within <u>60</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Adam S. Paris</u>, whose address is <u>1888 Century Park East, Los Angeles, California 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____    JAN - 7 20__

By: _____ CHRISTOPHER POWERS

Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1 │ ADAM S. PARIS (SBN 190693)
  │ parisa@sullcrom.com
2 │ RORY P. CULVER (SBN 271868)
  │ culverr@sullcrom.com
3 │ 1888 Century Park East, Suite 2100
  │ Los Angeles, California 90067
4 │ Tel.:        (310) 712-6600
  │ Fax:        (310) 712-8800
5 │
  │ DEBORAH GOLDEN (*pro hac vice* application forthcoming)
6 │ Deborah_Golden@washlaw.org
  │ Washington Lawyers' Committee for Civil Rights and Urban Affairs
7 │ 11 Dupont Circle, N.W., Suite 400
  │ Washington, DC  20036
8 │ Tel.:        (202) 319-1000
  │ Fax:        (202) 319-1010
9 │

10 │ **[Additional Counsel Listed on Signature Page]**

   │ *Attorneys for Plaintiff David Bryant*
11 │

12 │                    UNITED STATES DISTRICT COURT

13 │                   CENTRAL DISTRICT OF CALIFORNIA

14 │

15 │ DAVID BRYANT,                        )    Case No.
                                          )
16 │                    Plaintiff,        )
                                          )
17 │          v.                          )    **COMPLAINT FOR VIOLATIONS**
                                          )    **OF THE REHABILITATION ACT**
18 │ UNITED STATES BUREAU                 )    **AND VIOLATIONS OF THE**
   │ OF PRISONS,                          )    **FIRST, FIFTH, AND EIGHTH**
                                          )    **AMENDMENTS**
19 │ HARLEY G. LAPPIN, in his             )
   │ official capacity as Director of     )
20 │ the United States Bureau of          )
   │ Prisons,                             )
21 │                                      )
   │ ROBERT E. MCFADDEN, in               )
22 │ his official capacity as Regional    )
   │ Director of the United States        )
23 │ Bureau of Prisons Western            )
   │ Region,                              )
24 │                                      )
   │ and                                  )
25 │                                      )
   │ FRANCISCO J. QUINTANA, in            )
26 │ his official capacity as Warden of   )
   │ USP Victorville,                     )
27 │                                      )
   │                    Defendants.       )
28 │                                      )
   │ ─────────────────────────────       )

                                                          **COMPLAINT**

CONFORMED

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID BRYANT

**DEFENDANTS**
see attached

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
see attached

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 794, violations of constitutional and statutory rights of federal prison inmate with deafness

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11  0254

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _____

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                               CIVIL COVER SHEET                               Page 2 of 2

## ATTACHMENT TO CIVIL COVER SHEET

**DEFENDANTS**
UNITED STATES BUREAU OF PRISONS, HARLEY G. LAPPIN, Director of the United States Bureau of Prisons, ROBERT E. MCFADDEN, Regional Director of the United States Bureau of Prisons Western Region, and FRANCISCO J. QUINTANA, Warden of USP Victorville

**ATTORNEYS FOR PLAINTIFF**
ADAM S. PARIS (SBN 190693)
parisa@sullcrom.com
RORY P. CULVER (SBN 271868)
culverr@sullcrom.com
1888 Century Park East
Los Angeles, California 90067
Tel.:    (310) 712-6600
Fax:    (310) 712-8800

DEBORAH GOLDEN (*pro hac vice* application forthcoming)
Deborah_Golden@washlaw.org
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, DC 20036
Tel.:    (202) 319-1000
Fax:    (202) 319-1010

MATTHEW S. FITZWATER (*pro hac vice* application forthcoming)
fitzwaterm@sullcrom.com
TIMOTHEA G.P. LETSON (*pro hac vice* application forthcoming)
letsont@sullcrom.com
125 Broad Street
32nd Floor
New York, New York 10004-2498
Tel.:    (212) 558-4000
Fax:    (212) 558-3588