1  Adam S. Paris (State Bar No. 190693)
2  parisa@sullcrom.com
   Rory P. Culver (State Bar No. 271868)
3  culverr@sullcrom.com
   1888 Century Park East, Suite 2100
4  Los Angeles, California 90067-1725
   Telephone:  (310) 712-6600
5  Facsimile:   (310) 712-8800
6  
   *Attorneys for Plaintiff David Bryant*
7  
   **[Additional Counsel**
8  **Listed on Signature Page]**
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION
12 

| | |
|---|---|
| 13  DAVID BRYANT, | Case No.  CV 11-00254-CAS (DTBx) |
| 14         Plaintiff, | |
| 15         vs. | (The Hon. Christina A. Snyder) |
| 16  UNITED STATES BUREAU OF | **PLAINTIFF'S STATUS REPORT AND REQUEST FOR STATUS CONFERENCE** |
| 17  PRISONS; HARLEY G. LAPPIN, in his official capacity as Director of the | |
| 18  United States Bureau of Prisons; ROBERT E. McFADDEN, in his | |
| 19  official capacity as Regional Director of the United States Bureau of Prisons | |
| 20  Western Region; and FRANCISCO J. QUINTANA, in his official capacity | |
| 21  as Warden of USP Victorville; | |
| 22         Defendants. | |

Plaintiff David Bryant submits this Status Report detailing the current status of the case and requesting a status conference. In light of recent developments (described below), Mr. Bryant proposed to Defendants Federal Bureau of Prisons ("BOP") *et al.* on June 27 that each side put in a statement of their respective positions in a Joint Status Report pursuant to this Court's July 13, 2011 Order. After receiving Mr. Bryant's statement on June 28, BOP's counsel on June 29 instead improperly proposed an opposition to Mr. Bryant's position. Mr. Bryant thus revised his portion of the report to address some of the inaccuracies in the BOP's opposition. The BOP then revised its opposition and, in emails that can only be described as overly argumentative (*see, e.g.*, Dkt # 44, Declaration of Chung H. Han, Ex. F), became upset and threatened to file its own separate report when Mr. Bryant said he wished to review the BOP's revisions. (*Id.*, Ex. G.) The BOP filed its separate report later on June 29. (Dkt # 44.)

Plaintiff filed his claims in January 2011. It is now nearly a year since the Court dismissed Mr. Bryant's Rehabilitation Act claim, stayed his five constitutional claims and ordered Mr. Bryant to undertake the administrative complaint procedure described in 28 C.F.R. § 39.170 (the "EEO Process"). Due to the failure of the EEO Process to move forward and resolve his claims (as described *infra*), this Court should deem his Rehabilitation Act claim exhausted and lift the stay of his five constitutional claims so that further proceedings in this action may begin immediately.

The EEO Process, which the BOP used as the main basis for its argument in favor of dismissal last year, has never before been utilized. All of the efficiencies that the Court may have presumed would inhere in an administrative process are, consequently, absent. It is Mr. Bryant's understanding that his is the first case ever to be adjudicated in such a manner. Mr. Bryant is proceeding in front of an Immigration Law Judge to adjudicate his EEO claims. The BOP is entirely unequipped to manage this process and has never done it before. Due to

its novelty, and through no fault of Mr. Bryant's, the EEO Process has moved very slowly.

In reality, all parties—and especially Mr. Bryant—would have been better off proceeding in Court to adjudicate his claims; any trial would have long since concluded. Under the administrative regulations invoked by the BOP, Mr. Bryant's administrative hearing should have been held no later than January 31, 2012 (*i.e.*, sixty days after his December 2, 2011 appeal from the November 2, 2011 Letter of Findings). The entire EEO Process—including the final decision by the Equal Employment Opportunity ("EEO") Complaint Adjudication Officer (here, Administrative Law Judge Ellen K. Thomas in the Executive Office for Immigration Review)—should have been completed by June 1, 2012. *See* 28 C.F.R. § 39.170(h)-(l). Instead, Mr. Bryant has just received a (new) hearing date—the first hearing date was cancelled on the eve of trial because the BOP failed to procure the needed interpreters ordered by Judge Thomas (discussed *infra*)—for the end of July and beginning of August. The administrative procedure now likely will not be completed for another three to six months, nearly two years after Mr. Bryant filed his Complaint and a year and a half after your Honor's decision on the motion to dismiss.

All the while, Mr. Bryant continues to be denied the auxiliary aids to which he is entitled under the Rehabilitation Act and the Constitution, including those aids ordered in the November 2, 2011 Letter of Findings. For example, Mr. Bryant does not receive ASL interpreters for education programs and has rarely received an ASL interpreter for medical visits. Defendants' contention that the BOP provides many of the auxiliary aids that Mr. Bryant requested, including those ordered in the November 2, 2011 Letter of Findings, is simply untrue.[1]

---

[1] Defendants' report contains a number of such inaccuracies. Moreover, it also contains argument concerning Plaintiff's position, which is more appropriate for discussion at the status conference that Plaintiff has requested.

    In preparation for the administrative hearing—again, the first ever of its kind, and one that Mr. Bryant continues to believe cannot afford him adequate relief[2]—in March 2012, the parties exchanged and filed (i) preliminary witness and exhibit lists, (ii) stipulations of undisputed facts, (iii) lists of disputed facts and issues, and (iv) objections to evidence.  The parties then exchanged and filed revised witness and exhibit lists, revised objections to evidence, and expert reports, and Mr. Bryant filed a pre-hearing memorandum.  In that pre-hearing memorandum, Mr. Bryant explains that he seeks (1) certified ASL interpreters to provide him with "meaningful access" to all BOP programs and activities; (ii) VideoPhone access to allow him to communicate effectively; and (iii) non-aural notification of emergencies and other prison announcements through a vibrating text pager and/or lighted signal board.

    On April 12, 2012, Judge Thomas held an initial prehearing conference.  The BOP proposed holding the hearing at United States Penitentiary ("USP") Tucson, in Tucson, Arizona.  Judge Thomas accepted this proposal and scheduled the hearing for June 18 through June 22 at USP Tucson.  Judge Thomas ordered that, during the hearing, an American Sign Language ("ASL") interpreter must be provided to communicate the proceedings to Mr. Bryant, who is deaf.  On June 6, Judge Thomas directed the parties to agree upon ASL interpreters for the hearing and ordered the BOP to hire and pay the interpreters directly.

    The BOP failed to do so.  On June 13, the BOP proposed to Mr. Bryant two interpreters, neither of whom were licensed or certified legal interpreters, and one of whom had no certifications or licenses at all.  Later on June 13, the BOP told Mr. Bryant that it could not obtain certified interpreters—even though Mr. Bryant found two legally certified ASL interpreters the next day—and

---

[2] For example, the administrative hearing—unlike this litigation—will be focused entirely on the auxiliary aids provided to Mr. Bryant at USP Tucson, not any other BOP facility where Mr. Bryant was or may be incarcerated.

1  on June 15 informed Mr. Bryant that (a) it could not complete a background check
2  for the interpreters Mr. Bryant found and (b) even the uncertified interpreters it had
3  proposed were not available.  As a consequence, Judge Thomas cancelled the
4  administrative hearing one business day before it was set to commence,[3] and after
5  Mr. Bryant's counsel—who are representing Mr. Bryant *pro bono* in this case—
6  spent nearly $15,000 in non-refundable, out-of-pocket costs to procure office
7  space, hotel rooms, plane tickets, interpreters and other needed resources for the
8  hearing.  (The attorney time invested in preparation for the hearing far exceeds this
9  amount.)  A number of Mr. Bryant's lawyers had already flown to Arizona to
10 prepare for the hearing when they were informed of its sudden cancellation.  This
11 week, Judge Thomas rescheduled the hearing for July 31 to August 3.

12             The postponement of the EEO Process hearing due to a failure by the
13 BOP to hire ASL interpreters—even though such interpreters were available—was
14 highly prejudicial to Mr. Bryant.  The BOP's failure to navigate its own
15 administrative and security protocols to hire such interpreters delayed the already
16 long-overdue adjudication of Mr. Bryant's claims and continues to leave him
17 without the relief the BOP has refused to provide for years.

18             As a matter of fundamental fairness, the BOP should not benefit from
19 its own failure to comply with the dictates of a regulation to which it holds Mr.
20 Bryant.  Mr. Bryant's claims should not continue to be put on indefinite hold for a
21 brand-new EEO Process which has, thus far, proven unable to provide Mr. Bryant
22 with timely or effective relief.  This Court instead should allow Mr. Bryant's
23 claims to move forward immediately.

24             Mr. Bryant looks forward to addressing these issues and the efficient
25 resolution of his claims at a status conference to be convened at the Court's
26 soonest convenience.

---

[3] The administrative hearing was set to begin on the morning of Monday, June 18. It was cancelled on the afternoon of Friday, June 15.

1  Plaintiff will continue to keep this Court apprised of any further
2  developments per this Court's July 13 Order.

3  Dated: June 30, 2012                Respectfully submitted,

   /s/  Adam S. Paris
   ADAM S. PARIS (SBN 190693)
   parisa@sullcrom.com
   RORY P. CULVER (SBN 271868)
   culverr@sullcrom.com
   1888 Century Park East, Suite 2100
   Los Angeles, California  90067
   Tel.:  (310) 712-6600
   Fax:  (310) 712-8800

   DEBORAH GOLDEN (*pro hac vice*)
   Deborah_Golden@washlaw.org
   Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
   11 Dupont Circle, N.W., Suite 400
   Washington, DC  20036
   Tel.:  (202) 319-1000
   Fax:  (202) 319-1010

   MATTHEW S. FITZWATER (*pro hac vice*)
   fitzwaterm@sullcrom.com
   ANDREW E. GELFAND (*pro hac vice*)
   gelfanda@sullcrom.com
   TIMOTHEA G.P. LETSON (*pro hac vice*)
   letsont@sullcrom.com
   125 Broad Street, 32nd Floor
   New York, New York  10004-2498
   Tel.:  (212) 558-4000
   Fax:  (212) 558-3588

   *Attorneys for Plaintiff David Bryant*