UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant | |
| Not present | Not present | |

**Proceedings:** (IN CHAMBERS): DEFENDANTS' MOTION TO CHANGE VENUE TO DISTRICT OF ARIZONA (Dkt. #93, filed February 18, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 7, 2014, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

Plaintiff David Bryant filed this action on January 7, 2011. Dkt. #1. The operative First Amended Complaint ("FAC") asserts claims against the Federal Bureau of Prisons ("BOP"), BOP Director Charles Samuels, Jr., and Juan Castillo, the Regional Director of the BOP's Western Region. Dkt. #89. Plaintiff's claims arise under the First, Fifth, and Eighth Amendments to the United States Constitution, and the Rehabilitation Act, 29 U.S.C. § 701, et seq. Id. Plaintiff alleges that he has been in BOP custody since August 2005, and that he has been deaf since early childhood. FAC ¶¶ 1-2. He further alleges that he has been housed at five different BOP facilities since 2005, including United States Penitentiary ("USP") Hazelton in West Virginia, USP Coleman I in Florida, USP Victorville in California, USP Canaan in Pennsylvania, and USP Tuscon in Arizona. Id. ¶ 95. The gravamen of plaintiff's claims is that the BOP has failed to provide him with "auxiliary aids and accommodations necessary to provide him with meaningful access to prison programs and activities on an equal basis with hearing individuals." Id. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

1. Plaintiff was housed at USP Victorville at the time that he filed the initial complaint in this action, and was housed at USP Tuscon at the time that he filed the FAC.[1]  Id. ¶ 7.

Defendants filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Arizona.  Dkt. #93.  Plaintiff filed an opposition on March 17, 2014, dkt. #94, and defendants replied on March 24, 2014, dkt. #95.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

"A district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  Id.; see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy.  17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

---

[1] Based on the parties' representations in the briefing on the present motion, it appears that plaintiff remains housed at USP Tuscon.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### III. DISCUSSION

Defendants argue that this action should be transferred to the District of Arizona for three reasons. First, defendants argue that this action "might have been brought" in the District of Arizona, as required by 28 U.S.C. § 1404(a), because the allegations in the FAC focus primarily on plaintiff's conditions of incarceration at USP Tuscon. Mot. Transfer at 10; Reply at 2-4. Second, defendants argue that the District of Arizona is a more convenient forum for the parties and witnesses because plaintiff is no longer incarcerated in California, and is now incarcerated in Tuscon, Arizona. Id. at 15-18; Reply at 5-15. Thus, according to defendants the evidence pertaining to plaintiff's current conditions of incarceration is located in Arizona. Id. Third, defendants argue that the District of Arizona has a less congested docket, and will therefore be able to provide a speedier resolution of this matter. Id. at 18.

Plaintiff responds that transfer is improper because this action could not have been brought in Arizona, since, at the time of the filing of the original complaint in January 2011, plaintiff was incarcerated at USP Victorville, and had no connection with the District of Arizona. Opp. at 12-13. Next, plaintiff argues that the convenience of the parties and witnesses weighs against transfer. In this regard, plaintiff states that he is represented by pro bono counsel based in Los Angeles, Washington, D.C., and New York City, and litigating in Arizona would require a significant additional expenditure of time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

and money compared to the costs associated with litigating in this district.  Id. at 14.  Plaintiff also argues that many relevant witnesses are located outside Arizona, including employees in the BOP's central and regional offices (including defendants Castillo and Samuels), and witnesses employed at the other prisons at which plaintiff has previously been housed.  Id. at 14-16.  Additionally, plaintiff argues that a transfer would not serve the interests of justice for many of the same reasons that transfer would not be convenient for witnesses, the parties, or plaintiff's counsel.  Id. at 17-23.  Finally, plaintiff notes that he could be transferred to another BOP facility at any time, thereby eliminating any potential benefit of transfer of this action to the District of Arizona.  Id. at 21.

After considering the parties' arguments, the Court finds that transfer is not appropriate at this time.[2]  While plaintiff is currently incarcerated in Tuscon, there is no guarantee that he will remain there throughout the pendency of this action.[3]  The interests of judicial economy will not be served if this Court transfers this action, only to see plaintiff transferred to yet another judicial district at a later date.  See 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).  Moreover, while relevant witnesses and evidence may be present in Tuscon, plaintiff represents that relevant witnesses and evidence are also located at the BOP Western Regional Office in Stockton, California, the Central Office in Washington, D.C., and other BOP facilities including USP Victorville, which is located in the Central District of California.  Thus, the convenience of potential witnesses does not favor transfer.  See Cohran v. NYP Holdings, Inc., 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998).  Finally, plaintiff's pro bono counsel is not based in Arizona, and represents that they are not admitted to the bar in Arizona, and "[n]umerous courts have found that, where a transfer of venue would upset or destroy a pro bono counsel relationship due to increased costs and inconvenience, that fact weighs against transfer of

---

[2] The Court need not address whether this action "might have been brought" in the District of Arizona, see 28 U.S.C. § 1404(a).  This is so because even if the action might have been brought in that district, transfer would nonetheless be inappropriate for the reasons set forth herein.

[3] Defendants' representation that BOP has "no current intention to transfer" plaintiff to another facility does not foreclose the possibility that defendant may be transferred to another BOP facility at some future time.  Reply at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

the action." See Azarm v. $1.00 Stores Servs., Inc., 2009 WL 1588668, at *6 (M.D. Tenn. June 5, 2009). For these reasons, the Court finds that transfer is not warranted.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to transfer without prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |