UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant |
|---|---|
| Rory Culver | Monica Miller, AUSA |
| Adam Paris | Chung Han, AUSA |
| Andrew Gelfand | |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. #99, filed April 9, 2014)

## I.  INTRODUCTION AND BACKGROUND

Plaintiff David Bryant filed this action on January 7, 2011. Dkt. #1. The operative First Amended Complaint ("FAC") asserts claims against the Federal Bureau of Prisons ("BOP"), BOP Director Charles Samuels, Jr., and Juan Castillo, the Regional Director of the BOP's Western Region. Dkt. #89. The FAC asserts five claims for violation of the Rehabilitation Act, 29 U.S.C. §§ 794, et seq., a claim for violation of the Rehabilitation Act and the First Amendment to the United States Constitution, and claims for violation of the First, Fifth, and Eighth Amendments. Id. Plaintiff, a deaf individual, primarily alleges that, as a result of BOP policies, he does not receive the "auxiliary aids and accommodations necessary to provide him with meaningful access to prison programs and activities on an equal basis with hearing individuals." Id. ¶ 1.

Prior to the filing of the FAC, plaintiff exhausted the BOP's internal prison grievance administrative process, and also completed the separate administrative process mandated by 28 C.F.R. § 39.170 (the "Administrative Process"), which the Court previously found to be mandatory for plaintiff's claims under the Rehabilitation Act. See dkt. #32. During the Administrative Process, a hearing was held before an administrative law judge ("ALJ"). After the hearing, the ALJ issued proposed findings of fact and conclusions of law, which recommended that plaintiff be provided with a series of accommodations to enable him to access prison programs and activities. See FAC Ex. B. A United States Department of Justice Complaint Adjudication Officer adopted the ALJ's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

decision as final, see FAC Ex. E (the "Administrative Decision"), with exceptions not relevant here. While plaintiff alleges that the Administrative Decision "represents a significant victory" for him, he also alleges that it does not provide all of the relief to which he is entitled under the Rehabilitation Act and the United States Constitution. He therefore seeks additional relief as set forth in the FAC.

On April 9, 2014, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. #99. Plaintiff filed an opposition on May 12, 2014, dkt. #101, and defendants replied on May 19, 2014, dkt. #102. The Court held a hearing on June 2, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

**B.     Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

O

presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

As an initial matter, plaintiff contends that defendants' motion is untimely.  The Court agrees.  This Court's scheduling order provides that defendants "shall have 60 days from the filing and service of the [FAC] to answer or otherwise respond."  Dkt. #88.  The FAC was filed on December 20, 2013, dkt. #89, thereby requiring defendants to answer or respond on or before February 18, 2014.  On that date, defendants filed a motion to transfer this action to the District of Arizona pursuant to 28 U.S.C. § 1404(a), dkt. #93, which the Court subsequently denied without prejudice, dkt. #96.  However, a motion to transfer "is not a responsive pleading, and . . . does not alter the time period by which a party must file their responsive pleading."  Lake v. Fellner, 2014 WL 664653, at *1 (D. Nev. Feb. 19, 2014); see also Meyer Mfg. Co. v. Telebrands Corp., 2012 WL 1189765, at *7 (E.D. Cal. April 9, 2012).  Thus, to the extent that defendants' motion argues that the FAC fails to state a claim pursuant to Rule 12(b)(6), the Court declines to consider those arguments because the motion is untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

However, to the extent that defendants' motion argues that plaintiff's claims are moot or barred for failure to exhaust administrative remedies, the Court will consider those arguments below because they pertain to this Court's subject matter jurisdiction over this action. See 5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 1350 (3d ed.) (noting that federal courts have a sua sponte obligation to examine the basis for their subject matter jurisdiction, and "an untimely motion simply will be treated as a suggestion that the court lacks jurisdiction").

    **A.**    **Mootness**

Mootness is a jurisdictional defect that can be raised at any time by the parties or the court sua sponte. Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199 (1968) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)); see also Adarand Constructors, Inc. v. Slater, 528 U.S. 216, 222 (2000). Nevertheless, part or all of a case may become moot if (1) "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur," Concentrated Phosphate, 393 U.S. at 203, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir. 1985) (quoting Davis, 440 U.S. at 631, 99 S.Ct. at 1383). "The burden of demonstrating mootness 'is a heavy one.'" Davis, 440 U.S. at 631, (quoting W.T. Grant, 345 U.S. at 632-33).

        1.    Mootness as to institutions other than USP Tucson

Defendants argue that plaintiff's claims as to "institutions other than USP Tucson" are moot. In this regard, defendants argue that plaintiff is currently housed at USP Tucson, and contend that there is no "reasonable expectation" that plaintiff will suffer injury at any other facility. Thus, according to defendants, a live case or controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

exists only as to the current conditions of plaintiff's confinement at USP Tucson, and not as to any other BOP facilities.

This argument fails for two reasons. First, the FAC does not assert claims that are specific to particular BOP facilities. Rather, the FAC asserts claims that challenge the "institutional policies, practices, and/or customs of Defendants." E.g., FAC ¶ 70. These defendants include officials with the power to set BOP policy that stretches beyond individual facilities, such as BOP director Charles Samuels, Jr. Thus, defendants' reference to plaintiff's "claims . . . as to institutions other than USP Tucson" appears to be a mischaracterization of the nature plaintiff's claims. Moreover, since plaintiff's claims are directed at BOP's policies implemented by high-level BOP officials, and not just particular conditions at specific facilities, plaintiff's claims cannot be rendered moot as a result of a transfer from one facility to another. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (holding that plaintiff's claims against prison officials under 42 U.S.C. § 1983 were not rendered moot by transfer to different facility because claims were asserted against director of entire state prison system); Jordan v. Sosa, 654 F.3d 1012, 1028 (10th Cir. 2011) ("[W]here a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system.").

Next, even accepting defendants' characterization of plaintiff's claims as pertaining to specific institutions, a case becomes moot based on a defendant's voluntary conduct only "if subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not be reasonably expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 189 (2000). While defendants assert that there is no "reasonable expectation" that plaintiff will suffer injury at another BOP facility besides USP Tucson, that assertion is undermined by plaintiff's allegation that he has been housed at five different BOP facilities since 2005, including USP Hazelton in West Virginia, USP Coleman I in Florida, USP Victorville in California, USP Canaan in Pennsylvania, and USP Tucson in Arizona. Id. ¶ 95. Based on this allegation, it appears possible that plaintiff could be transferred to another BOP facility at any time, including the facilities listed above. Accordingly, the Court finds that plaintiff's claims are not moot as to facilities other than USP Tucson because the harms alleged in the FAC could recur at those facilities if a transfer occurs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

Defendants resist this conclusion on the grounds that the Administrative Decision establishes a "rebuttable presumption" that the remedies provided at USP Tucson will "accompany [plaintiff] and be made available to him at . . . other institution[s] as well." FAC Ex. B at 66. Thus, according to defendants, the Administrative Decision provides systemwide relief. The Court finds this contention unpersuasive because the existence of a rebuttable presumption does not make it "absolutely clear" that plaintiff will receive the same relief if he is transferred to another facility. See Friends of the Earth, 528 U.S. at 189.

    2.    Mootness as to USP Tucson

Defendants also argue that plaintiff's claims are moot to the extent that they challenge the conditions of his confinement at USP Tucson, because, at least at USP Tucson, plaintiff has obtained all of the relief that he sought in the Administrative Process. In support of this argument, defendants cite the following allegation in the FAC:

> After years of Defendants depriving Bryant of required auxiliary aids and accommodations, Defendants recently have begun providing Bryant with many of the requested auxiliary aids and accommodations sought and ordered in the Administrative Decision. Defendants have started providing Bryant with qualified ASL interpreters for scheduled medical appointments and rehabilitative programs. Defendants installed a VRI system at USP Tucson so that interpreting services can be provided to Bryant both in-person as well as through VRI. Defendants allowed Bryant increased access to the [teletypewriter, or "TTY"], but only on weekdays. Defendants also installed a blue flashing light in Bryant's housing unit and flashing amber lights on the guard tower in the recreation yard and assigned Bryant an "inmate companion" in an attempt to better notify him of emergencies and other important announcements. Defendants further installed several televisions in Bryant's housing unit on which they enabled closed-captioning.

FAC ¶ 59. Based on these allegations, defendants contend that the FAC's first four claims for relief, which seek the provision of qualified sign language ("ASL") interpreters, a non-aural notification system, closed captioning, and hearing aids,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

respectively, as well as the portion of the fifth claim seeking the provision of TTY, are moot because the complained-of conduct has ceased and is unlikely to recur.

This argument also fails. The FAC contains numerous allegations of persisting inadequacies in the accommodations that plaintiff is receiving, including at USP Tucson. In this regard, the FAC alleges that defendants fail to provide access to ASL interpreters in connection with all programs and services provided to plaintiff, FAC ¶ 72, fail to provide access to the TTY in evenings or on weekends, id. ¶ 17, fail to provide access to a videophone, id. ¶ 20, fail to provide "an adequate notification system," id. ¶¶ 20, 74-75, and fail to provide "safe access to close-captioned television," id. ¶ 79. Thus, based on the allegations in the FAC, defendants have not yet provided all of the relief that plaintiff is seeking, and the Court therefore finds that plaintiff's claims are not moot as to conditions at USP Tucson.[1]

### B. Exhaustion of Administrative Remedies

Defendants further argue that, to the extent that the FAC advances additional allegations of violations of the Rehabilitation Act, those allegations should be disregarded because plaintiff has failed to exhaust his administrative remedies with respect to those allegations.

The Court disagrees. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act, or "PLRA"] and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199 (2007). In order to exhaust a claim, "prisoners must complete the administrative review process in accordance with the applicable procedural rules [which are] defined not by the PLRA, but by the prison grievance process itself." Woodford v. Ngo, 548 U.S. 81, 88 (2006).

---

[1] In their reply, defendants state that they are seeking to "narrow the issues" in this case so that the litigation can focus on "disagreements that remain," and not on issues that have already been resolved in the Administrative Process. To the extent that defendants are seeking a partial adjudication of plaintiff's various claims under the Rehabilitation Act, that goal is better pursued on a motion for summary judgment, and not on a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00254-CAS(DTBx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | DAVID BRYANT V. FEDERAL BUREAU OF PRISONS, ET AL. | | |

As stated above, the Court previously found that plaintiff must comply with the administrative exhaustion procedures set forth in 28 C.F.R. §39.170 with regard to his claims under the Rehabilitation Act.  However, "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such a prison conditions or policies) if the objectionable condition is continuing.  Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013); see also Parzcyck v. Prison Health Servs., 627 F.3d 1215, 1219 (11th Cir. 2010) (holding that a prisoner was "not required to initiate another round of the administrative grievance process on the exact same issue each time" an alleged deprivation of rights occurred).  Here, it is plain that the allegations in the FAC pertain to the same overarching issues addressed during the BOP grievance process and the Administrative Process, namely, BOP's provision of various accommodations to plaintiff to allow him to access prison programs and services, as well as BOP's associated policies.  Compare FAC ¶ 1 with FAC Ex. B.  Accordingly, the Court finds that plaintiff has properly exhausted his administrative remedies with respect to his claims under the Rehabilitation Act.  See Turley, 729 F.3d at 650.

## IV.  CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby DENIED.  Defendants are directed to file an answer to the FAC no later than **July 2, 2014**.

IT IS SO ORDERED.

| | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |